

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

November 8, 2024

**Via ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States of America v. Visa Inc.*, Case No. 1:24-cv-07214-JGK

Dear Judge Koeltl:

  Plaintiff, the United States, requests that discovery proceed while Defendant Visa's anticipated motion to dismiss is pending. The Parties jointly proposed a briefing schedule for Visa's anticipated motion to dismiss, which, if amenable to the Court, contemplates briefing concluding on February 7, 2025. ECF No. 23. During conferrals regarding this schedule, a dispute has arisen regarding the status of discovery while Visa's anticipated motion to dismiss is pending. Because this dispute may impact other upcoming deadlines, namely the Initial Conference currently scheduled for January 6, 2025, the United States writes now to request that discovery proceed while Visa's motion to dismiss is pending and that the January 6 Initial Conference go forward as scheduled. The conduct described in the Complaint is ongoing, significant, and affects over $4 trillion in commerce annually. Proceeding expeditiously in this matter, even in the face of a motion to dismiss, is not only routine in similar public enforcement matters, but is expressly contemplated by Congress for antitrust matters. Should the Court have any concerns about the United States' proposed approach, we are available to address any of those concerns at Tuesday's pre-motion conference or after the Court has reviewed Visa's pre-motion to dismiss letter, which it will file on November 20, 2024.

  "Congress recognizes 'the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct.'" *United States v. Agri Stats, Inc.*, Case No. 0:23-cv-03009-JRT-JFD, 2024 U.S. Dist. LEXIS 109388, at *21 (D. Minn. May 17, 2024) (quoting *United States v. Dentsply*, 190 F.R.D. 140, 144–45 (D. Del. 1999)). For this reason, Congress directed in Section 4 of the Sherman Act that federal courts "shall proceed, as soon as may be, to the hearing and determination" of antitrust cases

brought by the United States. 15 U.S.C. § 4.  The Parties' ability to conduct discovery is an essential element to the expeditious administration of these matters.

Courts have recognized the importance of discovery in connection with this Congressional direction.  In *Agri Stats*, the court relied on Section 4 of the Sherman Act in denying a request to stay discovery pending resolution of a motion to dismiss.  The court recognized the "public interest in swift determination of the action," which involved alleged "ongoing harm to consumers."  2024 U.S. Dist. LEXIS 109388, at *22.  As that court held, "[a] delay in discovery will delay judgment in this action, which is exactly what Congress sought to avoid."  *Id.* at *21-22; *see also United States v. Google, LLC*, 661 F. Supp. 3d 480, 489 (E.D. Va. 2023) (denying motion to transfer venue to district where private multi-district litigation was pending, recognizing that "Congress made the decision to subordinate concerns about judicial economy to the government and public's interest in efficient resolution of antitrust enforcement actions without delay"); *United States v. Google, LLC*, No. 1:20-cv-3010 (D.D.C. Nov. 18, 2020) (ordering parties to hold Rule 26(f) conference by December 11, 2020 – 51 days after complaint filed); *United States v. Live Nation Entertainment, Inc.*, No. 1:24-cv-3973 (S.D.N.Y. June 27, 2024) (entering case management plan and scheduling order 35 days after complaint filed, even though defendant filed motion to transfer and motion to dismiss).  This case is also a civil antitrust enforcement case brought by the United States.  Here, the United States seeks to enjoin ongoing conduct affecting millions of American consumers.  The conduct challenged here specifically impacts the entire debit industry in the United States, a market in which consumers make, on average, over $10 billion in purchases daily.

Another court in this district has also recognized that "the Sherman Act grants priority status to the Government's claims" in antitrust cases.  *Texas v. Penguin Grp. (USA), Inc.*, No. 12 Civ. 3394 (DLC), 2013 U.S. Dist. LEXIS 58925, at *4 (S.D.N.Y. Apr. 24, 2013).  In holding that the antitrust action brought by the federal government "may not be slowed as a result of any related [] action," Judge Cote relied on Section 4 of the Sherman Act: "It instructs that in antitrust actions commenced by the Government, 'the court shall proceed, as soon as may be, to the hearing and determination of the case.'" *Id.* (quoting 15 U.S.C. § 4).

As courts in this district have repeatedly held, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citing *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)) (alterations in original).  Rather, a party seeking a stay of discovery bears the burden to show good cause.  *Id*. (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 Fed. Appx. 504, 505 (2d Cir. 2011).  In considering such a motion, courts consider the strength of the pending motion, the breadth of discovery and burden of responding, and the prejudice that would result to the party opposing the stay.  *Id.*  The court in *Agri Stats* applied similar factors and concluded a motion to stay was not warranted.  Notwithstanding the defendant's argument that discovery imposed a "real burden," the court denied the stay because of the "low likelihood" the motion to dismiss would dispose of discovery and because "[r]equiring the United States and other Plaintiffs to wait to gather evidence and pursue their case

will burden not only Plaintiffs, but the public interest in swift determination of the action." 2024 U.S. Dist. LEXIS 109388, at *21-22.

The Parties conferred on October 24, November 5, and November 8 about their respective positions regarding the timing and scope of discovery and disagree as to whether discovery should begin while any motion to dismiss is pending. The United States has proposed holding the Rule 26(f) conference at any time convenient for Visa before December 16, 2024 (21 days prior to the Initial Conference scheduled for January 6, 2025) and opening discovery, as contemplated by the Federal Rules of Civil Procedure, in January 2025. Given the ongoing harm to consumers, we believe that any delay in commencing discovery, which Visa has suggested, fails to serve the public interest and is contrary to Congress's intent.

As set forth in the Complaint, the United States contends that Visa has maintained its monopoly in debit card markets by foreclosing its smaller rivals' ability to compete effectively through its contracts with banks and merchants, which penalize them if they use smaller networks instead of Visa. The United States further contends that Visa has entered agreements with potential competitors—such as Apple—that provide lucrative incentives but only if those potential competitors do not develop products that would compete with Visa. Although the United States will propose an expeditious schedule for litigating this case, preparing this case for trial will still require many months. During that time, Visa's anticompetitive conduct will continue, and the public will bear the harm of any delay, including delay in gathering evidence.

Because Congress has directed that antitrust actions brought by the federal government should "proceed, as soon as may be" to trial (*see* 15 U.S.C. § 4), the United States respectfully requests that the Initial Conference remain as scheduled on January 6, 2025 so that the Rule 26(f) conference may occur in December. As set forth in the jointly submitted briefing schedule, Visa will submit its letter requesting permission to file its motion to dismiss by November 20, 2024. ECF No. 23. The United States will provide its own response to that letter no later than November 25, 2024 and will be prepared to discuss the importance of expeditiously commencing discovery at Tuesday's conference and any pre-motion conference the Court may schedule after Visa files its letter on November 20. These submissions will make clear that the Complaint states well-founded claims that implicate serious public concern. This is why, consistent with (1) Congress's directive that antitrust enforcement actions like this one be resolved expeditiously, and (2) relevant legal authority both in this District as well as in similar litigated matters, the United States should maintain the ability to commence fact-gathering consistent with Fed. R. Civ. P. 26.

Sincerely,

*/s/ Edward Duffy*

Edward Duffy
U.S. Department of Justice
Antitrust Division