

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

November 11, 2024

**VIA ECF FILING**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *United States of America v. Visa Inc.*; Case No. 1:24-cv-07214 (JGK)

Dear Judge Koeltl:

      We write to respond to the Government's November 8, 2024 letter asking the Court to allow discovery to proceed while Visa's anticipated motion to dismiss is pending. Visa respectfully submits that it is premature to rule on the Government's request, and the Court should instead direct the parties to brief the issue. Among other things, one of the primary factors that courts consider in determining whether discovery should be stayed pending a motion to dismiss is the perceived strength of that motion, *see Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023), which the Court does not yet have the benefit of being able to read.

      Though the Government expresses concern in its letter that it will be prejudiced by any additional delay, that concern is undercut by the background of this case. The Government has been investigating Visa in connection with its debit business since at least March 26, 2021, when it first issued a Civil Investigative Demand. Throughout the course of this investigation, Visa has produced voluminous amounts of documents and data, and it has made its employees available for deposition. The Government, in other words, has already had the opportunity to take significant discovery, including of third parties, and its decision to take almost four years to bring this lawsuit is inconsistent with its stated concerns regarding the risks of allowing the Court to resolve Visa's motion to dismiss before permitting additional discovery.

      To the extent that the Government suggests that a stay of discovery is precluded in Government antitrust civil enforcement suits by Section 4 of the Sherman Act, that is incorrect. The Government has only cited one case where the Court denied a motion to stay in an antitrust case brought by the Government. *See United States v. Agri Stats, Inc.*, No. 23-CV-3009, 2024 WL 3061570 (D. Minn. May 17, 2024). None of the other cases cited in the Government's letter involved a motion to stay discovery. And, even in the *Agri Stats* case, the Magistrate Judge did not hold that a stay was not permitted in a government civil enforcement action; the Magistrate Judge just determined that there was not "good cause" for a stay in that case, largely because the "pending dispositive motion [was] unlikely to resolve the entire case." *Id.* at *5. Indeed, there are many cases

where courts have stayed discovery in Government civil antitrust enforcement actions. *See, e.g.*, Minute Order, *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (D.D.C. May 11, 2021); Order, *United States v. DIRECTV Grp. Holdings LLC et al.*, No. 2:16-cv-08150 (C.D. Cal. Jan. 13, 2017); ECF No. 20; Order, *United States v. eBay, Inc.*, No. 5:12-cv-05869 (N.D. Cal. June 4, 2013), ECF No. 37; *United States v. Daily Gazette Co.*, No. 2:07-0329, 2007 WL 7575700, at *2–3 (S.D.W. Va. Oct. 18, 2007).

The Government's case, if it goes forward, will place a significant burden on the parties, numerous third parties implicated by the Complaint, and the Court.[1] Visa's anticipated motion to dismiss, if granted, would either completely resolve the Government's case, or, in the alternative, significantly limit its scope. Before permitting discovery, Visa respectfully requests that the Court allow Visa to file its motion to dismiss, and for the parties to brief whether there is "good cause" for a stay pending resolution of that motion. *See Gross*, 2023 WL 6815052, at *1.

Respectfully submitted,

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bstekloff@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com

Anne P. Davis (admitted *pro hac vice*)
Jonathan Ian Gleklen (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001

---

[1] As the Court is aware, there have been several follow-on actions filed by civil plaintiffs and marked as related to this matter. Before discovery goes forward, it may be most efficient to allow the parties time to discuss whether some level of coordination among the cases is appropriate.

                                        Telephone: (202) 942-6197
                                        Facsimile: (202) 942-5999
                                        anne.davis@arnoldporter.com
                                        jonathan.gleklen@arnoldporter.com

                                        *Counsel for Defendant Visa Inc.*

CC:    All Counsel of Record (via ECF)