UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> VISA INC., <br><br> *Defendant.* | Case No. 1:24-cv-07214-JGK |

**JOINT RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT PLAN**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and this Court's Order of November 12, 2024, ECF No. 32, on December 4, 9, 11, and 12, 2024, counsel for the parties to this action met and conferred on the topics outlined in this report and proposed case management plan and scheduling order.

1. **Nature of Claims and Defenses**

*Plaintiff's Statement*

The United States brings this action against Visa pursuant to Section 1 and Section 2 of the Sherman Act. Visa has monopolized and attempted to monopolize general purpose debit network services markets in the United States, and Visa's agreements with counterparties and potential competitors constitute unreasonable restraints of trade.

Visa has entered agreements with merchants, issuers, and acquirers, which include incentives that discourage the use of other debit networks, foreclosing those networks' ability to compete for a large number of debit transactions. This harms consumers and competition in debit

1

markets, including by discouraging innovation, depriving rivals of the scale they need to compete effectively, and insulating Visa from the need to compete on price and quality.

Visa has also entered into agreements with potential competitors, including Apple, PayPal, and fintech companies. In these agreements, Visa provides its potential competitors with incentive payments and exemptions from additional fees, but only if those potential competitors refrain from developing products that would compete with Visa. In other words, Visa pays its potential competitors in exchange for not competing with Visa.

*Defendant's Statement*

As the Court is aware, Visa intends to file a motion to dismiss on December 16, 2024, and therefore will keep this statement short. The Government alleges that Visa is an illegal monopolist that has violated the antitrust laws by providing volume-based discounts and reserving its right to terminate agreements with partners if they become competitors. Visa denies the Government's allegations. The Government ignores the competitive nature of the debit industry and seeks to hold Visa liable for the precise type of procompetitive conduct that the antitrust laws are intended to promote.

2. **Initial Disclosures**. The parties agree to exchange the initial disclosures required under FRCP 26(a)(1) no later than January 13, 2025.

3. **Consent to Proceed before a Magistrate Judge**. The parties do not consent to trial being conducted by a Magistrate Judge.

4. **Settlement Discussions**. The parties do not believe that referral to a Magistrate Judge for a settlement conference would be helpful.

5. **Protective Order**. The parties have agreed on the terms of a proposed protective order, which they will submit to the Court as soon as possible.

6. **Preservation and Production of Electronically Stored Information ("ESI")**. The Parties cooperated on ESI discovery matters during the pre-Complaint investigation and are committing to continuing to cooperate on this matter. The parties are in the process of negotiating a proposed order governing the disclosure, discovery, and presentation of ESI, which they will file with the Court as soon as possible.

7. **Phases of Discovery**. The Parties agree to conduct discovery in this case in two phases, so that the case can be trial-ready more efficiently. The first phase will focus primarily on third-party discovery and begin when briefing on Visa's motion to dismiss is completed (February 7, 2025) and will continue until the Court rules on that motion. The parties have also agreed to engage in limited party discovery during this time, the scope of which will be limited as follows. Visa agrees to produce:

    a. agreements between Visa and merchants, acquirers, certain issuers, and certain other Visa counterparties (as defined and agreed to during the pre-Complaint investigation) that were not previously produced in the pre-Complaint investigation and are dated up through the date of the Complaint in this case (September 24, 2024);

    b. certain Visa Board of Directors and senior management presentations (as defined and agreed to during the pre-Complaint investigation) that were not previously produced in the pre-Complaint investigation and dated after June 11, 2018, up through the date of the Complaint in this case (September 24, 2024);

The government also agrees to produce the United States' pre-Complaint investigative materials for this matter in this first phase of discovery.

The parties have also been discussing a refresh of the data that Visa produced in the pre-Complaint investigation and other productions of Visa data (including from its Global Business Intelligence tool). These discussions are ongoing and the parties will update the Court on the issue at the January 6, 2025 conference.

The second phase of discovery, should it be necessary, will begin immediately following the Court's decision on Visa's motion to dismiss and will encompass any remaining third-party discovery, as well as additional party discovery.

Furthermore, it is Visa's position that the parties should continue to discuss the potential need for coordination of discovery with the private follow-on actions (should this case and any of those cases proceed past the motion to dismiss phase).[1] Given that the private plaintiffs have not yet filed an amended consolidated complaint, Visa has not yet discussed with them or the Government the specifics of coordination across cases. If warranted, the parties will update the Court based on those future discussions.

8. **Interrogatories**. The parties have been unable to agree on a limit for interrogatories in this case and present their respective positions below.

   a. **The United States' Position:** The United States proposes that each side be limited to 50 interrogatories, including interrogatories governed by Local Rules 33.3(a), (b), and (c). Given the complexity of the case and the number of Visa agreements and data at issue, an additional 25 interrogatories will assist the parties in

---

[1] At this point, there have been nine related follow-on actions filed in federal court. Seven of those actions were filed in this Court or the parties in those cases have agreed to transfer here. Two other cases pending in the Northern District of California are the subject of contested transfer motions.

completing discovery more efficiently and utilizing interrogatories, rather than deposition time, for inquiries better posed through written, rather than oral questions.

b. **Visa's Position:** Visa proposes that each side be limited to 25 interrogatories, consistent with the standard limitation in Rule 33(a). Along with the 20 written responses that Visa provided the Government in the pre-Complaint investigation, this will give the Government a total of 45 interrogatories. Under Rule 33(a), if good cause arises, the Government is entitled to seek leave to serve additional interrogatories, but it has not provided any justification for enlarging the limit at the outset.

9. **Depositions**. The parties have been unable to agree on a limit for depositions, including 30(b)(6) depositions, in this case and present their respective positions below.

   a. **The United States' Position:**

      i. <u>General Deposition Limits</u>: The United States proposes that each side is limited to a total of 350 hours of deposition time on the record of fact witnesses. The United States proposes that each side may use a maximum of 225 hours of deposition time on the record in deposing adverse party witnesses. Visa's proposed limit of 91 hours of deposition time for adverse party witnesses is inadequate and inconsistent with similar government antitrust enforcement actions. For example, in the *United States v. Live Nation Entertainment, Inc.* case, also pending in this District before Judge Subramanian, the parties are permitted 300 total hours of deposition time,

       with no additional limit whatsoever on adverse party depositions. No. 1:24-cv-03973, ECF 169 (S.D.N.Y. June 27, 2024)

  ii. <u>30(b)(6) Depositions</u>: The United States also proposes that each side be permitted to serve up to three Rule 30(b)(6) deposition notices on the adverse side listing topics on which the other side must identify and prepare a representative or representatives to testify on those topics and that the time on the record during the 30(b)(6) deposition shall not exceed seven hours for each designee, with all time counted against the total time limit on adverse party depositions. Allowing for multiple 30(b)(6) notices will foster more efficient discovery for two reasons. First, it will allow parties to serve an additional 30(b)(6) notice based on information learned later in discovery. Second, it will enable parties to be more judicious in the initial 30(b)(6) notice and avoid noticing topics that are later determined to be unnecessary topics for deposition. Allowing a party to serve multiple 30(b)(6) notices on adverse parties in complex antitrust cases is not unusual. *See, e.g.*, *United States v. Live Nation Entertainment, Inc.*, No. 1:24-cv-03973, ECF 303 (S.D.N.Y. Oct. 15, 2024) (allowing each side to serve two 30(b)(6) notices)

b. **Visa's Position:**

  i. <u>General Deposition Limits</u>: Visa is willing to agree to 350 total deposition hours, but Visa proposes that each side may use a maximum of 91 hours of deposition time for adverse party witnesses. In the pre-Complaint investigation, the Government took 7 depositions of Visa witnesses,

including one deposition that lasted two days. The additional 91 hours would allow for at least 20 total depositions of Visa witnesses, which is 10 more than the standard limitation in Rule 30(a). Under Rule 30(a), if good cause arises, the Government is entitled to seek leave to take additional depositions, but it has not currently provided any justification for the 225 hours it seeks to depose Visa witnesses.

ii. <u>30(b)(6) Depositions</u>: Visa also proposes that each side be permitted to serve no more than one Rule 30(b)(6) notice on the adverse party. Under Rule 30(a)(2), the weight of authority requires the Government to seek leave to serve multiple 30(b)(6) depositions, consistent with the balancing requirements of Rule 26(b)(1) and (2). *See State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 233-235 (E.D. Penn. 2008); *In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105, *2 (N.D. Ill. 2005); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, *5-6 (N.D. Cal. 2012). The Government has made no attempt to address this requirement, and Visa respectfully suggests that it is premature for the Court to consider any request for multiple 30(b)(6) depositions at this early stage. The Government suggests that allowing multiple 30(b)(6) depositions would be more efficient, but it is difficult to understand how allowing more depositions increases efficiency, particularly where it would likely require the same corporate representatives to appear for multiple depositions. Having multiple 30(b)(6) depositions may be a good litigation "strategy" for the Government, but as another court has explained, that is not a factor

7

that can justify permitting multiple 30(b)(6) depositions. *In re Tether & Bitfinex Crypto Asset Litig.*, 2023 WL 5110159, at *1 (S.D.N.Y. July 7, 2023) (Failla, J.).  Furthermore, the *Live Nation* case that the government cites involved a situation where *the parties agreed*—as part of a much larger stipulation concerning a fulsome deposition protocol—to two 30(b)(6) deposition notices, subject to a further agreement that plaintiffs be limited to 20 total 30(b)(6) topics. *See United States v. Live Nation Entertainment, Inc.*, No. 1:24-cv-03973, ECF 303 (S.D.N.Y.  Oct. 15, 2024).

The parties also agree to the following:

i. **Calculation of Time**. Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits.

ii. **Corporate Representative Depositions**: The parties will cooperate to determine whether a corporate representative or representatives will also be deposed in their individual capacities and make arrangements for the corporate representative and individual portions of the deposition for each representative to take place on the same day or on consecutive days.

iii. **Additional Time**. The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

10. **Cross-Noticed Depositions**. In the case of a deposition noticed by both sides, each side may examine the witness for a maximum of five hours, over the course of one day or two consecutive days, at the witness's election. A party must serve a cross-notice of deposition on a non-party, if any, within 7 days of service of the original notice of deposition. In the case of a deposition noticed by one side, the non-noticing party may examine the witness for a maximum of 1.5 hours on the record.

11. **Exclusions from Deposition Limits**. The parties agree that the following depositions do not count against the proposed deposition limits: (a) depositions of the parties' designated expert witnesses; and (b) pre-Complaint depositions taken in response to Civil Investigative Demands. The parties do not agree, however, on the treatment of depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, and lay out their respective positions below.

    a. **The United States' Position**: The United States proposes that depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party be excluded from the deposition limits, provided that such depositions must be designated at the time they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents. The United States has found similar provisions useful to avoid admissibility disputes and deter meritless authenticity and/or admissibility objections, making litigation more efficient.

    b. **Visa's Position**: Establishing the location, authenticity, or admissibility of documents can and should be handled as part of the individual or 30(b)(6) depositions and deducted from the deposition time limits. And, given that the parties have agreed to 350 deposition hours, there is sufficient time to allow for this.

12. **Case Schedule**.

    a. **The United States' Position**: On December 4, 2024, the United States proposed that the parties exchange competing proposals for the length of the fact discovery period so that the parties could meet and confer regarding scheduling matters. Visa proposed deferring discussion of case deadlines, confirming on December 6, 2024 that the parties should defer any discussion of case schedules until after the Court resolved Visa's motion to dismiss, and declining to put forward a proposed schedule. The United States proposes a schedule now to facilitate entry of a schedule "as soon as practicable" following the status conference on January 6, 2025, see Fed. R. Civ. P. 16(b)(2), and to further Congress's directive to "proceed, as soon as may be, to the hearing and determination of" the United States' antitrust claims, see 15 U.S.C. § 4.

| | |
|---|---|
| Completion of Fact Discovery | March 17, 2026 |
| Initial Expert Reports | May 1, 2026 |
| Rebuttal Expert Reports | June 17, 2026 |
| Reply Expert Reports | July 17, 2026 |
| Completion of Expert Discovery | August 7, 2026 |
| Summary Judgment/Daubert Motions | September 4, 2026 |

| | |
|---|---|
| Summary Judgment/Daubert Oppositions | October 5, 2026 |
| Summary Judgment/Daubert Replies | October 19, 2026 |
| Joint Pretrial Order Deadline | 30 days after ruling on summary judgment |

    b. **Visa's Position**: The Government did not provide its proposed schedule to Visa until 2:00pm on December 13, 2024, the day the parties were required to submit this Report. There are a variety of issues raised by this schedule, but Visa does not think the Court likely needs to be burdened with these potential disputes, which Visa is hopeful the parties can resolve themselves. Accordingly, Visa asks that the Court allow the parties to continue to meet and confer on these issues and provide an updated proposal after those discussions. Given that the parties have already agreed to the contours of Phase I discovery during the pendency of the motion to dismiss, Visa thinks there is more than sufficient time to resolve any disputes before Phase II fact discovery commences.

    13.    **Supplementation**. The parties intend to confer again after the Court's ruling on Visa's motion to dismiss to propose a more fulsome case schedule and additional provisions (including those pertaining to witness lists, expert discovery, pretrial matters, and trial). The parties propose to file a supplemental Rule 26(f) report within 30 days of the Court's order on the motion to dismiss.

DATED: December 13, 2024               Respectfully submitted,


By: /s/ Edward Duffy                   By: /s/ Brian Stekloff
Edward Duffy                           Beth Wilkinson (SBN NY 2181592)
Bennett J. Matelson                    Brian Stekloff (admitted *pro hac vice*)
Michele Trichler                       Kieran Gostin (SBN NY 4847653)
United States Department of Justice    Roxana Guidero (admitted *pro hac vice*)
Antitrust Division                     WILKINSON STEKLOFF LLP
450 Fifth Street, N.W., Suite 4000     2001 M Street NW, 10th Floor
Telephone: (202) 812-4723              Washington, DC 20036
Facsimile: (202) 514-7308              Telephone: (202) 847-4000
Edward.duffy@usdoj.gov                 Facsimile: (202) 847-4005
Bennett.Matelson@usdoj.gov             bwilkinson@wilkinsonstekloff.com
Michele.Trichler@usdoj.gov             bstekloff@wilkinsonstekloff.com
                                       kgostin@wilkinsonstekloff.com
*Counsel for Plaintiff, the United States*   rguidero@wilkinsonstekloff.com

                                       *Counsel for Defendant Visa Inc.*