UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, *et al.*,

*Plaintiffs,*

v.

VISA INC.,

*Defendant.*

Case No. 1:24-cv-07214-JGK

---

**JOINT AMENDED RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT PLAN** *and Scheduling Order.*

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and this Court's Order of January 6, 2025, ECF No. 45, on January 16, 2025, counsel for the parties to this action met and conferred on the topics outlined in this report and proposed case management plan and scheduling order.

1. **Nature of Claims and Defenses**

*Plaintiff's Statement*

The United States brings this action against Visa pursuant to Section 1 and Section 2 of the Sherman Act. Visa has monopolized and attempted to monopolize general purpose debit network services markets in the United States, and Visa's agreements with counterparties and potential competitors constitute unreasonable restraints of trade.

Visa has entered agreements with merchants, issuers, and acquirers, which include incentives that discourage the use of other debit networks, foreclosing those networks' ability to compete for a large number of debit transactions. This harms consumers and competition in debit

1

markets, including by discouraging innovation, depriving rivals of the scale they need to compete effectively, and insulating Visa from the need to compete on price and quality.

Visa has also entered into agreements with potential competitors, including Apple, PayPal, and fintech companies. In these agreements, Visa provides its potential competitors with incentive payments and exemptions from additional fees, but only if those potential competitors refrain from developing products that would compete with Visa. In other words, Visa pays its potential competitors in exchange for not competing with Visa.

*Defendant's Statement*

As the Court is aware, Visa filed a motion to dismiss on December 16, 2024, and therefore will keep this statement short. The Government alleges that Visa is an illegal monopolist that has violated the antitrust laws by providing volume-based discounts and reserving its right to terminate agreements with partners if they become competitors. Visa denies the Government's allegations. The Government ignores the competitive nature of the debit industry and seeks to hold Visa liable for the precise type of procompetitive conduct that the antitrust laws are intended to promote.

2. **Initial Disclosures.** The parties exchanged the initial disclosures required under FRCP 26(a)(1) on January 13, 2025.

3. **Consent to Proceed before a Magistrate Judge.** The parties do not consent to trial being conducted by a Magistrate Judge.

4. **Settlement Discussions.** The parties do not believe that referral to a Magistrate Judge for a settlement conference would be helpful.

5. **Protective Order.** The parties have agreed on the terms of a proposed protective order, which the Court entered on December 17, 2024.

6. **Preservation and Production of Electronically Stored Information ("ESI").** The Parties cooperated on ESI discovery matters during the pre-Complaint investigation and are committing to continuing to cooperate on this matter. The parties are in the process of negotiating a proposed order governing the disclosure, discovery, and presentation of ESI, which they will file with the Court as soon as possible.

7. **Phases of Discovery.** The Parties agree to conduct discovery in this case in two phases, so that the case can be trial-ready more efficiently. The first phase will focus primarily on third-party discovery and begin when briefing on Visa's motion to dismiss is completed (February 7, 2025) and will continue until the Court rules on that motion. The parties have also agreed to engage in certain party discovery during this time, the scope of which will be limited as follows. Visa agrees to produce:

   a. non-privileged agreements between Visa and merchants, acquirers, certain issuers, and certain other Visa counterparties (as defined and agreed to during the pre-Complaint investigation) that were not previously produced in the pre-Complaint investigation and are dated up through the date of the Complaint in this case (September 24, 2024);

   b. certain non-privileged Visa Board of Directors and senior management presentations (as defined and agreed to during the pre-Complaint investigation) that were not previously produced in the pre-Complaint investigation and dated after June 11, 2018, up through the date of the Complaint in this case (September 24, 2024);

The government also agrees to produce non-privileged materials from the United States' pre-Complaint investigative materials for this matter in this first phase of discovery.

The parties have also been discussing a refresh of the data that Visa produced in the pre-Complaint investigation and other productions of Visa data (including from its Global Business Intelligence tool). These discussions are ongoing.

The second phase of discovery, should it be necessary, will begin immediately following the Court's decision on Visa's motion to dismiss and will encompass any remaining third-party discovery, as well as additional party discovery.

Furthermore, the parties have begun to discuss the potential need for coordination of discovery with the private follow-on actions (should this case and any of those cases proceed past the motion to dismiss phase).[1] The parties plan to continue these discussions—including with the private plaintiffs—and will update the Court on the proposal for coordination of discovery with the private follow-on actions.

8. **Interrogatories**. Pursuant to the Court's order, each side is limited to 25 interrogatories.

9. **Depositions**. Pursuant to the Court's order, each side is limited to a total of 350 hours of deposition time on the record of fact witnesses, and each side may use a maximum of 225 hours of such deposition time on the record in deposing adverse party witnesses. Unless the parties otherwise agree or the Court grants leave on a party's motion, each side may serve one 30(b)(6) notice on the opposing side.

The parties also agree to the following:

---

[1] At this point, there have been nine related follow-on actions filed in federal court. All of these actions were filed in this Court or the parties in those cases have agreed to transfer here. *See* ECF No. 47.

i. **Calculation of Time.** Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits.

ii. **Corporate Representative Depositions**: The parties will cooperate to determine whether a corporate representative or representatives will also be deposed in their individual capacities and make arrangements for the corporate representative and individual portions of the deposition for each representative to take place on the same day or on consecutive days.

iii. **Additional Time.** The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

10. **Cross-Noticed Depositions.** In the case of a deposition noticed by both sides, each side may examine the witness for a maximum of five hours, over the course of one day or two consecutive days, at the witness's election. A party must serve a cross-notice of deposition on a non-party, if any, within 7 days of service of the original notice of deposition. In the case of a deposition noticed by one side, the non-noticing party may examine the witness for a maximum of 1.5 hours on the record.

11. **Exclusions from Deposition Limits.** The parties agree that the following depositions do not count against the proposed deposition limits: (a) depositions of the parties' designated expert witnesses; and (b) pre-Complaint depositions taken in response to Civil Investigative Demands. Pursuant to the Court's order, depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party shall count against the deposition limits set forth above.

12. **Case Schedule.** Pursuant to the Court's Order, the following case schedule shall govern this Action.

| | |
|---|---|
| Completion of Fact Discovery | March 17, 2026 |
| Identification of Expert Witnesses | March 17, 2026 |
| Initial Expert Reports | May 1, 2026 |
| Rebuttal Expert Reports | June 17, 2026 |
| Reply Expert Reports | July 17, 2026 |
| Completion of Expert Discovery | August 7, 2026 |
| Summary Judgment/Daubert Motions | September 4, 2026 |
| Summary Judgment/Daubert Oppositions | October 5, 2026 |
| Summary Judgment/Daubert Replies | October 19, 2026 |

| | |
|---|---|
| Joint Pretrial Order Deadline | 30 days after ruling on summary judgment |

13. **Supplementation.** The parties intend to confer again after the Court's ruling on Visa's motion to dismiss to propose a more fulsome case schedule and additional provisions (including those pertaining to witness lists, expert discovery, pretrial matters, and trial). The parties propose to file a supplemental Rule 26(f) report within 30 days of the Court's order on the motion to dismiss.

DATED: January 17, 2025                                    Respectfully submitted,

By:   /s/ Edward Duffy
Edward Duffy
Bennett J. Matelson
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 812-4723
Facsimile: (202) 514-7308
Edward.duffy@usdoj.gov
Bennett.Matelson@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*

By:   /s/ Brian Stekloff
Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

*Counsel for Defendant Visa Inc.*

SO ORDERED:

1/20/25      U.S.D.J.