# Arnold & Porter

Anne P. Davis
+1 202.942.6197 Direct
Anne.Davis@arnoldporter.com

June 3, 2025

**BY ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Visa Inc.*, 1:24-cv-7214-JGK ("Government Action");
              *In re: Visa Debit Card Antitrust Litigation*, 1:24-cv-07435-JGK
              ("Private Actions")

Dear Judge Koeltl:

On behalf of defendant Visa Inc. ("Visa"), and with the consent of all parties in the above-referenced, related actions, we respectfully submit this joint request by the parties to amend and enter certain procedural orders relating to discovery. These amendments provide a process for third parties to receive notice and an opportunity to be heard before their documents and information (originally produced in the Government Action in response to pre-Complaint CIDs or third-party subpoenas) may be produced in the Private Actions.

Pursuant to the Case Management Order in the Government Action ("Government Action CMO") (Dkt. No. 53), the parties have been conducting third-party discovery pending resolution of Visa's motion to dismiss. Under the Case Management Order in the Private Actions ("Private Actions CMO") (Dkt. No. 98), third-party discovery is stayed pending rulings on Visa's motions to dismiss. If third-party discovery moves forward in the Private Actions, the Private Actions CMO provides that "evidence produced in fact discovery in the government's related case . . . is deemed produced as if it had been produced in this consolidated case . . . ." Private Actions CMO ¶ 11.E.

The parties across these actions have agreed to a process by which third parties will receive notice and an opportunity to be heard before their documents and information produced in the Government Action may be produced in the Private Actions. This agreement, if acceptable to the Court, requires technical amendments to certain orders in both the Government Action and Private Actions and entry of an additional proposed stipulated order:

# Arnold & Porter

June 3, 2025
Page 2

- The proposed Amended Protective Order in the Government Action (Dkt. No. 82) requires notice to third parties at least 10 business days prior to disclosing protected material (i.e., the "Objection Period"). *See* Appendix A showing redline to Paragraph 32 of the Government Action Protective Order.

- The proposed Amended Private Actions CMO (Dkt. No. 137) clarifies that evidence produced in fact discovery in the Government Action is deemed produced in the Private Actions "subject to providing notice and opportunity to be heard" as set forth in the Amended Protective Order in the Government Action. *See* Appendix A showing redline to Paragraph 11.E of the Private Actions CMO.

- The proposed Stipulated ESI Protocol in the Private Actions—which the parties propose the Court newly enter—provides that third parties may lodge objections and meet and confer concerning any objections during the Objection Period, and if those objections cannot be resolved, then the objecting third party must move for a protective order within a week following the expiration of the Objection Period. *See* Dkt. No. 138, Section VIII.3.

- The proposed Amended Protective Order in the Private Actions (Dkt. No. 139) provides that the parties agree that if third-party protected material is sought from any Party in the Private Actions for use in a litigation other than the Government Action or the Private Actions, the third party must receive similar notice and an opportunity to be heard before that protected material can be disclosed. *See* Appendix A showing redline of Paragraph 32 of the Private Action Protective Order.

Thank you for considering this request.

Respectfully submitted,

/s/ *Anne P. Davis*

Anne P. Davis

Copies to all counsel of record by ECF

# **APPENDIX A**

1) **Proposed Amendment to Government Action Protective Order (Dkt. No. 42) at III.A.32, Case No. 24-07214 (JGK)**

   32.    Except as provided by Paragraph 37 of this Order, all Confidential Information and Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose. Provided, however, this Order does not preclude another court from finding that Confidential Information or Highly Confidential Information produced in this Action is relevant and subject to disclosure in another case. Before any disclosure of Confidential Information or Highly Confidential Information protected by this Order in *In Re: Visa Debit Card Antitrust Litigation*, No. 24-cv-07435 (S.D.N.Y. 2024) or any other related cases, Defendant must at least 10 business days prior to disclosing any protected material, notify the United States and any non-Party Protected Person who provided the Confidential Information or Highly Confidential Information to the Parties in the Investigation or this Action so the Protected Person has an opportunity to appear in the other case and be heard on whether and under what conditions that information should be disclosed.

2) **Proposed Amendment to Private Actions Case Management Order (Dkt. No. 98) at 11.E., Case No. 24-7435 (JGK)**

   E.    **Evidence in Government's Related Case**. The parties agree that the evidence produced in fact discovery in the government's related case (as well as discovery produced in each of the putative fee-payor/card-acceptor and cardholder

US 254271853

class actions) is deemed produced, subject to providing notice and an opportunity to be heard as set forth in Paragraph 32 of the Protective Order in that case, as if it had been produced in this consolidated case and in each of the putative fee-payor/card-acceptor and cardholder class actions.

3) **Proposed Amendment to Private Actions Protective Order (Dkt. No. 106) at ¶ 32, Case No. 24-7435 (JGK)**

32. Any Person that becomes subject to a subpoena, motion, or is otherwise required to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must (a) in the case of a motion, promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed, and (b) in circumstances other than a motion, at least 10 business days prior to disclosing any protected material, promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential information of the required disclosure so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.