UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff,*<br><br>  v.<br><br>VISA INC.<br><br>       *Defendant.* | Civil Action No. 1:24-cv-07214 (JGK)<br><br>STIPULATION AND [PROPOSED]<br>ORDER REGARDING EXPERT<br>DISCOVERY |

   Plaintiff United States of America and Defendant Visa Inc. (each a "Party" and collectively the "Parties") in the above-captioned Action[1] hereby agree as follows regarding the scope of any expert discovery in this Action:

   1. To the extent this Stipulation and Order Regarding Expert Discovery ("Stipulation") imposes limitations on the discovery otherwise available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase efficiency of their dealings with experts and to minimize discovery disputes regarding experts. Neither the terms of this Stipulation nor the Parties' agreement to them shall be considered an admission by any Party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible. Except as otherwise provided for herein, nothing in this Stipulation shall preclude a Party from making any claim or withholding information on the basis of attorney-client privilege, the work-product doctrine, or any other applicable rule or privilege.

---

[1] The term "Action" for purposes of this Stipulation is defined as *United States v. Visa Inc.*, 1:24-cv-07214 (JGK), including the pre-complaint investigation by the Plaintiff in this case.

2. The term "expert" as used herein, unless otherwise specified, refers to a witness a Party may use to present evidence under Federal Rule of Evidence 702, 703, and/or 705, including testifying experts and any experts offering evidence at trial through means other than live testimony (i.e., declaration, affidavit, study, or any work papers).

3. The Parties agree that there shall be no discovery or disclosures with respect to experts and/or consultants who will not present evidence at trial through testimony or other means. Each Party that intends to offer the testimony of one or more experts must make all of the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2); provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be modified or limited to "relied upon" for purposes of this Action.

4. At the time of serving any expert report and/or expert declaration (collectively, "expert report") in this Action, the Party offering the expert witness shall provide, consistent with Federal Rule of Civil Procedure 26(a)(2)(B)(iv)-(vi): (i) the expert witness's qualifications, including a list of all publications authored, in whole or in part, in the previous ten (10) years; (ii) a list of all other cases and hearings in which, during the previous ten (10) years, the expert witness has testified as an expert at trial or by deposition, which shall identify the case caption and the court in which the case was or is pending; and (iii) a statement of the hourly rate or compensation to be paid for the expert witness's time, study, and testimony in this Action. At a time mutually agreeable to both Parties, but no later than the time at which each Party's pretrial disclosures are due, each Party will supplement, consistent with Federal Rule of Civil Procedure 26(e)(2), disclosures previously made under subparts (i) through (iii) above.

5. At a time mutually agreeable to both Parties, but no later than five (5) days after a Party serves any expert report in this Action, the Party offering the expert witness shall produce:

(i) a list of all materials referred to therein or otherwise relied upon by the expert in generating the statements, analyses, opinions, and assertions contained in the expert report, identifying the Bates labels of all applicable materials produced in this Action; (ii) a list of all data used in forming any part of the analysis reflected in the expert report or otherwise relied upon by the expert, identifying the Bates labels of all applicable data produced in this Action; and (iii) a copy of all materials responsive to subparagraphs 5(i) and 5(ii), except for copies of any documents or data that have been produced previously in the Action. Public documents and data shall be produced in PDF or Excel format, when feasible. Documents produced from a Party's files not previously produced in this matter shall be produced in compliance with the Order Governing ESI Discovery ("ESI Protocol"), Dkt. #66, where feasible. For avoidance of doubt, the production required by subparagraph 5(iii) includes copies of publicly available documents or data, with the exception of documents or data produced with Bates labels previously in this Action. Additionally, transcripts of and exhibits from depositions taken in this Action or produced in this Action, even if taken in another proceeding, need not be produced if the Party identifies in writing the deponent name, date, and the exhibit numbers of any exhibits cited from such deposition.

6. To the extent the disclosures in an expert report include, reference, rely upon, or describe exhibits, information, or data processed or modeled by or with the assistance of a computer, the Party offering the expert's opinions must produce, at a time mutually agreeable to both Parties, but no later than five (5) days after serving the expert reports, copies in Native Format (as defined in the ESI Protocol) of the exhibits, information, estimations, calculations, tables, graphics, and/or data, as well as the instructions, codes, input files, intermediate files or working data, output files, and any other information necessary to reconstruct and verify the expert witness's work, calculations, and/or analyses. If an expert relies upon or otherwise uses data that

was previously produced in this Action, the Party offering the expert's opinions need not include a copy of that data in the form in which it was previously produced, pursuant to paragraph 5(iii); however, the Party must produce input files, intermediate files, or other information pursuant to this paragraph that is derived from that previously produced data as well as any coding (including identification of the software version of the program coding used), instructions, and similar material that is necessary for the other Party to reconstruct and verify the expert witness's work, calculations, and/or analyses. The Parties are not expected to provide software or a software license as part of their disclosures. If the expert uses proprietary software applications to prepare the expert's opinions, the Party offering the expert's opinions shall produce such software upon request. No Party need produce databases, programs, or software that are: (i) used in the ordinary course of that Party's business; (ii) commercially available at a reasonable cost; or (iii) not practicable to copy; provided however, that the Party offering the expert's opinion must provide all datasets relied upon by the Party's expert for the expert's disclosed opinions and timely and reasonable access to the databases, programs, or software for purposes of replication or analysis of disclosed results. The Parties agree to respond promptly to informal technical inquiries regarding data produced pursuant to this paragraph.

7.     The provisions of Federal Rule of Civil Procedure 26(b)(4), as modified or limited herein, will apply to expert discovery in this Action. In addition to the protections set forth in Federal Rule of Civil Procedure 26(b)(4)(C), unless the communications and/or materials in subparagraphs (a)-(g) below were relied upon by the testifying expert in reaching the expert's opinions, or, in the case of data, were used in forming any part of the analysis reflected in the expert report (in which case such communications and/or material shall be produced and are

subject to discovery), the Parties will not seek to discover by any method, and may not discover the following documents, communications, and materials, except as agreed to in Paragraph 10:

   a. drafts of any expert report, affidavit, declaration, opinion, exhibit, study, workpaper, computation, calculation (including preliminary and intermediate calculations), model, data run, compilation, written testimony, disclosure, or any other material prepared in connection with this Action by, for, or at the direction of a testifying or non-testifying expert, regardless of the form in which the draft is recorded;

   b. any comments (whether oral or written) related to the drafts that are the subject of subparagraph (a) above;

   c. any communication (whether oral or written) with a non-testifying expert (including the expert's assistants, staff, vendors, or agents);

   d. any communication (whether oral or written) between a testifying or non-testifying expert and the expert's staff, assistants, vendors, or agents;

   e. any communication (whether oral or written) between a testifying or non-testifying expert, including the expert's staff, assistants, vendors, or agents, and any other expert or consultant retained by the Party, including the expert's staff, assistants, vendors, or agents;

   f. any notes, analyses, comments, or other writings prepared by, for, or at the direction of a testifying or non-testifying expert in connection with this Action; and

   g. budgets, invoices, bills, and related billing records, receipts, or time records of or concerning a testifying or non-testifying expert, including the expert's staff, assistants, or agents and the expert's company or organization, except that a testifying expert may be asked questions about: (i) the hourly rates of the expert and the expert's staff in connection with this Action; (ii) the amount of time an expert or the expert's staff has expended in preparing the expert's report, testimony, and associated work; (iii) the amount of money billed for the expert's report, testimony, and associated work; and (iv) any other consideration that the testifying expert and/or the testifying expert's employer received in connection with the expert's report, testimony, and associated work.

Nothing in this paragraph relieves an expert or Party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming the expert's opinions expressed in the expert's final report, declaration, or testimony, as provided for under Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C), as modified or limited herein. Moreover, subject to the limitations

set forth in Paragraph 4, *supra*, nothing in this paragraph shall be construed to prevent substantive deposition questions regarding (i) alternative theories, analyses, methodologies, data, documents, assumptions, or approaches that the expert may have considered in preparing the expert report, including any reasons or explanations for not including or relying upon any of these alternative theories, analyses, methodologies, data, documents, assumptions, or approaches; or (ii) the frequency or duration of meetings with counsel.

8. No Party is required to disclose and/or describe on any privilege log the materials addressed in Paragraph 7 subparagraphs (a)-(g). It is further stipulated that the Parties and experts do not have any obligation to retain materials that are not required to be disclosed under Paragraph 7 subparagraphs (a)-(g).

9. No subpoenas (for depositions or documents) need be served on any expert from whom an expert report is provided. Instead, the Party offering such expert will: (i) be responsible for producing all materials and information relied on by the expert as outlined above or to the extent not addressed herein, under the Federal Rules of Civil Procedure and the Court's scheduling orders; and (ii) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders and any deposition protocols.

10. Experts may be examined, at deposition, hearing, or trial, on any matter subject to disclosure under the terms of this Stipulation. Examination shall also be permitted on: (i) alternative theories, analyses, methodologies, data, documents, assumptions, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions, including any reasons or explanations for not including or relying upon any of these alternatives, theories, analyses, methodologies, data, documents, assumptions, or approaches; (ii) the authorship of draft or final expert reports, expert opinions, expert written

testimony, or expert work papers and the identity of any persons assisting the expert; (iii) communications a testifying expert had with any fact witness[2] that were considered, regardless of whether they were relied upon in forming his or her opinions; and (iv) any other matter not foreclosed by this Stipulation and permitted under the Federal Rules of Civil Procedure.

11. The Parties have agreed to comply with this Stipulation and Order.

12. This Stipulation and Order shall apply retrospectively and prospectively.

13. Nothing herein shall preclude any Party from seeking to modify this Stipulation and Order for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

---

[2] For clarity, "fact witness" for purposes of Para. 10 of this Stipulation is defined as any actual or potential fact witness, regardless of whether the person or entity appears on any Party's witness list or disclosures required under the Federal Rules of Civil Procedure, and does not include (a) counsel employed by the Department of Justice, including any attorneys, paralegals, and other professional personnel employed by the Department of Justice (including support and IT staff), and any agents or independent contractors retained by the Department of Justice whose functions require access to information related to the case; (b) outside counsel of record for Visa, including any attorneys, paralegals, and other professional personnel (including support and IT staff) whose functions require access to information related to this case, and agents or independent contractors retained by Defendant to assist in this Action whose functions require access to information related to this case; and (c) in-house attorneys for Visa, paralegals, and other professional personnel employed in the Visa legal department.

Dated June 13, 2025

/s/ *Criag W. Conrath*
Craig W. Conrath
Bennett J. Matelson
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 532-4560
Facsimile: (202) 514-7308
Craig.Conrath@usdoj.gov
Bennett.Matelson@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*

Agreed By:

/s/ *Beth Wilkinson*
Beth A. Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
Quinton A. Weinstein (admitted *pro hac vice*)
Kellen M. McCoy (admitted *pro hac vice*)
Jasper S. Primack (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com
qweinstein@wilkinsonstekloff.com
kmccoy@wilkinsonstekloff.com
jprimack@wilkinsonstekloff.com

Anthony P. Ferrara (SBN NY 5656905)
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
aferrara@wilkinsonstekloff.com

Anne P. Davis
**ARNOLD & PORTER**
   **KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-6197
Fax. (202) 942-5999
Anne.Davis@arnoldporter.com

*Counsel for Defendant Visa Inc.*

SO ORDERED this 14 day of June, 2025.

_____
HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE