UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      *Plaintiff,*<br><br>      v.<br><br>VISA INC.,<br><br>                      *Defendant.* | Case No. 1:24-cv-07214-JGK-SLC |

**[PROPOSED] JOINT AMENDED SCHEDULING AND CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the United States of America ("Plaintiff") and Visa Inc. ("Visa") (together, the "Parties," and individually a "Party"), have met and conferred on the topics outlined in this Joint Amended Scheduling and Case Management Order, which supersedes the Joint Amended Rule 26(f) Report and Case Management Plan and Scheduling Order of January 20, 2025, ECF No. 53.

1.     **Nature of Claims and Defenses.**  The Parties previously set forth their respective statements on the nature of the claims and defenses in this matter in the January 20, 2025 Scheduling Order, ECF No. 53.

2.     **Initial Disclosures.**  The Parties exchanged the initial disclosures required under FRCP 26(a)(1) on January 13, 2025.

3.     **Consent to Proceed before a Magistrate Judge.**  The Parties do not consent to trial being conducted by a Magistrate Judge.

4. **Alternative Dispute Resolution.** Pursuant to Local Rule 83.9(d), the Parties have considered the use of alternative dispute resolution, but at this time do not believe that mediation or a judicial settlement conference would facilitate the resolution of this matter.

5. **Protective Order.** The Parties agreed on the terms of an Amended Stipulated Protective Order ("Protective Order"), which the Court entered on June 4, 2025, ECF No. 84.

6. **Preservation and Production of Electronically Stored Information ("ESI").** The Parties entered into a stipulated order governing ESI discovery, which was entered by the Court on March 18, 2025, ECF No. 66. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order.

7. **Phases of Discovery.** To ensure a more trial-ready and efficient case, the Parties agreed to conduct discovery in this case in two phases:

   a. *Phase I:* The first phase of discovery focused primarily on third-party discovery and commenced upon Visa's filing of its motion to dismiss on February 7, 2025, and continued until the Court's ruling on that motion on June 23, 2025. In addition to third-party discovery, the Parties also exchanged a limited set of agreed upon materials, as outlined in the January 20, 2025 Scheduling Order, ECF No. 53.

   b. *Phase II:* The second phase of discovery began immediately following the Court's decision on Visa's motion to dismiss. The second phase will encompass any remaining third-party discovery, as well as additional Party discovery, as agreed upon in the below Case Schedule.

   c. Furthermore, the Parties are continuing to discuss the need for coordination of discovery with the private follow-on actions, *In re Visa Debit Antitrust Litigation*,

1:24-cv-07435-JGK (S.D.N.Y) (the "Private Actions"), (should the Private Actions proceed past the motion to dismiss phase). The Parties plan to continue these discussions—including with the plaintiffs in the Private Actions ("Private Plaintiffs")—and will update the Court as needed.

8. **Case Schedule.** Pursuant to the Court's Order, the following case schedule shall govern this Action:[1]

| Event | Deadline |
|---|---|
| Deadline to amend pleadings or join parties without leave of court | July 24, 2025 |
| Interim Fact discovery deadlines[2]<br>• Parties to exchange preliminary fact witness lists | November 1, 2025 |
| • Parties to exchange updated preliminary fact witness lists | January 20, 2026 |
| Close of fact discovery | March 17, 2026 |
| Plaintiff to identify expert witnesses and topics for each expert | March 17, 2026 |
| Visa to identify expert witnesses and topics for each expert | April 17, 2026 |
| Plaintiff to serve initial expert report(s) | May 1, 2026 |
| Plaintiff to identify reply experts and topics for each expert | May 15, 2026 |
| Defendant to serve rebuttal expert report(s) | June 17, 2026 |
| Plaintiff to serve reply expert report(s) | July 17, 2026 |
| Close of expert discovery | August 7, 2026 |
| Motions for summary judgment and *Daubert* motions filed | September 4, 2026 |
| Oppositions to motions for summary judgment and *Daubert* motions filed | October 5, 2026 |
| Replies concerning motions for summary judgment or *Daubert* motions filed | October 19, 2026 |
| Parties to reach agreement and propose to the Court a protocol regarding confidentiality of materials to be used at trial, including non-party documents | 12 weeks before trial |
| Parties exchange initial exhibit lists, and opening deposition designations | 12 weeks before trial |
| Each side exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial |

---

[1] Unless otherwise specified, days will be computed according to FRCP 6(a).
[2] Interim discovery deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by March 17, 2026.

3

| | |
|---|---|
| Parties exchange final witness lists | 8 weeks before trial |
| Parties exchange final exhibit lists | 6 weeks before trial |
| Motions *in limine* filed | 6 weeks before trial |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 5 weeks before trial |
| Oppositions to motions *in limine* filed | 4 weeks before trial. |
| Joint Pretrial Order Deadline | 4 weeks before trial |
| Pre-trial briefs filed | 3 weeks before trial |
| Proposed findings of fact and conclusions of law filed | 3 weeks before trial |
| Hearing regarding any disputes raised in pre-trial submissions by Parties and non-parties, including motions *in limine* | 2 weeks before trial |
| Final pre-trial conference | 2 weeks before trial |
| Trial begins | Date to be determined by Court |

9. **Data Productions.** The Parties are negotiating the specific data to be produced in this case as part of discovery, including appropriate deadlines for production. However, to date, the Parties have been unable to reach agreement. The Parties will continue to negotiate and update the Court by August 13, 2025 as to the status of those conversations.

10. **Witness Lists and Deposition Designations.**

    a. **Preliminary Fact Witness List.** Each side shall provide a preliminary fact witness list on or before the date specified in the case schedule. No more than a total of 40 fact witnesses whom the Party intends to present live at trial may be included on the preliminary witness list. With respect to non-parties for which depositions are not complete, such non-parties can be identified in a corporate capacity on the preliminary fact witness list, but only if at the time the preliminary list is due the Party naming the non-party witness in good faith lacks knowledge of the individual identity of the witness.

    b. **Updated Preliminary Fact Witness List.** Each side shall provide an updated preliminary fact witness list on or before the date specified in the

4

case schedule. No more than a total of 40 fact witnesses may be included on the updated preliminary fact witness list. No more than 10 of these witnesses may be substitutions or additions to those listed on the preliminary fact witness list (excluding witnesses previously identified only in a corporate capacity). The witnesses on the updated preliminary fact witness list must be individually identified by name and not in a corporate capacity. To the extent, however, depositions of a non-party noticed pursuant to Rule 30(b)(6) are scheduled after the date specified for exchange of the updated preliminary fact witness list, a Party may continue to identify any witness associated with that corporate entity in a corporate capacity, but will update the preliminary fact witness list to identify that witness by name within 7 days after any such deposition.

c. **Final Witness Lists**. Each side shall provide a final witness list 8 weeks before trial, which shall be limited to those witnesses previously included on the Party's updated preliminary witness list, absent good cause or agreement of the Parties, and to no more than 30 persons, excluding experts. The Parties agree that it shall constitute good cause to modify the final witness list to replace or remove a witness if that witness departs from the company that employed the witness at the time of their deposition. The Parties have been unable to reach agreement regarding each side's entitlement to discovery and depositions of any new fact witnesses who are added to a final trial witness list who were not

previously identified on the Parties' updated preliminary witness lists. The Parties' respective positions are as follows:

    i. *United States' Position*: The United States proposes that if any newly identified fact witnesses are added to the Parties' final witness lists, document discovery and depositions should be had with respect to such person(s), even if out of time. The United States further proposes that any document discovery and/or deposition notices of new witnesses on the Parties' final witness lists must be issued within 7 days of service of the final witness lists. Defendant's alternative proposal—that the Parties agree only to negotiate in good faith—is inadequate and does not ensure that witnesses who are identified for the first time within mere weeks of trial get deposed and their custodial documents provided to the other side.

    ii. *Visa's Position*: Visa believes it is premature to authorize discovery after the close of fact discovery. Should there come a time when the needs of the case and the specific circumstances merit additional post-deadline discovery, Visa will negotiate the contours of such discovery in good faith. There are any number of reasons though that additional discovery might not be appropriate, and a blanket authorization for such discovery at this time would not further judicial economy.

    d. **Deposition Designations.** Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

    e. **General Principles for Witness Lists.** In preparing preliminary fact witness lists and final witness lists, the Parties must make good-faith attempts based on information reasonably available to them at that time to identify the witnesses whom they expect that they will present as live witnesses at trial (other than solely for impeachment). The witness lists must include contact information for known counsel or, if no counsel is known, the name, employer, address, and telephone number of each witness (if known). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on that Party's final trial witness list; (b) all Parties agree that that Party may call that person to testify; or (c) ordered by the Court after that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

11. **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

12. **Interrogatories**. Pursuant to the Court's order on January 20, 2025, ECF No. 53, each side is limited to 25 interrogatories.

13. **Requests for Admission.** Each side is limited to 35 requests for admission in total. Each request may include subparts that relate directly to the subject matter of the request (e.g., date, time and author of a document or series of emails; multiple dates of an employee's positions in a company). Each side reserves the right to ask the Court for leave to serve additional requests for admission.

14. **Depositions**. Pursuant to the Court's order on January 20, 2025, ECF No. 53, each side is limited to a total of 350 hours of deposition time on the record of fact witnesses. Each side may use a maximum of 225 hours of such deposition time on the record in deposing adverse Party witnesses. Unless the Parties otherwise agree or the Court grants leave on a Party's motion, each side may serve one notice pursuant to FRCP 30(b)(6) on the opposing side. The 30(b)(6) notice may call for testimony on multiple subjects and the responding Party may designate one or more different witnesses as to each subject matter. The Parties also agree to the following regarding depositions:

    a. *Calculation of Time.* Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(l) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(l) limits.

    b. *Corporate Representative Depositions.* The Parties will cooperate to determine whether a corporate representative or representatives will also be deposed in their individual capacities and make arrangements for the corporate representative and individual portions of the deposition for each representative to take place on the same day or on consecutive days.

c. *Additional Time.* The Parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

d. *Cross-Noticed Depositions of Non-parties.* In the case of a non-party deposition noticed by both sides, each side may examine the witness for a maximum of 3.5 hours each, up to a maximum total of 7 hours on one day. The deposition of a former Party employee that is not represented by counsel for that Party shall be considered a non-party deposition for the purposes of this provision. Each side may choose to examine 7 non-party witnesses for a maximum of 7 hours each, up to a total of 14 hours if both Parties so choose. In the case of a cross-noticed deposition that will extend beyond 7 hours, the witness may elect to have the deposition occur over one or two consecutive days. A Party must serve a cross-notice of deposition on a non-party, if any, within 7 days of service of the original notice of deposition. If either Party does not use their allocated maximum number of hours, the other Party may use any of the remaining time, to be counted towards its 350 hour limit.

e. *Exclusions from Deposition Limits.* The following depositions do not count against the proposed deposition limits: (a) depositions of the Parties' designated expert witnesses; and (b) pre-Complaint depositions taken in response to Civil Investigative Demands. Pursuant to the Court's order on January 20, 2025, ECF No. 53, depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents

produced by any Party or non-party shall count against the deposition limits set forth above.

f. *Witness Service.* Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party who is not represented by counsel, upon receipt of a deposition notice for the former employee, that Party shall, within 10 business days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness's counsel or that the witness is unrepresented. Where a witness is not reasonably available before the close of fact discovery, the Parties may, by mutual agreement, schedule a deposition after the close of fact discovery without having to seek leave of Court.

g. *Document or ESI Subpoena Service.* If a Party serves a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena. If the production of documents or electronically stored information responsive to any subpoena served on a third party is delayed and are made available to any Party in less than 14 days of the deposition date for that third party, the date scheduled for the deposition must

be postponed to be at least 14 days following the actual production date, unless all Parties consent to fewer than 14 days.

h. *Depositions of Party Witnesses.* Consistent with Rule 30 of the Federal Rules of Civil Procedure, depositions of Party fact witnesses are limited to 7 hours on the record.

i. *Depositions of Expert Witnesses.* Each expert deposition will be limited to 7 hours on the record. The Parties disagree as to when experts may be deposed following disclosure of expert reports. The Parties' respective positions are as follows:

  i. *United States' position:* The United States' position is that the widely accepted standard practice of deposing each side's expert once should prevail. Defendant proposes requiring the plaintiff's expert(s) (but not their own) to sit for two separate depositions—one after each report. Such a requirement would be both inefficient and, as illustrated by the very case Defendant cites as justification, inequitable. *See In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1–2 (S.D.N.Y. Dec. 16, 2019) (allowing defendants to depose plaintiffs' expert twice notwithstanding "the default rule . . . that each witness may only be deposed once" *but giving the same opportunity to plaintiffs* citing "fundamental fairness"). Moreover, every case on which the *In re Chicago Bridge & Iron Co.* court relied in support of its holding was one where the party seeking the second deposition had not previously had an opportunity to depose the

11

other side's expert about a supplemental or rebuttal report or because the expert introduced new opinions or analysis into a subsequent report after the first deposition had already taken place. *See also Cmty. Assoc. Underwriters of Am., Inc. v. Rauscher Horticultural, LLC*, 2022 WL 1793190, at *2 (W.D.N.Y. June 2, 2022) (characterizing *In re Chicago Bridge & Iron Co.* as an example of a case in which an opposing party is "entitled to a second deposition where a supplemental report is served in order to explore new opinions . . ."). Such is not the case here, as under the proposed schedule, all parties will have received all expert reports before any expert depositions are taken. As justification for its contrary position, Defendant asserts that the three-week period from July 17, 2026 until the close of expert discovery on August 7, 2026 is insufficient time for expert depositions to take place. Plaintiff disagrees, but in order to address this concern, the United States offered to extend the period of expert discovery by an additional 10 days to allow for a full month following service of reply expert report(s) until the close of expert discovery. The United States believes that the parties are capable of taking depositions within the three-week period originally agreed to in the January 20, 2025 CMO, but is amenable to a reasonable extension to allow for additional time if necessary, so long as it does not unreasonably extend later deadlines in the case schedule.

ii. *Visa's position:* The Parties should make their expert witnesses available for deposition after each report offered by that expert and should do so reasonably in advance of any deadline for responsive reports, where applicable. This process would allow each side's expert the opportunity to review the deposition transcript prior to submitting a responding report and will greatly streamline later reports by ensuring that such reports are responsive to the arguments and analyses on which the Parties intend to rely and not, for example, built upon a misunderstanding of that analysis or a failure to address errors or omissions that may come to light only later during depositions. *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 3462580, at *1 (N.D. Cal. Nov. 29, 2006) (holding schedule permitted defendants to depose plaintiffs' experts after both opening and reply reports where plaintiffs suffered no burden given schedule also allowed plaintiffs to depose defendants' experts before plaintiffs prepared a rebuttal report); *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1–2 (S.D.N.Y. Dec. 16, 2019) (collecting cases where courts have allowed depositions after each report). Plaintiff's response that this is inequitable because only their experts would be subject to multiple depositions is not well-taken. Visa has agreed to permit staggered expert reports such that only the government will get rebuttal reports and thus will have the final say. In exchange for that benefit, it is not prejudicial to

require their experts to be deposed on each report submitted. Further, Plaintiff's proposal is untenable and unfairly prejudicial because it limits all expert depositions, including regarding the government's reply reports, to a brief three-week period immediately following the filing of reply reports. As Visa has previously indicated, the expert schedule may be tight. Indeed, during that brief window, Visa's experts would be tasked with both assisting Visa in the review of the government's reply reports for purposes of preparing for depositions of the government's experts, while simultaneously trying to prepare for and defend their own deposition. Meanwhile, the government will have had an additional month to consider and respond to Visa's experts and prepare for depositions and will be able to focus solely on defending their own reports during that brief period. To address these concerns, Plaintiff suggests the Parties extend the end of expert discovery, but no other deadlines, by 10 days. That proposal should be rejected as it prejudicially reduces the already limited time that Visa will have to prepare summary judgment and *Daubert* motions.

j.  *Remote Depositions.* The Parties agree to address separately any protocol for conducting depositions that may occur remotely and will submit a proposal no later than August 29, 2025.

15. **Discovery Dispute Resolution**. In the event of a dispute between the Parties and/or a non-party regarding any discovery issue, the Parties (and the non-party when applicable)

shall meet and confer in an attempt to resolve the dispute. In the event of a dispute during a deposition, the Parties and/or non-parties shall memorialize the dispute on the record and present the dispute to the Court by motion within 7 business days of the close of the deposition. If the Court orders a Party or non-party to provide additional testimony (i.e., rejects the opposition of the Party or non-party to answering a particular question), the Party or non-party shall provide the witness for deposition on the testimony in question within 10 business days of the ruling.

16. **Demonstrative Exhibits**.  Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged.

17. **Word Limits on Pre-trial Briefs.** The Parties agree that word-count limits are appropriate for both the Pre-Trial Briefs and the Proposed Findings of Fact and Conclusions of Law, and agree to suggest specific word-count limits to the Court after the close of discovery and after any summary judgment motions have been resolved.

18. **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

19. **Modification of Scheduling and Case Management Order.**  Any Party may seek modification of this Order for good cause.

\* \* \*

The Parties appreciate the Court's consideration of this proposed order and would be happy to discuss their positions at a hearing to assist the Court's resolution of any disputed issues.

DATED: July 23, 2025                                    Respectfully submitted,


By:  /s/ Craig Conrath                                  By:  /s/ Brian Stekloff
Craig Conrath                                           Beth Wilkinson (SBN NY 2181592)
Christopher Jackson                                     Brian Stekloff (admitted *pro hac vice*)
Bennett J. Matelson                                     Kieran Gostin (SBN NY 4847653)
Michele Trichler                                        Roxana Guidero (admitted *pro hac vice*)
United States Department of Justice                     **WILKINSON STEKLOFF LLP**
Antitrust Division                                      2001 M Street NW, 10th floor
450 Fifth Street, N.W., Suite 4000                      Washington, DC 20036
Telephone: (202) 894-4266                               Telephone: (202) 847-4000
Facsimile: (202) 514-7308                               Facsimile: (202) 847-4005
Craig.Conrath@usdoj.gov                                 bwilkinson@wilkinsonstekloff.com
Christopher.Jackson5@usdoj.gov                          bstekloff@wilkinsonstekloff.com
Bennett.Matelson@usdoj.gov                              kgostin@wilkinsonstekloff.com
Michele.Trichler@usdoj.gov                              rguidero@wilkinsonstekloff.com

*Counsel for Plaintiff, the United States*              Jeremy Barber (SBN NY 5344304)
                                                        Anthony P. Ferrara (SBN NY 5656905)
                                                        **WILKINSON STEKLOFF LLP**
                                                        130 W 42nd Street, Floor 24
                                                        New York, NY 10036
                                                         (212) 294 8910
                                                        jbarber@wilkinsonstekloff.com
                                                        aferrara@wilkinsonstekloff.com


                                                        Anne P. Davis (*admitted pro hac vice*)
                                                        Jonathan Ian Gleklen (*admitted pro hac vice*)
                                                        **ARNOLD & PORTER KAYE SCHOLER LLP**
                                                        601 Massachusetts Avenue NW
                                                        Washington, D.C. 20001
                                                        Telephone: (202) 942-6197

Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com

*Counsel for Defendant Visa, Inc.*