UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br>  v.<br><br>VISA INC.,<br><br>     *Defendant.* | Case No. 1:24-cv-07214-JGK-SLC |

## [PROPOSED] JOINT AMENDED SCHEDULING AND CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the United States of America ("Plaintiff") and Visa Inc. ("Visa") (together, the "Parties," and individually a "Party"), have met and conferred on the topics outlined in this Joint Amended Scheduling and Case Management Order, which supersedes the Joint Amended Rule 26(f) Report and Case Management Plan and Scheduling Order of January 20, 2025, ECF No. 53.

1.  **Nature of Claims and Defenses.** The Parties previously set forth their respective statements on the nature of the claims and defenses in this matter in the January 20, 2025 Scheduling Order, ECF No. 53.

2.  **Initial Disclosures.** The Parties exchanged the initial disclosures required under FRCP 26(a)(1) on January 13, 2025.

3.  **Consent to Proceed before a Magistrate Judge.** The Parties do not consent to trial being conducted by a Magistrate Judge.

4. **Alternative Dispute Resolution.** Pursuant to Local Rule 83.9(d), the Parties have considered the use of alternative dispute resolution, but at this time do not believe that mediation or a judicial settlement conference would facilitate the resolution of this matter.

5. **Protective Order.** The Parties agreed on the terms of an Amended Stipulated Protective Order ("Protective Order"), which the Court entered on June 4, 2025, ECF No. 84.

6. **Preservation and Production of Electronically Stored Information ("ESI").** The Parties entered into a stipulated order governing ESI discovery, which was entered by the Court on March 18, 2025, ECF No. 66. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order.

7. **Phases of Discovery.** To ensure a more trial-ready and efficient case, the Parties agreed to conduct discovery in this case in two phases:

   a. *Phase I:* The first phase of discovery focused primarily on third-party discovery and commenced upon Visa's filing of its motion to dismiss on February 7, 2025, and continued until the Court's ruling on that motion on June 23, 2025. In addition to third-party discovery, the Parties also exchanged a limited set of agreed upon materials, as outlined in the January 20, 2025 Scheduling Order, ECF No. 53.

   b. *Phase II:* The second phase of discovery began immediately following the Court's decision on Visa's motion to dismiss. The second phase will encompass any remaining third-party discovery, as well as additional Party discovery, as agreed upon in the below Case Schedule.

   c. Furthermore, the Parties are continuing to discuss the need for coordination of discovery with the private follow-on actions, *In re Visa Debit Antitrust Litigation,*

2

1:24-cv-07435-JGK (S.D.N.Y) (the "Private Actions"), (should the Private Actions proceed past the motion to dismiss phase). The Parties plan to continue these discussions—including with the plaintiffs in the Private Actions ("Private Plaintiffs")—and will update the Court as needed.

8. **Case Schedule.** Pursuant to the Court's Order, the following case schedule shall govern this Action:[1]

| Event | Deadline |
|---|---|
| Deadline to amend pleadings or join parties without leave of court | July 24, 2025 |
| Interim Fact discovery deadlines[2]<br>• Parties to exchange preliminary fact witness lists | November 1, 2025 |
| • Parties to exchange updated preliminary fact witness lists | January 20, 2026 |
| Close of fact discovery | March 17, 2026 |
| Plaintiff to identify expert witnesses and topics for each expert | March 17, 2026 |
| Visa to identify expert witnesses and topics for each expert | April 17, 2026 |
| Plaintiff to serve initial expert report(s) | May 1, 2026 |
| Plaintiff to identify reply experts and topics for each expert | May 15, 2026 |
| Defendant to serve rebuttal expert report(s) | June 17, 2026 |
| Plaintiff to serve reply expert report(s) | July 17, 2026 |
| Close of expert discovery | August 7, 2026 |
| Motions for summary judgment and *Daubert* motions filed | September 4, 2026 |
| Oppositions to motions for summary judgment and *Daubert* motions filed | October 5, 2026 |
| Replies concerning motions for summary judgment or *Daubert* motions filed | October 19, 2026 |
| Parties to reach agreement and propose to the Court a protocol regarding confidentiality of materials to be used at trial, including non-party documents | 12 weeks before trial |
| Parties exchange initial exhibit lists, and opening deposition designations | 12 weeks before trial |
| Each side exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial |

---

[1] Unless otherwise specified, days will be computed according to FRCP 6(a).
[2] Interim discovery deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by March 17, 2026.

3

| Parties exchange final witness lists | 8 weeks before trial |
|---|---|
| Parties exchange final exhibit lists | 6 weeks before trial |
| Motions *in limine* filed | 6 weeks before trial |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 5 weeks before trial |
| Oppositions to motions *in limine* filed | 4 weeks before trial. |
| Joint Pretrial Order Deadline | 4 weeks before trial |
| Pre-trial briefs filed | 3 weeks before trial |
| Proposed findings of fact and conclusions of law filed | 3 weeks before trial |
| Hearing regarding any disputes raised in pre-trial submissions by Parties and non-parties, including motions *in limine* | 2 weeks before trial |
| Final pre-trial conference | 2 weeks before trial |
| Trial begins | Date to be determined by Court |

9. **Data Productions.** The Parties are negotiating the specific data to be produced in this case as part of discovery, including appropriate deadlines for production. However, to date, the Parties have been unable to reach agreement. The Parties will continue to negotiate and update the Court by August 13, 2025 as to the status of those conversations.

10. **Witness Lists and Deposition Designations.**

   a. **Preliminary Fact Witness List.** Each side shall provide a preliminary fact witness list on or before the date specified in the case schedule. No more than a total of 40 fact witnesses whom the Party intends to present live at trial may be included on the preliminary witness list. With respect to non-parties for which depositions are not complete, such non-parties can be identified in a corporate capacity on the preliminary fact witness list, but only if at the time the preliminary list is due the Party naming the non-party witness in good faith lacks knowledge of the individual identity of the witness.

   b. **Updated Preliminary Fact Witness List.** Each side shall provide an updated preliminary fact witness list on or before the date specified in the

4

case schedule. No more than a total of 40 fact witnesses may be included on the updated preliminary fact witness list. No more than 10 of these witnesses may be substitutions or additions to those listed on the preliminary fact witness list (excluding witnesses previously identified only in a corporate capacity). The witnesses on the updated preliminary fact witness list must be individually identified by name and not in a corporate capacity. To the extent, however, depositions of a non-party noticed pursuant to Rule 30(b)(6) are scheduled after the date specified for exchange of the updated preliminary fact witness list, a Party may continue to identify any witness associated with that corporate entity in a corporate capacity, but will update the preliminary fact witness list to identify that witness by name within 7 days after any such deposition.

c. **Final Witness Lists.** Each side shall provide a final witness list 8 weeks before trial, which shall be limited to those witnesses previously included on the Party's updated preliminary witness list, absent good cause or agreement of the Parties, and to no more than 30 persons, excluding experts. The Parties agree that it shall constitute good cause to modify the final witness list to replace or remove a witness if that witness departs from the company that employed the witness at the time of their deposition. If, based on agreement or good cause, any new fact witnesses are added to a final trial witness list who were not on any Party's updated preliminary fact witness list and were not previously subject to custodial discovery or deposed, the Parties agree to negotiate in good faith as to

    whether additional document discovery related to those witnesses or depositions of those witnesses may be appropriate.

   d. **Deposition Designations.** Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

   e. **General Principles for Witness Lists.** In preparing preliminary fact witness lists and final witness lists, the Parties must make good-faith attempts based on information reasonably available to them at that time to identify the witnesses whom they expect that they will present as live witnesses at trial (other than solely for impeachment). The witness lists must include contact information for known counsel or, if no counsel is known, the name, employer, address, and telephone number of each witness (if known). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on that Party's final trial witness list; (b) all Parties agree that that Party may call that person to testify; or (c) ordered by the Court after that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

11. **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

6

12. **Interrogatories.** Pursuant to the Court's order on January 20, 2025, ECF No. 53, each side is limited to 25 interrogatories.

13. **Requests for Admission.** Each side is limited to 35 requests for admission in total. Each request may include subparts that relate directly to the subject matter of the request (e.g., date, time and author of a document or series of emails; multiple dates of an employee's positions in a company). Each side reserves the right to ask the Court for leave to serve additional requests for admission.

14. **Depositions.** Pursuant to the Court's order on January 20, 2025, ECF No. 53, each side is limited to a total of 350 hours of deposition time on the record of fact witnesses. Each side may use a maximum of 225 hours of such deposition time on the record in deposing adverse Party witnesses. Unless the Parties otherwise agree or the Court grants leave on a Party's motion, each side may serve one notice pursuant to FRCP 30(b)(6) on the opposing side. The 30(b)(6) notice may call for testimony on multiple subjects and the responding Party may designate one or more different witnesses as to each subject matter. The Parties also agree to the following regarding depositions:

   a. *Calculation of Time.* Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits.

   b. *Corporate Representative Depositions.* The Parties will cooperate to determine whether a corporate representative or representatives will also be deposed in their individual capacities and make arrangements for the

corporate representative and individual portions of the deposition for each representative to take place on the same day or on consecutive days.

c. *Additional Time.* The Parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

d. *Cross-Noticed Depositions of Non-parties.* In the case of a non-party deposition noticed by both sides, each side may examine the witness for a maximum of 3.5 hours each, up to a maximum total of 7 hours on one day. The deposition of a former Party employee that is not represented by counsel for that Party shall be considered a non-party deposition for the purposes of this provision. Each side may choose to examine 7 non-party witnesses for a maximum of 7 hours each, up to a total of 14 hours if both Parties so choose. In the case of a cross-noticed deposition that will extend beyond 7 hours, the witness may elect to have the deposition occur over one or two consecutive days. A Party must serve a cross-notice of deposition on a non-party, if any, within 7 days of service of the original notice of deposition. If either Party does not use their allocated maximum number of hours, the other Party may use any of the remaining time, to be counted towards its 350 hour limit.

e. *Exclusions from Deposition Limits.* The following depositions do not count against the proposed deposition limits: (a) depositions of the Parties' designated expert witnesses; and (b) pre-Complaint depositions taken in response to Civil Investigative Demands. Pursuant to the Court's order on

8

January 20, 2025, ECF No. 53, depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party shall count against the deposition limits set forth above.

f. *Witness Service.* Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party who is not represented by counsel, upon receipt of a deposition notice for the former employee, that Party shall, within 10 business days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness's counsel or that the witness is unrepresented. Where a witness is not reasonably available before the close of fact discovery, the Parties may, by mutual agreement, schedule a deposition after the close of fact discovery without having to seek leave of Court.

g. *Document or ESI Subpoena Service.* If a Party serves a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena. If the production of documents or electronically stored information responsive to any subpoena served on a third party is

9

delayed and are made available to any Party in less than 14 days of the deposition date for that third party, the date scheduled for the deposition must be postponed to be at least 14 days following the actual production date, unless all Parties consent to fewer than 14 days.

h. *Depositions of Party Witnesses.* Consistent with Rule 30 of the Federal Rules of Civil Procedure, depositions of Party fact witnesses are limited to 7 hours on the record.

i. *Depositions of Expert Witnesses.* Each expert will be deposed once, and each expert deposition will be limited to one day of 7 hours on the record. The Parties will work in good faith regarding the timing of expert depositions.

j. *Remote Depositions.* The Parties agree to address separately any protocol for conducting depositions that may occur remotely and will submit a proposal no later than August 29, 2025.

15. **Discovery Dispute Resolution.** In the event of a dispute between the Parties and/or a non-party regarding any discovery issue, the Parties (and the non-party when applicable) shall meet and confer in an attempt to resolve the dispute. In the event of a dispute during a deposition, the Parties and/or non-parties shall memorialize the dispute on the record and present the dispute to the Court by motion within 7 business days of the close of the deposition. If the Court orders a Party or non-party to provide additional testimony (i.e., rejects the opposition of the Party or non-party to answering a particular question), the Party or non-party shall provide the witness for deposition on the testimony in question within 10 business days of the ruling.

16. **Demonstrative Exhibits.** Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged.

17. **Word Limits on Pre-trial Briefs.** The Parties agree that word-count limits are appropriate for both the Pre-Trial Briefs and the Proposed Findings of Fact and Conclusions of Law, and agree to suggest specific word-count limits to the Court after the close of discovery and after any summary judgment motions have been resolved.

18. **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

19. **Modification of Scheduling and Case Management Order.** Any Party may seek modification of this Order for good cause.

* * *

The Parties appreciate the Court's consideration of this proposed order.

DATED: July 31, 2025											Respectfully submitted,

By:   /s/ Craig Conrath
Craig Conrath
Christopher Jackson
Bennett J. Matelson
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 894-4266
Facsimile: (202) 514-7308
Craig.Conrath@usdoj.gov
Christopher.Jackson5@usdoj.gov
Bennett.Matelson@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*

SO ORDERED:

/s/ [signature]
U.S.D.J.
8/1/25

By:   /s/ Beth Wilkinson
Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

Jeremy Barber (SBN NY 5344304)
Anthony P. Ferrara (SBN NY 5656905)
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24
New York, NY 10036
(212) 294 8910
jbarber@wilkinsonstekloff.com
aferrara@ wilkinsonstekloff.com

Anne P. Davis (*admitted pro hac vice*)
Jonathan Ian Gleklen (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com

*Counsel for Defendant Visa, Inc.*