**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | 1:24-cv-7214 |
| v. | |
| VISA INC., | |
| *Defendant.* | |

**DEFENDANT VISA INC.'S AMENDED ANSWER**

Pursuant to Federal Rule of Civil Procedure 15, Defendant Visa Inc. ("Visa"), by and through undersigned counsel, submits the following answer to Plaintiff United States of America's Complaint as follows:

**RESPONSE TO *NATURE OF THE CASE*[*]**

1.      Visa admits that debit cards are a type of payment card used in the United States by individual and business consumers to, among other things, make purchases both online and in-person at merchants, that output of debit card transactions is growing, and that debit cards are used billions of times every year.  Visa denies the remaining allegations in Paragraph 1.

2.      Visa admits that debit transactions include debit card transactions, and that debit card transactions involve, among others, a cardholder, the cardholder's issuing bank, a merchant, the merchant's acquiring bank, and a debit card network.  Visa denies the remaining allegations in Paragraph 2.

3.      Visa admits that debit card transactions require a connection between a

---

[*] For ease of reference, Visa's Answer replicates the headings in the Complaint.  Although Visa believes no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

US 254696476

cardholder's bank and a merchant's bank and that thousands of cardholders' banks communicate through debit card networks with hundreds of merchants' banks. Visa denies the remaining allegations in Paragraph 3.

4.      Visa admits that to facilitate a debit transaction over the Visa network, the cardholder's issuing bank and the merchant's acquiring bank must be a member of Visa's network. Visa admits that issuers choose which networks to enable on their cards, merchants choose which networks to accept, and merchants or their acquiring banks, processors, or other intermediaries may choose which networks to use for a given transaction. Visa denies that it or other networks can compete for transactions only if the network connects to both the issuer and the acquirer. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other debit networks in Paragraph 4 and on that basis denies them. Visa denies the remaining allegations in Paragraph 4.

5.      Visa admits that Visa competes in a two-sided market, in which both issuer enablement and merchant acceptance are factors important to attracting cardholders and transactions to a network. Visa admits that the quoted language in Paragraph 5 appears in internal Visa correspondence, but Visa denies that the words quoted in Paragraph 5 accurately convey the full content and context of the conversation. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to other debit networks in Paragraph 5 and on that basis denies them. Visa denies the remaining allegations in Paragraph 5.

6.      Visa admits that Mastercard is a significant debit network that processes many U.S. debit transactions. Visa admits that PIN networks, which originally facilitated transactions by requiring accountholders to enter a PIN, are another type of debit network that processes U.S. debit transactions. Visa lacks knowledge and information sufficient to form a belief as to the

truth of the allegations regarding market share in the United States in Paragraph 6 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 6.

7.      Visa denies the allegations in Paragraph 7.

8.      Visa admits that the Dodd-Frank Wall Street Reform and Consumer Protection Act, which included the Durbin Amendment, was passed and signed into law in 2010.  The remainder of Paragraph 8 asserts legal conclusions or characterizes a Congressional enactment, and no response to those conclusions or characterizations is required.  To the extent any response is required, Visa denies the allegations in Paragraph 8 not otherwise admitted.

9.      Visa denies the allegations in Paragraph 9.

10.     Visa denies the allegations in Paragraph 10.

11.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 11 and on that basis denies them. Visa denies the remaining allegations in Paragraph 11.

12.     Visa denies the allegations in Paragraph 12.

13.     Visa denies the allegations in Paragraph 13.

14.     Visa admits that some digital platforms, including Apple, PayPal, and Square, offer payment products that allow cardholders to link their debit card credentials to digital payment products.  Visa denies the remaining allegations in Paragraph 14.

15.     Visa denies the allegations in Paragraph 15.

16.     Visa denies the allegations in Paragraph 16.

17.     Visa denies the allegations in Paragraph 17.

18.     Visa denies the allegations in Paragraph 18.

19.     Visa denies the allegations in Paragraph 19.

20.     Visa admits that payment networks compete in a two-sided market, in which both issuer enablement and merchant acceptance are factors important to attracting cardholders and transactions to a network.  Visa denies the remaining allegations in Paragraph 20.

21.     Visa denies the allegations in Paragraph 21.

22.     Visa denies the allegations in Paragraph 22.

23.     Paragraph 23 provides a characterization of Plaintiff's action and Plaintiff's asserted reasons for bringing it, to which no response is required.  To the extent a response is required, Visa denies the allegations in Paragraph 23.

## RESPONSE TO *DEBIT TRANSACTIONS*

24.     Visa admits that some payment cards permit a cardholder to, among other things, purchase goods and services by debiting from a variety of cardholder accounts.  Visa admits that debit transactions may be initiated in various ways, including without limitation in-person at merchants or online.  Visa denies the remaining allegations in Paragraph 24.

25.     Visa admits that debit cards have been used in the United States since the 1960s. Visa admits that ATMs can be used by customers to withdraw funds from their bank accounts with their debit cards.  Visa admits that debit card use in the United States has grown since its introduction in the 1960s.  Visa denies the remaining allegations in Paragraph 25.

26.     Visa admits that some debit card transactions involve the immediate authorization of a deduction of funds from, among other types of accounts, a cardholder's bank account, and that debit card transactions are an important and popular payment method with growing output within the U.S. financial system.  Visa denies the remaining allegations in Paragraph 26.

27.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

**Response to _Overview of Debit Transactions_**

28.     Visa admits that, among other things, debit cards permit cardholders to purchase goods and services by debiting from the cardholder's financial account.  Visa denies the remaining allegations in Paragraph 26.

29.     Visa admits that it operates debit networks that include infrastructure to facilitate the communications related to payment transactions between merchants' banks and cardholders' banks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to other debit networks in Paragraph 29 and on that basis denies them.

30.     Visa admits that it has contracts with issuing banks to issue payment cards to accountholders and refers to those contracts for their contents and context.  Visa admits that it has contracts with acquiring banks to allow merchants to accept its payment cards and refers to those contracts for their contents and context.  Visa lacks knowledge or sufficient information to form a belief as to the truth of the allegations concerning other debit networks in Paragraph 30 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 30.  Visa admits the allegations concerning issuing banks and acquiring banks in the first sentences of Footnotes 1 and 2.  The second sentences of Footnotes 1 and 2 describe how Plaintiff will use terms throughout the Complaint, and as such, no response is required.  To the extent a response is required, Visa denies the allegations in each second sentence in Footnotes 1 and 2.

31.     Visa denies the allegations in Paragraph 31.

32.     Visa admits that it operates debit networks that include infrastructure used to facilitate the authorization, settlement, and clearing of payment transactions made using Visa's debit networks.  Visa admits that part of its networks' services includes providing banks with settlement reports.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other debit networks in Paragraph 32 and on that basis denies them.

Visa denies the remaining allegations in Paragraph 32.

33.    Visa admits that it provides operating rules governing debit card transactions processed over Visa payment networks. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit networks in Paragraph 33.  Visa denies the remaining allegations in Paragraph 33.

34.    Visa admits that debit cards may be used by cardholders to make both in-person and online purchases (among other things) using money debited from the cardholder's financial account.  Visa admits that Visa-branded debit cards typically have several forms of identifiable information, including a 16-digit card number, an expiration date, and a card verification value, and an EMV security chip.  Visa admits that some debit cards display their so-called "front-of-card" and "back-of-card" networks as illustrated hypothetically in Figure 1.  Visa otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Figure 1 and on the basis denies them.  Visa denies the remaining allegations in Paragraph 34.

35.    Visa admits that in Visa debit network transactions, the acquiring bank or acquiring processor sends the cardholder's account and transaction information to the Visa debit network, and Visa facilitates the authorization, clearing, and settlement of the transaction payment.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 regarding other debit networks and on that basis denies them.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 regarding cardholders, merchants, acquirers, and issuers and on that basis denies them.  Visa denies the remaining allegations in Paragraph 35.

36.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies them.

37.     Visa admits that a transaction facilitated while the cardholder is physically present at the point-of-sale may be referred to as a card-present transaction.  Visa admits that a transaction facilitated when the cardholder is not physically present at the point-of-sale may be referred to as a card-not-present transaction. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in Paragraph 37 and on that basis denies them.  Visa admits that a card-not-present transaction may be facilitated by manually entering payment card credentials online or using payment card credentials that are stored in a digital wallet.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh and eighth sentences in Paragraph 37 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 37.

**Response to _Debit Networks_**

      **1.   Response to _Issuers Select Which Networks Are Enabled on a Debit Card_**

38.     Visa admits that debit cards issued by U.S. financial institutions typically must include at least two unaffiliated debit card networks and that issuers typically choose which debit card networks to enable on their debit cards.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit cards in Paragraph 38 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 38.

39.     Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies them.

40.     Visa admits to having contractual relationships with issuers and refers to those contracts for their contents and context. Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 40 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 40.

41.     Visa admits that some Visa-branded debit cards include Interlink as a back-of-

card network and that U.S. financial institutions that issue Visa-branded debit cards in the United States are typically required by the Durbin Amendment regulations to enable at least one debit card network unaffiliated with Visa.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies them.

42.     Visa admits that issuers of debit cards determine which networks will be enabled on the debit cards they issue and which network functionalities to enable for each network they choose to enable.  Visa denies the remaining allegations in Paragraph 42.

### 2. Response to *How Debit Networks Get Paid*

43.     Visa admits that Visa generally charges network fees to financial institutions for access to the Visa payment card networks and other services.  Visa admits that Visa's Fixed Acquirer Network Fee is charged to acquiring banks.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the network fees of other debit networks in Paragraph 43 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 43.

44.     Visa admits that an interchange fee is a transaction fee paid by an acquirer to an issuer on transactions processed by Visa's debit networks.  Visa admits that it establishes default interchange reimbursement fee schedules that apply to transactions where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  Visa admits that the Durbin Amendment and regulations set caps on debit network interchange fees for issuers that are not exempt as that term is defined in the Durbin Amendment and regulations. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit networks in Paragraph 44 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 44.

45.     Visa lacks knowledge or information sufficient to form a belief as to the truth of

the allegations regarding the division of fees between a merchant and acquirer in Paragraph 45 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 45.

### 3.  Response to *U.S. Debit Network Evolution Helped Visa Obtain Dominance*

46.    Visa admits that in the 1960s, certain financial institutions in the United States began issuing ATM cards to their customers.   Visa admits that ATM cards can be used by customers to withdraw funds from their bank accounts at ATMs using a PIN number.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis denies them.

47.    Visa admits that, historically, some ATM networks added point-of-sale functionality to become debit card networks and that STAR, NYCE, and Pulse, among others, typically operated at the point-of-sale based on the entry of a PIN.  Visa denies the remaining allegations in Paragraph 47.

48.    Visa admits that before the Visa corporate restructuring leading to its IPO in 2008, Visa International Service Association and Visa U.S.A. Inc. were membership corporations.  Visa admits that it introduced its debit card networks after the introduction of ATM cards.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Mastercard and on that basis denies them.  Visa denies the remaining allegations in Paragraph 48.

49.    Visa admits that in 2003, the Second Circuit affirmed a district court ruling enjoining Visa U.S.A.'s then-bylaw 2.10(e).  Visa further admits that in separate and unrelated private litigation, Visa reached a private settlement bifurcating its Honor All Cards rules between debit card acceptance and credit card acceptance.  Visa denies that the Plaintiff's description of these litigations accurately reflects the full content and context of the cases, court's opinion, or the settlement.  Visa lacks knowledge and information sufficient to form a belief as to the truth

of the allegations regarding Mastercard in the first sentence of Paragraph 49 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 49.

50.    Visa admits that in 2008, Visa Inc. became a publicly traded corporation.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Mastercard in Paragraph 50 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 50.

51.    Paragraph 51 asserts legal conclusions or characterizes a Congressional enactment, and no response to those conclusions or characterizations is required.  To the extent any response is required, Visa denies the allegations in Paragraph 51.

52.    Paragraph 52 asserts legal conclusions or characterizes a Congressional enactment, and no response to those conclusions or characterizations is required.  To the extent any response is required, Visa denies the allegations in Paragraph 52.

53.    Visa admits that the language quoted in the last sentence of Paragraph 53 appears in internal correspondence of a former Head of Product North America, but Visa denies that the quoted material in Paragraph 53 accurately reflects the full content and context of the document. Visa denies the remaining allegations in Paragraph 53.

###    4.    Response to *PIN Networks Lack Scale and Meaningful Opportunities to Compete for Debit Transactions*

54.    Visa admits that a Visa debit network must be enabled on a debit card by the card issuer in order for debit transactions originating on the card to be eligible to be routed to Visa. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other debit networks in Paragraph 54 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 54.

55.    Visa admits that debit networks compete in a two-sided market, in which both

issuer enablement and merchant acceptance are factors important to attracting cardholders and transactions to a network.  Visa admits that the words quoted in the last sentence of Paragraph 55 appear in an executive's internal correspondence, but Visa denies that the quoted material accurately reflects the full content and context of the statements.  Visa denies the remaining allegations in Paragraph 55.

56.    Visa admits that PIN debit networks have introduced so-called "PINless" products.  Visa denies the remaining allegations in Paragraph 56.

57.    Visa denies the allegations in Paragraph 57.

58.    Visa denies the allegations in Paragraph 58.

59.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding what merchants "feel" and on that basis denies them.  Visa denies the remaining allegations in Paragraph 59.

### 5.    Response to *Alternative Debit Networks*

60.    Visa admits that options other than debit cards exist to make debit purchases. Visa admits that certain companies have developed methods through which debit payments may be facilitated.  Visa denies the remaining allegations in Paragraph 60.

61.    Visa admits that a payment solution provider can use ACH or RTP to facilitate consumer-to-merchant transactions.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 61 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 61.

62.    Visa denies the allegations in Paragraph 62.

**RESPONSE TO *VISA SYSTEMATICALLY DOMINATES DEBIT TRANSACTIONS IN THE UNITED STATES THROUGH EXCLUSIONARY AND ANTICOMPETITIVE CONDUCT***

**Response To *Visa Has Been the Largest, Most Powerful Debit Network for Over a Decade***

63.     Visa admits that it had a global operating income of $18.8 billion in 2022 and denies the remaining allegations in Paragraph 63.

64.     Visa admits that Visa generally charges network fees to financial institutions for access to the Visa payment card networks and other services.  Visa admits that it earns billions of dollars in revenue from its debit transactions.  Visa admits that in 2022, it made more revenue from its U.S. debit transactions than it did from its U.S. credit transactions.  Visa denies the remaining allegations in Paragraph 64.

65.     Visa admits the words quoted appear in a former CFO's internal documents, but Visa denies that the quote accurately reflects the full content and context of the statement.  Visa denies the remaining allegations in Paragraph 65.

66.     Visa denies the allegations in Paragraph 66.

67.     Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding its front-of-card debit card market share in Paragraph 67.  Visa admits that the words quoted appear in a former Head of Product North America's internal document, but Visa denies that the quote in Paragraph 67 accurately reflects the full content and context of the statement.  Visa denies the remaining allegations in Paragraph 67.

68.     Visa denies the allegations in Paragraph 68.

69.     Visa denies the allegations in Paragraph 69.

**Response to *Visa Entered into a Web of Contracts to Hinder PIN Networks from Competing***

70.     Visa denies the allegations in Paragraph 70.

71.     Visa denies the first sentence in Paragraph 71.  Visa admits that the Federal

Reserve's October 2022 clarification to Regulation II went into effect in 2023. The remainder of Paragraph 71 asserts legal conclusions or characterizes a Congressional enactment and the Federal Reserve regulation, and no response to those conclusions or characterizations is required. To the extent any response is required, Visa denies the allegations in Paragraph 71 not otherwise admitted.

72.    Visa admits that the quoted words appear in an internal document, but Visa denies that the quote accurately reflects the full content and context of those documents or Visa's position with respect to response to the Durbin Amendment. Visa denies the remaining allegations in 72.

73.    Visa denies the allegations in Paragraph 73.

74.    Visa denies the allegations in Paragraph 74.

      **1.    Response to *Visa's Contracts with Merchants and Acquirers Unlawfully Inhibit Competition and Stifle Innovation***

75.    Visa denies the allegations in Paragraph 75.

76.    Visa admits that it has entered into agreements with certain merchants and acquirers at various times with individually negotiated terms. Visa refers to those agreements for their contents and context. Visa denies the remaining allegations in Paragraph 76.

77.    Visa admits that it has entered into certain agreements with acquirers or merchants at various times with individually negotiated terms. Visa refers to those agreements for their contents and context. Visa denies the remaining allegations in Paragraph 77.

78.    Visa admits that it has entered into certain agreements with acquirers or merchants at various times with individually negotiated terms. Visa refers to those agreements for their contents and context. Visa denies the remaining allegations in Paragraph 78.

79.    Visa lacks knowledge or information sufficient to form a belief as to the truth of

the allegations regarding merchants' and acquirers' motivations in entering contracts with

networks in Paragraph 79 and on that basis denies them.  Visa lacks knowledge or information

sufficient to form a belief as to the truth of the allegations regarding PIN networks' rates in

Paragraph 79 and on that basis denies them.  Visa denies the remaining allegations in Paragraph

79.

80.    Paragraph 80 does not include any factual allegations, and no response to the

hypothetical posed in Paragraph 80 is required.  To the extent any response is required, Visa

denies the allegations in Paragraph 80.

81.    Paragraph 81 relies on the same hypothetical posed in Paragraph 80, and as such,

contains no factual allegations, to which no response is required.  To the extent any response is

required, Visa denies the allegations in Paragraph 81.

82.    Visa admits that Visa has entered into agreements with certain acquirer processors

at various times with individually negotiated terms.  Visa refers to those agreements for their

contents and context.  Visa denies the remaining allegations in Paragraph 82.

83.    Visa lacks knowledge and information sufficient to form a belief as to the truth of

the allegations regarding other debit card networks in Paragraph 83 and on that basis denies

them.  Visa denies the remaining allegations in Paragraph 83.

84.    Visa admits that the words quoted in Paragraph 84 appear in internal

correspondence, but Visa denies that the quote accurately reflects the full content and context of

the discussion.  Visa denies the remaining allegations in Paragraph 84.

85.    Visa denies the allegations in Paragraph 85.

86.    Visa admits that the words quoted in Paragraph 86 appear in internal

correspondence, but Visa denies that the quoted material accurately reflects the full content and

context of the correspondence.  Visa denies the remaining allegations in Paragraph 86.

87.    Visa admits that in 2012 Visa introduced its Fixed Acquirer Network Fee structure, which is charged to acquiring banks and may include a monthly fee that varies based on multiple factors.  Visa denies the remaining allegations in Paragraph 87.

### 2. Response to *Visa's Contracts with Issuers Unlawfully Restrict the Growth of Its Debit Competitors*

88.    Visa admits that issuers choose which debit networks to enable on their cards. Visa also admits that it has an issuing agreement with JPMorgan Chase.  Visa refers to that agreement for its contents and context.  Visa denies the remaining allegations in Paragraph 88.

89.    Visa admits that it has entered into certain agreements with issuers at various times with individually negotiated terms.  Visa refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 89.

90.    Visa denies the allegations in Paragraph 90.

91.    Visa admits that it has entered into certain agreements with issuers at various times with individually negotiated terms.  Visa refers to those agreements for their contents and context.  Visa admits that the language quoted in Paragraph 91 appears in internal correspondence of a Visa executive, but Visa denies that the quotes in Paragraph 91 accurately reflect the full content and context of the statements.  Visa denies the remaining allegations in Paragraph 91.

92.    Visa denies the allegations in Paragraph 92.

93.    Visa admits that it has entered into certain agreements with issuers at various times with individually negotiated terms.  Visa refers to those agreements for their contents and context.  Visa denies the remaining allegations in Paragraph 93.

94.    Visa admits that it has entered into certain agreements with issuers at various

times with individually negotiated terms.  Visa refers to those agreements for their contents and

context.  Visa denies the remaining allegations in Paragraph 94.

### 3.  Response to *Visa's Response to the Durbin Amendment Successfully Protected Its Monopoly from Competition.*

95.     Visa denies the allegations in Paragraph 95.

96.     Visa lacks knowledge and information sufficient to form a belief as to the truth of

the allegations regarding other debit networks in Paragraph 96 and on that basis denies them.

Visa denies the remaining allegations in Paragraph 96.

97.     Paragraph 97 asserts legal conclusions or characterizes a Congressional

enactment, and no response to those conclusions or characterizations is required.  To the extent

any response is required, Visa denies the allegations in Paragraph 97 not otherwise admitted.

98.     Visa denies the allegations in Paragraph 98.

99.     Visa denies the allegations in Paragraph 99.

### 4.  Response to *Visa Uses Its Monopoly Power to Deprive Its Rivals of Scale*

100.     Visa denies the allegations in Paragraph 100.

101.     Visa denies the allegations in Paragraph 101.

102.     Visa lacks knowledge and information sufficient to form a belief as to the truth

regarding other PIN networks' competitive strategies in Paragraph 102 and on that basis denies

them.  Visa denies the remaining allegations in Paragraph 102.

103.     Visa lacks knowledge and information sufficient to form a belief as to the truth of

the allegations in the third and fourth sentences of Paragraph 103 and on that basis denies them.

Visa denies the remaining allegations in Paragraph 103.

104.     Visa lacks knowledge and information sufficient to form a belief as to the truth of

the allegations concerning other networks in Paragraph 104 and on that basis denies them.  Visa

denies the remaining allegations in Paragraph 104.

105.    Visa denies the allegations in Paragraph 105.

106.    Visa admits that the words quoted appear in internal correspondence, but Visa denies that the quoted material accurately reflects the full content and context of the discussion. Visa denies the remaining allegations in Paragraph 106.

107.    Visa admits that in connection with its compliance with the Durbin Amendment's regulations, JPMorgan Chase requested and received a waiver of certain provisions of its contract with Visa in 2023.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Chase's relationship with Mastercard in Paragraph 107 and on that basis denies them.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Maestro's PINless offerings in Paragraph 107 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 107.

**Response to *Visa Uses Its Monopoly Power to Squash Innovative Alternatives to Its Debit Network***

108.    Visa admits that debit cards are not the only way for consumers to pay with money in their financial accounts and that consumers may use alternative debit networks to those offered by Visa.  Visa admits that the quoted words were used by its CEO, but Visa denies that the quote accurately reflects the full content and context of the statement. Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding other debit networks in Paragraph 108 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 108.

109.    Visa admits that Apple Pay, Google Pay, and PayPal are examples of digital wallets.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the functioning of digital wallets in Paragraph 109 and on that basis denies

them.  Visa denies the remaining allegations in Paragraph 109.

110.    Visa admits that the words quoted in Paragraph 110 were said by its former CFO at a conference, but denies that the quotes accurately reflect the full content and contexts of the statements.  Visa denies the remaining allegations in Paragraph 110.

111.    Visa admits that debit transactions that occur online and the volume associated with those transactions have substantially increased over at least the past decade, although paragraph 111 does not accurately describe these industry developments. Visa denies the remaining allegations in Paragraph 111.

112.    Visa admits that the quoted words in Paragraph 112 appear in various internal documents, but Visa denies that the quotes are fully accurate or accurately reflect the full content and context of those documents.  Visa denies the remaining allegations in Paragraph 112.

### 1.    Response to *Visa Fears that Fintech Debit Networks Will Disintermediate Its Lucrative Debit Business*

113.    Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the functioning and capabilities of other companies' debit networks in Paragraph 113 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 113.

114.    Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding other participants in the payments ecosystems in Paragraph 114 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 114.

115.    Visa admits that The Clearing House and the Federal Reserve have successfully introduced bank transfer alternatives to ACH to the market.  Visa denies the remaining allegations in Paragraph 115.

116.    Visa admits that digital wallets can be used to complete cardholder-to-merchant

transactions, sometimes with funds in the wallet.  Visa admits that PayPal and Square's Cash App operate as staged digital wallets in the United States.  Visa admits that there is another type of digital wallet, called a pass-through wallet, and Apple Pay and Google Pay are examples.  Visa lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and on that basis denies them.

117.    Visa lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 117 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 117.

118.    Visa denies the allegations in Paragraph 118.

## 2.    Response to *Visa Leveraged Its Debit Monopoly to Prevent PayPal and Others from Disintermediating Visa with Staged Digital Wallets*

119.    Visa admits that it has an agreement with PayPal signed in 2016 and refers to that agreement for its content and context.  Visa denies the remaining allegations in Paragraph 119.

120.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding merchants' acceptance of PayPal in the 2000s and early 2010s and on that basis denies them.  Visa denies the remaining allegations in Paragraph 120.

121.    Visa admits that the quoted words in the third sentence of Paragraph 121 were used in two internal documents, but Visa denies that the quotes accurately reflect the full content and context of those documents.  Visa admits that the quoted words in the fourth sentence of Paragraph 121 were used by a Visa employee, but Visa denies that the quote accurately reflects the full content and context of the discussion.  Visa lacks information and knowledge sufficient to form a belief as to the truth of the allegations regarding PayPal's product and offerings in Paragraph 121 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 121.

122.    Visa denies the allegations in Paragraph 122.

123.    Visa lacks knowledge and information sufficient to form a belief as to the allegations regarding PayPal's partnerships with merchants in Paragraph 123 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 123.

124.    Visa admits that it entered into a new contract with PayPal in 2022.  Visa refers to the agreement for its contents and context.  Visa denies the remaining allegations in Paragraph 124.

125.    Visa denies the allegations in Paragraph 125.

126.    Visa admits having a contractual relationship with Square and refers to the contracts for content and context.  Visa denies the remaining allegations in Paragraph 126.

127.    Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Square Cash in the first and second sentences of Paragraph 127 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 127.

128.    Visa admits that it signed an agreement with Square to participate in Square Cash and refers to the contract for content and context.  Visa denies the remaining allegations in Paragraph 128.

129.    Visa admits that the words quoted in Paragraph 129 were used by a Visa employee, but denies that the quote accurately portrays the full content and context of the discussion and Visa's position on its agreement with Square.

130.    Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence in Paragraph 130 and on that basis denies them.  Visa denies the remaining allegations of Paragraph 130.

131.    Visa admits that it communicated with Square concerning Cash Drawer and

Square Cash, but Paragraph 131 mischaracterizes those communications and on that basis Visa denies the allegations about those communications in Paragraph 131.  Visa denies the remaining allegations in Paragraph 131.

132.    Visa admits that the words quoted in the fourth sentence of Paragraph 132 were used by a Visa employee, but Visa denies that the quoted language accurately reflects the full content and context of the statement.  Visa lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 132 and on that basis denies them.  Visa admits that it negotiated with Square regarding staged digital wallet fees.  Visa refers to the agreement with Square for its content and context.  Visa denies the remaining allegations in Paragraph 132.

### 3. Response to *Visa Uses Its Leverage Over Its Potential Debit Competitors, Including Apple, Paying Them Not to Create or Promote Competitive Products*

133.    Visa denies the allegations in Paragraph 133.

134.    Visa denies the allegations in Paragraph 134.

135.    Visa admits that it has entered into individually negotiated agreements with merchants, and refers to those agreements for content and context.  Visa admits that the quoted words in Paragraph 135 were used by a Visa employee, but Visa denies that the quotes in Paragraph 135 accurately reflect the full content and context of the statement.  Visa denies the remaining allegations in Paragraph 135.

136.    Visa admits it has agreements with Apple, and refers to those agreements for content and context.  Visa denies the remaining allegations in Paragraph 136.

137.    Visa admits that the quoted language in Paragraph 137 was used internally, but Visa denies that the quotes in Paragraph 137 accurately reflect the full content and context of the discussions.  Visa denies the remaining allegations in Paragraph 137.

## RESPONSE TO *ANTICOMPETITIVE EFFECTS*

138.    Visa denies the allegations in Paragraph 138.

139.    Visa denies the allegations in Paragraph 139.

140.    Visa denies the allegations in Paragraph 140.

141.    Visa denies the allegations in Paragraph 141.

142.    Visa denies the allegations in Paragraph 142.

143.    Visa denies the allegations in Paragraph 143.

144.    Visa denies the allegations in Paragraph 144.

145.    Paragraph 145 is made up of three normative statements and no factual allegations, and as such, no response is required.  To the extent any response is required, Visa denies the allegations in Paragraph 145.

146.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Maestro's PINless program in Paragraph 146 and denies them on this basis.  Visa denies the remaining allegations in Paragraph 146.

## RESPONSE TO *NO COUNTERVAILING FACTORS*

147.    Visa denies the allegations in Paragraph 147.

## RESPONSE TO *THE RELEVANT U.S. DEBIT MARKETS*

148.    Paragraph 148 contains legal conclusions to which no answer is required.  To the extent that a response is required, Visa denies the allegations in Paragraph 148.

149.    Paragraph 149 contains legal conclusions to which no answer is required.  To the extent that a response is required, Visa denies the allegations in Paragraph 149.

### Response to *The United States Is a Relevant Geographic Market*

150.    Visa states that the allegations in the first two sentences are legal conclusions to which no response is required.  To the extent a response is required, Visa denies those

allegations.  Visa denies the remaining allegations in Paragraph 150.

**Response to *Relevant Product Markets***

151.    Visa denies the allegations in Paragraph 151.

**1.    Response to *General Purpose Debit Network Services Are a Relevant Product Market***

152.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other debit card networks and other companies' product and service offerings and on that basis denies them.  Visa denies the remaining allegations in Paragraph 152.

153.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and on that basis denies them.

154.    Visa admits that payment networks are a two-sided market, in which both issuer enablement and merchant acceptance are factors important to attracting cardholders and transactions to a network.  Visa denies the remaining allegations in Paragraph 154.

155.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of consumers, issuers, merchants, and acquirers in Paragraph 155 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 155.

156.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other companies' debit networks in Paragraph 156 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 156.

157.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other card networks and accountholders in Paragraph 157 and on that basis denies them. Visa denies the remaining allegations in Paragraph 157.

158.    Visa denies the allegations in Paragraph 158.

159.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding ACH transfers and whether they are inconvenient for consumers and merchants in Paragraph 159 and on that basis denies them. Visa denies the remaining allegations in Paragraph 159.

160.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding cash and check payments and how they are viewed by merchants and accountholders in Paragraph 160 and on that basis denies them. Visa denies the remaining allegations in Paragraph 160.

### 2.    Response to *General Purpose Card-Not-Present Debit Network Services Are a Relevant Product Market*

161.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how other industry participants categorize debit network services in Paragraph 161 and on that basis denies them. Visa denies the remaining allegations in Paragraph 161.

162.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and on that basis denies them.

163.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 163 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 163.

### RESPONSE TO *VISA HAS MONOPOLY POWER IN THE U.S. DEBIT MARKETS*

164.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 164 and on that basis denies them. Visa denies the remaining allegations in Paragraph 164.

165.    Visa denies the allegations in Paragraph 165.

166.    Visa denies the allegations in Paragraph 166.

167.    Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 167 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 167.

168.    Visa denies the allegations in Paragraph 168.

169.    Visa denies the allegations in Paragraph 169.

170.    Visa admits that many merchants accept Visa and Mastercard debit cards.  Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 170 and on that basis denies them.  Visa denies the remaining allegations in Paragraph 170.

171.    Visa admits that Visa operates in a two-sided market for its payment network services.  Visa denies the remaining allegations in Paragraph 171.

172.    Visa admits that issuers generally only issue debit cards under a single "front-of-card network," but denies the remaining allegations and characterizations in Paragraph 172.

173.    Visa denies the allegations of Paragraph 173.

174.    Visa denies the allegations in Paragraph 174.

175.    Visa admits that in 2012 it implemented a Fixed Acquirer Network Fee, and in 2023, Visa implemented a Digital Commerce Service fee.  Visa denies the remaining allegations in Paragraph 175.

### RESPONSE TO *JURISDICTION, VENUE, AND COMMERCE*

176.    Visa admits that the Complaint purports to have been filed under Section 4 of the Sherman Act, 15 U.S.C. § 4, to prevent and restrain violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2, but denies that these claims are proper and denies that the United States is entitled to any relief whatsoever.  Visa denies the remaining allegations in Paragraph

176.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is required.

178.    Visa admits that it transacts business in this District.  The remaining allegations in Paragraph 178 are legal conclusions to which no response is required.

179.    Visa admits that Visa is a Delaware corporation with its principal place of business in the San Francisco Bay Area, California.  Visa admits that its networks are accepted in many countries globally, and that Visa's global networks processed billions of debit card transactions valued at trillions of U.S. dollars in 2023.  Visa admits that it operates two-sided transaction platform networks that include infrastructure used to facilitate the authorization, settlement, and clearing of debit card transactions.  Visa admits to reporting approximately $32.7 billion in net revenues for fiscal year 2023, including approximately $14.1 billion from United States operations, as reported stated in Visa's Annual Report.  Visa denies the remaining allegations in Paragraph 179.

180.    Visa admits that it provides and offers services throughout the United States, including within this District.  Visa denies the remaining allegations in Paragraph 180.

### RESPONSE TO *VIOLATIONS ALLEGED*

**Response to *First Claim for Relief: Monopolization of the Markets for General Purpose Debit Network Services and General Purpose Card-Not-Present Debit Network Services in the United States in Violation of Sherman Act § 2***

181.    Visa incorporates its responses to the allegations of paragraphs 1 through 180 above.

182.    Visa denies the allegations in Paragraph 182.

183.    Visa denies the allegations in Paragraph 183.

184.    Visa denies the allegations in Paragraph 184.

185.    Visa denies the allegations of Paragraph 185.

186.    Visa denies the allegations in Paragraph 186.

**Response to *Second Claim for Relief: Attempted Monopolization of the Markets for General Purpose Debit Network Services and General Purpose Debit Card- Not-Present Debit Network Services in the United States in Violation of Sherman Act § 2***

187.    Visa responds to the allegations in Paragraph 187 of the Complaint as it did when those allegations were made separately.

188.    Visa denies the allegations in Paragraph 188.

189.    Visa denies the allegations in Paragraph 189.

190.    Visa denies the allegations in Paragraph 190.

191.    Visa denies the allegations in Paragraph 191.

192.    Visa denies the allegations in Paragraph 192.

**Response to *Third Claim for Relief: Unlawful Agreements Not to Compete in Violation of Sherman Act § 1***

193.    Visa responds to the allegations in Paragraph 193 of the Complaint as it did when those allegations were made separately.

194.    Visa denies the allegations of Paragraph 194.

195.    Visa denies the allegations of Paragraph 195.

196.    Visa denies the allegations in Paragraph 196.

197.    Visa denies the allegations in Paragraph 197.

**Response to *Fourth Claim for Relief: Unlawful Agreements that Restrain Trade in Violation of Sherman Act § 1***

198.    Visa responds to the allegations in Paragraph 198 of the Complaint as it did when those allegations were made separately.

199.    Visa denies the allegations in Paragraph 199.

200.    Visa denies the allegations in Paragraph 200.

201.    Visa denies the allegations in Paragraph 201.

202.    Visa denies the allegations in Paragraph 202.

## RESPONSE TO *REQUEST FOR RELIEF*

203. Visa denies that Plaintiff is entitled to any and all relief whatsoever and further denies all allegations in Paragraph 203.

Visa denies any and all allegations in the Complaint, whether express or implied and including in all headers, not expressly admitted or qualified herein.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Visa asserts the following affirmative or other defenses. Visa reserves the right to assert further defenses or amend, withdraw, supplement, or modify these defenses as the case proceeds.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Visa had legitimate business justifications for the conduct at issue, including in response to the Durbin Amendment and the new regulations impacting the industry, its conduct was procompetitive and outweighed any alleged anticompetitive effects, and its practices were and are reasonably justified.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiffs' allegations and evidence do not establish a valid relevant antitrust market.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Visa does not have monopoly and/or market power in a properly defined antitrust market.

## FOURTH DEFENSE

Plaintiff's exclusive dealing claims are barred in whole or in part because Visa's

contracts are pro-competitive discounting arrangements, are reflective of common industry practices, are responsive to demands from sophisticated customers, and have not resulted in substantial foreclosure in a properly defined antitrust market.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Visa's contracts are not "predatory" or otherwise below an appropriate measure of Visa's costs in a properly defined antitrust market.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Visa has no agreements that pay competitors not to compete or agreements that pay potential competitors not to develop alternatives to debit card networks or adopt technologies to disintermediate debit card networks.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because there was no harm to competition or consumers in the form of increased prices, reduced output, reduced quality, or reduced innovation in a properly defined antitrust market.

### EIGHTH DEFENSE

The relief sought by Plaintiff would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

WHEREFORE, Defendant Visa Inc. respectfully requests that the Court:

     a.     dismiss the Complaint with prejudice;

     b.     enter judgment in Visa's favor and against Plaintiff; and

     c.     grant Visa such other and further relief, at law or in equity, as the Court deems just and proper.

Dated:  August 22, 2025

Respectfully submitted,

*/s/ Anne P. Davis*
Anne P. Davis (admitted pro hac vice)
Jonathan Ian Gleklen (admitted pro hac vice)
Margaret A. Rogers (SBN NY 4647087)
**ARNOLD & PORTER
  KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com
margaret.rogers@arnoldporter.com

Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted pro hac vice)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

Jeremy Barber (SBN NY 5344304)
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294 8910
Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com

*Counsel for Defendant Visa Inc.*