UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               *Plaintiff,*<br><br>    v.<br><br>VISA INC.,<br><br>              *Defendant.* | Case No. 1:24-cv-07214-JGK-SLC<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR REMOTE DEPOSITIONS** |

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, that this Stipulated Protocol Regarding Remote Depositions shall govern the procedures for conducting remote depositions in this action.

I.    **General Guidelines**

1. This Protocol will govern, subject to Court approval, the taking of depositions of party and third-party witnesses in the above-captioned matter via remote means. For purposes of this Protocol, the terms "remote depositions," "taken remotely," and "remote means" include hybrid depositions (i.e., depositions where some participants are remote and some are in person). This Protocol is not an agreement by the parties to take all depositions via remote means, does not waive any party's ability to participate in a deposition in person, and does not restrict remote viewing in an otherwise in-person deposition.

2. All remote depositions in this action shall be conducted using videoconference technology, and all deponents shall be recorded by both stenographic means and video recording. The court reporter may be given a copy of the video recording of the deposition and may review

such video recording to improve the accuracy of the written transcript. The parties waive any objection to the deposition based on the fact that the court reporter is not physically present with the deponent.

3. To host a remote deposition, a deposition vendor must have implemented adequate security measures to ensure the confidentiality of the deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" for remote participants that allows the court reporter to admit only individuals authorized to attend the deposition.

4. Testimony provided in remote depositions may be used in this action with the same force and effect as an in-person deposition. The parties agree not to object to the use of the deposition testimony or video recording on the basis that the deposition was taken and recorded remotely. The parties reserve the right to raise all other available objections to the use of the deposition testimony in this action.

**II.    Notice**

5. The party noticing the deposition shall indicate whether the deposition is to be in person or conducted remotely. A noticing party's decision to conduct a deposition remotely does not limit the ability of the deponent's counsel to be physically present with the deponent. If the deposition is cross-noticed, and one noticing party indicates that the deposition is to be conducted in person, the deposition will presumptively be conducted in person, but pursuant to Rules 29(a) and 30(b)(4) of the Federal Rules of Civil Procedure, the parties may stipulate that the deposition be conducted remotely. The parties will consider in good faith and will meet and confer on any request by a party or witness that a deposition be conducted remotely.

6. Where a deposition is noticed to be in person, any participant (other than the deponent)

may elect to participate in the deposition remotely for any reason but must provide notice of this decision to the other party, the deponent, and deponent's counsel at least ten days in advance of the deposition. This ten-day notice obligation shall not apply to counsel who intend to participate solely in "listening" mode (i.e., remotely watching or listening to a deposition without actively participating in questioning or objections). Remote deposing counsel and remote counsel with responsibility for objecting or otherwise participating on behalf of a party shall be identified individually on the record and to the deponent.

7. All notices of remote depositions served in this matter shall describe the remote means of taking the deposition, including (a) that the deposition will be taken by remote means; (b) the court reporting service being used to record the deposition (the "Designated Court Reporting Service"); (c) the videoconference platform that will be used for the deposition (e.g., Zoom); and (d) that the deposition will be recorded by stenographic means and video recording. If an in-person deposition is noticed and a party elects to participate remotely (not just in "listening mode"), the party participating remotely is responsible for giving all other participants notice of the videoconference platform they will use for their participation no later than 48 hours prior to the noticed start time of the deposition. For any remote deposition of a third party, the party noticing the remote deposition shall serve a copy of this Protocol to the witness and, where applicable, their counsel.

8. The deposition notices and nonparty deposition subpoenas must also otherwise comply with the notice requirements of Federal Rules of Civil Procedure 30(b) and 45 (when applicable).

## III. Court Reporter and Administration of the Oath

9. No later than noon Eastern Time the day before the deposition, the party that serves the first notice of a remote deposition will ensure that information regarding how to access the video

conference platform (e.g., hyperlink to Zoom conference room) is provided to all participants in the deposition (which obligation may be satisfied by providing the information to the opposing party's and deponent's counsel).

10. It will be the responsibility of the party that serves the first notice of a remote deposition to ensure that the Designated Court Reporting Service is aware of, capable of complying with, and agrees to comply with this Protocol.

11. The court reporter shall be permitted to administer the oath and record the deposition, and the parties waive any objection to the qualifications of the court reporter before whom the deposition is taken, so long as the court reporter is qualified to administer the oath and record depositions in federal court within the district in which the court reporter is physically located at the time of the deposition.

12. The court reporter may administer the oath or affirmation from a different physical location than the deponent, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the deponent (even if the court reporter is not a notary public in the state where the deponent is located).

13. The party noticing the deposition to be taken remotely bears the costs of the Designated Court Reporting Service's remote services, with the exception of copies of transcripts, video recordings, or real-time text feed. In the event of cross-noticed depositions where at least one is noticed to be taken remotely and the parties have agreed to conduct the deposition remotely, the costs of the Designated Court Reporting Service shall be split evenly between the noticing parties. If an in-person deposition is noticed and counsel for the non-noticing party elects to participate remotely, the party participating remotely shall be responsible for coordinating with

the in-person court reporting service to ensure videoconference technology is available and will bear the costs of such additional services. Counsel that want to view or listen to an in-person deposition remotely but not participate (i.e., "listening mode" participants) shall be responsible for any incremental costs for that access.

## IV.     Technology and Setting

14. Any remote deposition shall use a platform and system(s) that comply with all requirements of this Protocol, including the ability to provide high-quality and reliable video and audio streaming to all participants. The Designated Court Reporting Service will make available a real-time text feed to participants upon request, at the expense of the requesting party.

15. All participants in the deposition (including parties, the deponent, and the deponent's counsel) will work cooperatively to address and troubleshoot technological (including audio or video) issues that arise during a remote deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any participant to proceed with a deposition where the participants are unable to hear or understand each other (except that technical difficulties of additional counsel for a party participating in "listening mode" remotely shall not interfere with the deposition). Time spent dealing with technical difficulties will not be counted against any applicable time limits for the deposition. If technical difficulties arise during the taking of a remote deposition, and there is no technical specialist available during the deposition, counsel for the parties and the deponent (and/or the deponent's counsel, if applicable) must meet and confer as soon as is practicable, by telephone or other means, to determine whether the deposition can proceed or should be continued to a future date. If technical difficulties arise that make the completion of a remote deposition impracticable, counsel for parties and the deponent shall resume the deposition on a

mutually convenient date within a reasonable period of time.

16. If participating remotely, the deponent is responsible for locating a private, quiet space in which to participate in the deposition without interruption. If the deponent is a third party and is unable to reasonably locate a suitable location for the deposition, the party first noticing the deposition as a remote deposition shall arrange a suitable location for the deponent to participate in the deposition. All communication devices, including mobile phones, other than the device hosting the video conferencing platform used by the Designated Court Reporting Service for that deposition, must be turned off or removed from the location of the deposition.

17. It shall be the responsibility of the deponent and their counsel (if applicable) to ensure that the deponent has adequate equipment (e.g., computer, webcam, microphone), applications and/or software necessary to conduct the deposition and view exhibits, Internet access, and bandwidth necessary to participate in a video deposition without interruption. If the deponent is a third party and is unable to reasonably access suitable equipment, the party first noticing the deposition as a remote deposition shall arrange suitable equipment for use by the deponent. Other than the applications required to conduct the deposition and view exhibits, the deponent shall not have any other applications open or running on the device being used for the deposition, except as agreed by counsel for all parties.

**V.       Attendance and Communications with Counsel**

18. Counsel for any named party to this action or the deponent's counsel may attend remote depositions in person. If a deposition is initially noticed as a remote deposition and a cross-notice for an in-person deposition is served, then counsel seeking an in-person deposition shall be responsible for providing a suitable location for the deposition.

19. The deponent, counsel representing the deponent, deposing counsel, other counsel with

primary responsibility for objecting or otherwise participating on behalf of a party, and all counsel who are in the same room as or otherwise visible to the deponent shall be visible to all other participants and their statements shall be audible to all participants at all times while on the record. If counsel appears in person for an otherwise remote deposition, those counsel shall not turn off video while on the record. If appearing remotely, those counsel shall not turn off video while on the record but may mute their microphone during a witness's answer (for the examining attorney) or when not objecting (for counsel representing the deponent or with primary responsibility for objecting or otherwise participating on behalf of a party). If, during a remote deposition, the video or audio feed is lost for any of these persons, the deposition will be suspended and go off the record until resolved. All other participants shall keep their microphones on mute and video turned off unless and until they wish to speak and, after having spoken, they shall go back on mute with video turned off.

20. No person shall engage in a private communication, including through text message, electronic mail, handwritten notes, hand gestures, or the chat feature in the videoconferencing system, with the deponent while the deposition is on the record. In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state their intention on the record before initiating such communication and then the deposition shall go off the record while the private communication regarding privilege is undertaken. Nothing in this paragraph is intended to alter any local or federal rules governing communications with witnesses during a deposition.

21. The official video record of the deposition will be of the deponent's video feed only. The video feeds of any other participant will not be part of the official record, nor used for any purpose at trial.

**VI.     Exhibits at Remote Depositions**

22. The Designated Court Reporting Service shall take possession of all marked exhibits for all remote depositions. In the event of a remote deposition, deposing counsel will work with the Designated Court Reporting Service to provide a secure file sharing platform where exhibits may be marked and posted, accessible to the court reporter, the deponent, and all participating counsel (i.e., not necessarily those participating only in "listening mode"). Deposing counsel shall take all necessary steps to upload each document marked as an exhibit during the remote deposition to an exhibit sharing platform, and each marked exhibit shall be shared via that platform to all participating counsel and the deponent.

23. If the deponent or their counsel wish to receive printed copies of potential exhibits for use during a remote deposition, the deponent or their counsel must notify the noticing party at least seven days prior to the deposition that paper exhibits are requested. If requested, the party noticing the remote deposition is responsible for providing two printed copies of each exhibit in a sealed box to a location specified by deponent's counsel by 3:00 PM local time at least one day prior to the deposition. The noticing party will make a good faith effort to include all exhibits that will be used during the deposition. The sealed exhibit box shall be opened by the witness only at the deposition on the record and on video when instructed to do so by the deposing counsel. Any unmarked exhibits that were printed shall not be reviewed. Any sealed box that contains confidential business information and/or personal data shall be marked as "CONTAINING CONFIDENTIAL BUSINESS INFORMATION AND/OR PERSONAL DATA, SUBJECT TO THE PROTECTIVE ORDER," or similar designation. Should the deponent's counsel conduct an examination, deponent's counsel need not provide physical copies of exhibits. The parties agree to work cooperatively should any issues arise regarding

exhibits, including but not limited to issues regarding the printing or formatting of voluminous exhibits such as electronic spreadsheets.

24. If counsel has elected to participate remotely in an in-person deposition, such remote counsel is responsible for and bears the costs of ensuring that the court reporting service can provide virtual access to exhibits even if deposing counsel introduces only physical copies of the exhibits.

25. Copies of documents marked as exhibits during the deposition shall be attached to the original transcript and retained with the original transcript, including electronic copies uploaded to the exhibit sharing platform and any hard copies marked in person. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

26. Use of exhibits at all remote depositions shall be subject to the terms of the Amended Stipulated Protective Order entered in this case.

27. At the conclusion of the deposition, any physical copies of exhibits in the possession of the parties, third parties, or their counsel shall be securely destroyed (i.e., shredded) or returned to deposing counsel.

## VII.  Other Matters

28. Each party is responsible for ordering from the court reporter any desired transcripts or video recordings of depositions. All parties shall bear their own costs for such transcripts or video recordings.

29. The Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and any other governing laws control all matters not expressly addressed herein.

30. Without further order of the Court, the parties may agree on ad hoc modifications to this Protocol to accommodate the needs of a particular party or deponent or to resolve any issues that arise regarding a particular deposition. Such modifications may be agreed in writing or memorialized on the record at the deposition.

DATED: August 29, 2025

Respectfully submitted,

By: /s/ Christopher Jackson
Craig Conrath
Christopher Jackson
Bennett J. Matelson
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 894-4266
Facsimile: (202) 514-7308
Craig.Conrath@usdoj.gov
Christopher.Jackson5@usdoj.gov
Bennett.Matelson@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*

By: /s/ Beth Wilkinson
Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@ wilkinsonstekloff.com
kgostin@ wilkinsonstekloff.com
rguidero@ wilkinsonstekloff.com

Jeremy Barber (SBN NY 5344304)
Anthony P. Ferrara (SBN NY 5656905)
WILKINSON STEKLOFF LLP
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910
jbarber@wilkinsonstekloff.com
aferrara@wilkinsonstekloff.com

Anne P. Davis (*admitted pro hac vice*)
Jonathan Ian Gleklen (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com

jonathan.gleklen@arnoldporter.com

Margaret A. Rogers
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-7830
margaret.rogers@arnoldporter.com

*Counsel for Defendant Visa, Inc.*

**IT IS SO ORDERED** that the foregoing Stipulated Protocol is approved.

Dated: _____                              _____

                                                                                        Hon. John G. Koeltl

                                                                                        United States District Judge