UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff,*<br><br>    v.<br><br>VISA INC.,<br><br>                *Defendant.* | Case No. 1:24-cv-07214-JGK-SLC |

**[PROPOSED] JOINT AMENDED SCHEDULING AND CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), and in accordance with the Court's October 2, 2025 Order staying this matter during the recent lapse in appropriations for the Department of Justice, ECF No. 116, the United States of America ("Plaintiff United States" or "the Government") and Visa Inc. ("Visa") (together, the "Parties," and individually a "Party"), have met and conferred on the topics outlined in this Joint Amended Scheduling and Case Management Order, which supersedes the Joint Amended Scheduling and Case Management Order of August 1, 2025, ECF No. 100.

    1.    **Nature of Claims and Defenses.**  The Parties previously set forth their respective statements on the nature of the claims and defenses in this matter in the January 20, 2025 Scheduling Order, ECF No. 53.

    2.    **Initial Disclosures.**  The Parties exchanged the initial disclosures required under FRCP 26(a)(1) on January 13, 2025.

    3.    **Consent to Proceed before a Magistrate Judge.**  The Parties do not consent to trial being conducted by a Magistrate Judge.

1

4.  **Alternative Dispute Resolution.**  Pursuant to Local Rule 83.9(d), the Parties have considered the use of alternative dispute resolution, but at this time do not believe that mediation or a judicial settlement conference would facilitate the resolution of this matter.

5.  **Protective Order.**  The Parties agreed on the terms of an Amended Stipulated Protective Order ("Protective Order"), which the Court entered on June 4, 2025, ECF No. 84.

6.  **Preservation and Production of Electronically Stored Information ("ESI").** The Parties entered into a stipulated order governing ESI discovery ("ESI Order"), which was entered by the Court on March 18, 2025, ECF No. 66.  No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order.

7.  **Phases of Discovery.**  To ensure a more trial-ready and efficient case, the Parties agreed to conduct discovery in this case in two phases:

    a.  *Phase I:*  The first phase of discovery focused primarily on third-party discovery and commenced upon Visa's filing of its motion to dismiss on February 7, 2025, and continued until the Court's ruling on that motion on June 23, 2025.  In addition to third-party discovery, the Parties also exchanged a limited set of agreed upon materials, as outlined in the January 20, 2025 Scheduling Order, ECF No. 53.

    b.  *Phase II:*  The second phase of discovery began immediately following the Court's decision on Visa's motion to dismiss.  The second phase will encompass any remaining third-party discovery, as well as additional Party discovery, as agreed upon in the below Case Schedule.

Furthermore, the Parties recognize the efficiency of coordinating discovery, to the extent feasible, with the private follow-on actions, *In re Visa Debit Antitrust Litigation*, 1:24-cv-07435-

JGK (S.D.N.Y) (the "Private Actions"), and, to that end, are separately negotiating a proposed Deposition Protocol and Coordination Order that the Parties intend to file with the Court by January 16, 2026, or within two weeks of the Court entering an amended scheduling order, whichever is later.

8.  **Case Schedule.**  The Parties have come to agreement on certain interim discovery deadlines, but have been unable to agree on an overall amended case schedule.  The dates on which the Parties have reached agreement (including pre-trial deadlines previously agreed to and entered in the earlier CMO, ECF No. 100) are as follows[1]:

| Event | Deadline |
|---|---|
| Deadline to amend pleadings or join parties without leave of court | July 24, 2025 |
| Interim Fact discovery deadlines[2]<br>• Visa to produce documents previously produced in the Payments Litigations and in response to CID No. 26958, issued in 2012 | January 30, 2026 |
| • Parties to exchange preliminary fact witness lists | February 6, 2026 |
| • Visa to produce requested data (Clearing & Settlement, Fraud, and Authorization) for the month of September 2025[3] | February 20, 2026 |
| • Visa to produce requested Clearing & Settlement data for remaining months through end of August 2025 | March 27, 2026 |
| • Visa to produce requested Active Cards, Fraud, and Authorization data for remaining months through end of August 2025 | May 29, 2026 |
| Parties to reach agreement and propose to the Court a protocol regarding confidentiality of materials to be used at trial, including non-party documents | 12 weeks before trial |
| Parties exchange initial exhibit lists, and opening deposition designations | 12 weeks before trial |

---

[1] Unless otherwise specified, days will be computed according to FRCP 6(a).
[2] Interim discovery deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by the deadline set by the Court for the close of fact discovery.
[3] All interim data deadlines in this Case Schedule apply to debit-related data only.  The Parties will continue to negotiate the scope of any credit-related data discovery.

3

| | |
|---|---|
| Each Party exchanges its objections to the other side's exhibits and deposition designations and its deposition counter-designations | 8 weeks before trial |
| Parties exchange final witness lists | 8 weeks before trial |
| Parties exchange final exhibit lists | 6 weeks before trial |
| Motions *in limine* filed | 6 weeks before trial |
| Each Party exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | 5 weeks before trial |
| Oppositions to motions *in limine* filed | 4 weeks before trial |
| Joint Pretrial Order Deadline | 4 weeks before trial |
| Pre-trial briefs filed | 3 weeks before trial |
| Proposed findings of fact and conclusions of law filed | 3 weeks before trial |
| Hearing regarding any disputes raised in pre-trial submissions by Parties and non-parties, including motions *in limine* | 2 weeks before trial |
| Final pre-trial conference | 2 weeks before trial |
| Trial begins | Date to be determined by Court |

The parties do not agree on the deadline for the close of fact discovery or the remainder of the case schedule, and present their competing proposals below:

***United States' Position***

The United States proposes to adjust the original, agreed-upon schedule in this matter by four months, moving back the deadline for the close of fact discovery from March 17 to July 17, 2026, and adjusting other deadlines by a roughly similar period. The government believes that a four-month adjustment is more than sufficient to account for both (1) the time that this case was stayed during the recent government shutdown (approximately six weeks), and (2) the period of time from late November to early January when Visa has represented to the government that its data is "frozen" and unretrievable (a period of approximately seven weeks).[4] To make this July

---

[4] Visa originally represented that much of the data responsive to the United States' discovery requests was inaccessible during this end-of-year "data freeze" period. On November 20, 2025, Visa informed the government that the freeze was actually more nuanced: there were both "soft" freeze and "hard" freeze periods, as well as a window of time in early December when Visa's data was, in fact, accessible. Although the extent to which Visa is truly incapable of retrieving and producing its own data during this end-of-year period remains opaque to the government, the

4

17, 2026 close-of-fact-discovery deadline possible, the United States also proposes an interim deadline for Visa's production of documents that the United States requested last summer, but for which Visa has made no significant production. Visa has offered no compelling justification for its proposal that the close of fact discovery be delayed by twice as long as the United States' proposal, until nearly the end of 2026—*eight* months later than the schedule the Parties originally agreed to—which would have a cascading effect on all subsequent deadlines and likely push trial in this matter into late 2027 or even 2028.

*First*, Visa argues that the fact discovery period in this case and the related private litigation should be aligned, to provide for greater efficiency and convenience for the witnesses. The United States remains willing to coordinate with the private plaintiffs on discovery matters to the extent such coordination is feasible and practical, but such coordination should not delay this case: the United States has brought this action challenging Visa's monopolistic conduct on behalf of the American people and has a sovereign interest in moving the matter forward expeditiously. *See* 15 U.S.C. § 4 (antitrust actions instituted by the United States must proceed "as soon as may be, to the hearing and determination of the case"). Visa and the private plaintiffs' agreement to a more languid discovery schedule in their matter—presumably driven by their need to take discovery on additional issues like class certification and state law claims—should not compel delay here. Even if the Court determines that the only way for any coordination to happen is to have an identical schedule, that schedule does not have to be Visa's schedule; Visa takes the point too far when it suggests that the only way to coordinate is to adopt Visa's preferred timing.

---

schedule proposed by the United States more than accounts for whatever delay can be reasonably attributed to the "data freeze."

In arguing for its October date, Visa refers to an offer that the United States floated to resolve scheduling and other issues in a "grand bargain" that would have included an October 2026 close of fact discovery while obtaining commitments that Visa would produce documents on a schedule and would have resolved a number of other issues for both Parties. Whatever the propriety of Visa's using the United States' negotiating posture to make its substantive timing argument, it is taking the suggestion out of context. Yes, the United States would have been willing to live with a longer schedule in exchange for other important commitments. Visa's approach of asking the Court to take the part of a grand bargain that Visa likes while ignoring the rest is unwarranted.

*Second*, Visa asserts that a longer delay is needed because the discovery the United States is seeking is too broad for Visa to collect and produce on any faster timetable. The United States seeks custodial productions that are necessary and proportionate. The number of custodians the United States is seeking is reasonable given the Complaint's allegations that Visa has engaged in over fifteen years of anticompetitive conduct spanning Visa's debit business and relationships with issuers, issuer processors, acquirers, merchants, and Fintechs. As explained in its 10-k, during the fiscal year 2024 Visa has a net revenue of $35.9 billion and employed about 31,600 employees. Yet, in total, the United States seeks approximately 40 current employee custodians along with their predecessors. Given the fifteen-year span of conduct and natural movement of employees, that results in about sixty-five total custodians. That number is consistent with the number of custodians produced by defendants in other recent Antitrust Division conduct cases.

It is possible that the requested custodial productions could be narrowed further, but to do so, Visa would need to meaningfully engage with the United States. Full fact discovery has been open since June 2025 in this case. The government has diligently pursued discovery, including

requesting further information regarding certain custodial roles on September 26, 2025 and September 30, 2025—nearly three months ago. Despite not receiving most of the requested information, the United States has already narrowed its requests by approximately twenty-five individuals. Visa has yet to explain why it cannot produce custodial files for a core group of relevant employees, and the United States' narrowed requests are entirely appropriate.

The United States is willing to work with Visa to see if additional tailoring is possible. The United States sees no reason to delay setting a schedule even as these good faith negotiations continue, and, indeed, believes that clarity on the schedule may help facilitate resolution on this and other issues. Should the deadlines prove unworkable for any reason, a Party may always seek leave of the Court to adjust the schedule.

Finally, the United States also proposes to add an interim deadline during the fact discovery period requiring Visa to substantially complete its document production by April 1, 2026, to ensure that discovery is received sufficiently ahead of the close of fact discovery for the Parties to review and make use of it in depositions, and to reduce the likelihood that any further extension will be necessary. This deadline is reasonable—giving Visa several additional months to produce the documents that the United States requested soon after discovery opened last summer—and necessary, given that Visa has made minimal document productions to date and has resisted setting firm deadlines that are sufficiently in advance of the close of fact discovery. A deadline is also necessary because Visa's current pace of negotiating on custodial document production will not provide the United States with sufficient documents in a timely manner for a fair opportunity for depositions of relevant Visa employees.

For these reasons, the United States asks this Court to order the following schedule:

| Event | Deadline |
|---|---|
| Interim Fact discovery deadlines:<br>• Visa to substantially complete production of requested documents | April 1, 2026 |
| • Parties to exchange updated preliminary fact witness lists | May 20, 2026 |
| Close of fact discovery | July 17, 2026 |
| Plaintiff United States to identify expert witnesses and topics for each expert | July 17, 2026 |
| Visa to identify expert witnesses and topics for each expert | August 18, 2026 |
| Plaintiff United States to serve initial expert report(s) | September 1, 2026 |
| Plaintiff United States to identify reply experts and topics for each expert | September 15, 2026 |
| Visa to serve rebuttal expert report(s) | October 19, 2026 |
| Plaintiff United States to serve reply expert report(s) | November 19, 2026 |
| Close of expert discovery | December 9, 2026 |
| Motions for summary judgment and *Daubert* motions filed | January 8, 2027 |
| Oppositions to motions for summary judgment and *Daubert* motions filed | February 5, 2027 |
| Replies concerning motions for summary judgment or *Daubert* motions filed | February 19, 2027 |

*Visa's Position*

Over the past weeks, the parties have negotiated in good faith and have made notable progress in reaching consensus on the case schedule that should apply across the cases. There, however, remains one fundamental dispute concerning when fact discovery should end, which has a cascading impact on the other dates in the proposed schedule. To allow for coordination across the cases, Visa respectfully requests that the Court order the same fact discovery deadline in the government case and Private Actions, and proposes that an October 16, 2026, deadline appropriately balances the interests of the parties in both cases.

During negotiations, Private Plaintiffs took the position that fact discovery in both cases should close on November 13, 2026. Given that fact discovery has only recently started in the Private Actions, and the Government is seeking exceedingly broad discovery in its case, Visa

8

believes that the November deadline would be appropriate. However, in an effort to find a compromise, Visa urged Private Plaintiffs to propose a sooner date. Based on those discussions, Private Plaintiffs indicated they would agree to the October 16, 2026, deadline proposed below, on the condition that it also apply in the Government case. The Court should adopt that compromise to ensure that coordination across the cases is possible.

Courts regularly order aligned discovery in coordinated cases to avoid needless duplication and the burden of multiple depositions of the same witnesses. *See, e.g.*, *In re Daily Harvest, Inc. Prods. Liab. Litig.*, No. 22CV5987(DLC), 2023 WL 3144171, at *1 (S.D.N.Y. Apr. 28, 2023) ("[T]he parties are to work together to coordinate discovery to the maximum extent feasible in order to avoid duplication of discovery and to promote the efficient and speedy resolution of the [litigation] . . . ."); *Kurtz v. Uber Techs., Inc.*, No. 21 CIV. 6188 (PAE), 2021 WL 4777973, at *5 (S.D.N.Y. Oct. 13, 2021) (recognizing, where one party's counsel was the same across cases, that coordinated discovery achieves "maximum efficiency" and "avoid[s] duplication," including by assuring that only "single depositions" would be necessary); *Texas v. Penguin Grp. (USA) Inc.*, No. 11-MD-2293, 2013 WL 1759567, at *3 (S.D.N.Y. Apr. 24, 2013) ("The Court [] set a schedule for coordinated discovery in the DOJ, State, and Class Actions," including the same deadline for "all fact . . . discovery in all actions.").

The Government has recognized the efficiency of coordinating discovery (*see supra* para. 7) and has agreed in principle that depositions should be coordinated. But the Government's proposed schedule makes that coordination a practical impossibility because it would not allow Private Plaintiffs sufficient time to catch up in time to conduct joint depositions. This would create costly inefficiencies and avoidable burden for Visa, and potentially for the Court. The Government argues that this problem could be solved by imposing a July 17, 2026, deadline

9

across both cases. But requiring Private Plaintiffs to conduct discovery on such an expedited timeline in a case such as this—where 700 hours of depositions have been permitted in the Government case and an additional 125 hours of depositions have been permitted in the Private Cases—is not feasible.

The Government would not be similarly prejudiced by an October 16, 2026, deadline. Indeed, as recently as yesterday, the Government indicated that it could agree to the proposed October 16, 2026 deadline, but only if Visa were to concede to their overbroad discovery demands—including agreeing to search and produce documents from sixty-seven custodians—*before* the parties have had a detailed discussion, stalled by the government shutdown, about the substance of those demands or the appropriateness of those custodians. Visa has consistently offered to negotiate the proper scope of discovery in good faith, but the Government demanded wholesale acceptance of their proposal and withdrew its offer for an October fact discovery deadline. But the Government's willingness to agree to that date yesterday undermines any claim of prejudice they might now claim.

Finally, the Government devotes space to attempting to justify the breadth of document and data discovery that it is seeking in this case. While Visa does not think this CMO is the appropriate forum to address the merits of ongoing discovery negotiations between the Parties, the July date that the Government is demanding makes it almost certain that Visa will not be able to agree to the broad scope of discovery the Government wants, increasing the likelihood that this Court will need to resolve a further discovery dispute.[5]

---

[5] Despite the Government's protestations, Visa has already made substantial productions to the Government, including in response to "go-get" requests, and it is the custodial documents that Parties continue to negotiate. Those negotiations are necessary to resolving the scope of custodial collections before any such files can be reviewed and prepared for production. Furthermore, Visa has consistently explained that its data freeze has varying levels of restrictions during the

10

Visa respectfully requests that the Court enter the below schedule.

| Event | Deadline |
|---|---|
| Deadline to amend pleadings or join parties without leave of court | July 24, 2025 |
| Interim Fact discovery deadlines[6] <br> • Visa to substantially complete production of requested documents | June 30, 2026 |
| • Parties to exchange updated preliminary fact witness lists | August 19, 2026 |
| Close of fact discovery | October 16, 2026 |
| Plaintiff United States to identify expert witnesses and topics for each expert | October 16, 2026 |
| Visa to identify expert witnesses and topics for each expert | November 17, 2026 |
| Plaintiff United States to serve initial expert report(s) | December 8, 2026 |
| Plaintiff United States to identify reply experts and topics for each expert | December 22, 2026 |
| Visa to serve rebuttal expert report(s) | January 25, 2027 |
| Plaintiff United States to serve reply expert report(s) | February 25, 2027 |
| Close of expert discovery | April 8, 2027 |
| Motions for summary judgment and *Daubert* motions filed | May 6, 2027 |
| Oppositions to motions for summary judgment and *Daubert* motions filed | June 3, 2027 |
| Replies concerning motions for summary judgment or *Daubert* motions filed | June 17, 2027 |

9. **Data Productions.** As reported in the Parties' Joint Status Reports of August 13, 2025 (ECF No. 105), September 5, 2025 (ECF No. 112), and September 26, 2025 (ECF No. 114), the Parties have been negotiating the specific data to be produced in this case as part of

---

busy holiday season to protect the integrity of business operations and has worked in good faith with the Government to progress data collections to the extent feasible during this period.

[6] Interim discovery deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by October 16, 2026.

discovery. The Parties will continue to negotiate the scope of the remaining data to be produced and will update the Court by January 16, 2026, as to the status of those conversations.

10. **Witness Lists and Deposition Designations.**

   a. **Preliminary Fact Witness List.** Each Party shall provide a preliminary fact witness list on or before the date specified in the case schedule. No more than a total of 40 fact witnesses whom the Party intends to present live at trial may be included on the preliminary witness list. With respect to non-parties for which depositions are not complete, such non-parties can be identified in a corporate capacity on the preliminary fact witness list, but only if at the time the preliminary list is due the Party naming the non-party witness in good faith lacks knowledge of the individual identity of the witness.

   b. **Updated Preliminary Fact Witness List.** Each Party shall provide an updated preliminary fact witness list on or before the date specified in the case schedule. No more than a total of 40 fact witnesses may be included on the updated preliminary fact witness list. No more than 10 of these witnesses may be substitutions or additions to those listed on the preliminary fact witness list (excluding witnesses previously identified only in a corporate capacity). The witnesses on the updated preliminary fact witness list must be individually identified by name and not in a corporate capacity. To the extent, however, depositions of a non-party noticed pursuant to Rule 30(b)(6) are scheduled after the date specified for exchange of the updated preliminary fact witness list, a Party may

    continue to identify any witness associated with that corporate entity in a corporate capacity, but will update the preliminary fact witness list to identify that witness by name within 7 days after any such deposition.

c. **Final Witness Lists**. Each Party shall provide a final witness list 8 weeks before trial, which shall be limited to those witnesses previously included on the Party's updated preliminary witness list, absent good cause or agreement of the Parties, and to no more than 30 persons, excluding experts. The Parties agree that it shall constitute good cause to modify the final witness list to replace or remove a witness if that witness departs from the company that employed the witness at the time of their deposition. If, based on agreement or good cause, any new fact witnesses are added to a final trial witness list who were not on any Party's updated preliminary fact witness list and were not previously subject to custodial discovery or deposed, the Parties agree to negotiate in good faith as to whether additional document discovery related to those witnesses or depositions of those witnesses may be appropriate.

d. **Deposition Designations.** Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

e. **General Principles for Witness Lists.** In preparing preliminary fact witness lists and final witness lists, the Parties must make good-faith

attempts based on information reasonably available to them at that time to identify the witnesses whom they expect that they will present as live witnesses at trial (other than solely for impeachment). The witness lists must include contact information for known counsel or, if no counsel is known, the name, employer, address, and telephone number of each witness (if known). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on that Party's final trial witness list; (b) all Parties agree that that Party may call that person to testify; or (c) ordered by the Court after that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

11. **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

12. **Interrogatories**. Pursuant to the Court's order on January 20, 2025, ECF No. 53, each Party is limited to 25 interrogatories.

13. **Requests for Admission.** Each Party is limited to 35 requests for admission in total.  Each request may include subparts that relate directly to the subject matter of the request (e.g., date, time and author of a document or series of emails; multiple dates of an employee's positions in a company).  Each Party reserves the right to ask the Court for leave to serve additional requests for admission.

14. **Depositions**. As previously agreed upon by the Parties and ordered by the Court, unless the Parties otherwise agree or the Court grants leave on Party's motion, each Party may

serve one notice pursuant to FRCP 30(b)(6) on the opposing Party. The 30(b)(6) notice may call for testimony on multiple subjects and the responding Party may designate one or more different witnesses as to each subject matter. As noted above, and as a consequence of developments in the related Private Actions during the period that this case was stayed, the Parties are separately negotiating a proposed Deposition Protocol and Coordination Order that the Parties intend to file with the Court by January 16, 2026, or within two weeks of the Court entering an amended scheduling order, whichever is later.

15.    **Discovery Dispute Resolution**. In the event of a dispute between the Parties and/or a non-party regarding any discovery issue, the Parties (and the non-party when applicable) shall meet and confer in an attempt to resolve the dispute. In the event of a dispute during a deposition, the Parties and/or non-parties shall memorialize the dispute on the record and present the dispute to the Court by motion within 7 business days of the close of the deposition. If the Court orders a Party or non-party to provide additional testimony (i.e., rejects the opposition of the Party or non-party to answering a particular question), the Party or non-party shall provide the witness for deposition on the testimony in question within 10 business days of the ruling.

16.    **Demonstrative Exhibits**. Demonstrative exhibits do not need to be included on the trial exhibit lists when those lists are exchanged.

17.    **Word Limits on Pre-trial Briefs.** The Parties agree that word-count limits are appropriate for both the Pre-Trial Briefs and the Proposed Findings of Fact and Conclusions of Law, and agree to suggest specific word-count limits to the Court after the close of discovery and after any summary judgment motions have been resolved.

18.    **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside

this District, the Parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

19.   **Modification of Scheduling and Case Management Order.**  Any Party may seek modification of this Order for good cause.

\* \* \*

The Parties appreciate the Court's consideration of this proposed order.

DATED: December 19, 2025                                                   Respectfully submitted,

By:     /s/ *Craig Conrath*
Craig Conrath
Christopher Jackson
Bennett J. Matelson
Erin Murdock-Park
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 894-4266
Facsimile: (202) 514-7308
Craig.Conrath@usdoj.gov
Christopher.Jackson5@usdoj.gov
Bennett.Matelson@usdoj.gov
Erin.Murdock-Park@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*

By:     /s/ *Jeremy Barber*
Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

Jeremy Barber (SBN NY 5344304)
Anthony P. Ferrara (SBN NY 5656905)
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910

Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com
aferrara@wilkinsonstekloff.com

Anne P. Davis (*admitted pro hac vice*)
Jonathan Ian Gleklen (*admitted pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com

*Counsel for Defendant Visa, Inc.*

17