March 6, 2026

**VIA ECF**

Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:    *United States of America v. Visa Inc.*, No. 1:24-cv-7214 (JGK) (DOJ Action)
    *In re: Visa Debit Card Antitrust Litig.*, No. 1:24-cv-7435 (JGK) (Private Actions)

Dear Judge Koeltl:

All parties in the two above-captioned related cases write jointly to submit a proposed deposition protocol for these cases. The parties could not agree on paragraphs 21 and 22 of the attached document, which relate to Visa's depositions of named plaintiffs in the private cases. The parties' respective proposed language is included as alternatives in the attached document, and their statements supporting their respective proposals follow.

**Private Plaintiffs** ask the Court to confirm that under the current case management order ("CMO"), ECF 184, Visa's depositions of named plaintiffs count toward its agreed-upon limit of 350 hours. In the alternative, they ask the Court to order their compromise proposal.

Visa's position that it may spend over a *thousand* hours deposing named plaintiffs without that time counting toward its 350-hour limit—when Private Plaintiffs have only 125 hours, collectively, to depose Visa *and* third parties, ECF 184 ¶ 12—defies the Court's orders and basic fairness. Neither the previous (ECF 98) nor the current CMO supports Visa's position. *See* ECF 98 ¶ 11; ECF 184 ¶ 12. Indeed, the original CMO specified which depositions do not count toward the parties' time limits—ECF 98 ¶ 13—but Visa's depositions of named plaintiffs are notably and correctly absent. The current CMO also does not exclude these depositions from Visa's hours cap. These orders establish that Visa's depositions of named plaintiffs count toward its overall deposition hours limit. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 456 (N.D. Cal. 2008) ("the plain meaning of the case management order" controls).

Visa now complains of a time crunch because the amended complaints added named plaintiffs. To address Visa's concerns and attempt to avoid motion practice, Private Plaintiffs advanced numerous compromise proposals, with their final proposal granting Visa up to 343 non-counting deposition hours (up to 175 hours for cardholder depositions and 168 hours for merchant depositions), almost *three times* Private Plaintiffs' collective hours, even though the case turns on *Visa's* misconduct and Private Plaintiffs must prove liability and certify their classes.[1] Visa asks

---

[1] If Visa or the Government receive non-counting deposition time, **Cardholders** respectfully request 0.5 hours of deposition time for Merchant witnesses. The minimal request ensures Cardholders can address issues specific to their claims without reducing Private Plaintiffs' already limited hours. **Merchants** oppose this request, which would asymmetrically expand the time Cardholders have to explore an issue on which Private Plaintiffs' interests diverge.

US 256161703

the Court for 1,134 hours of "free" deposition time—28 non-counting deposition hours with each named merchant plaintiff (three 7-hour 30(b)(1) depositions and one 7-hour 30(b)(6) deposition) and one non-counting 7-hour 30(b)(1) deposition with each named cardholder plaintiff. That would double the Government and Private Plaintiffs' *combined* deposition time and give Visa over *ten times* more deposition time than Private Plaintiffs. Visa's insistence that Private Plaintiffs agreed to this disparity strains credulity. Visa's position—which would free it to use all 350 hours of its "counting" hours on third parties while forcing the DOJ to divide its 350 hours between Visa and third parties—also departs from the practice in a comparable case with private and government plaintiffs, in which the court gave defendant American Express 550 deposition hours and all plaintiffs 456 hours, a ratio far more balanced than Visa demands here. *See United States v. Am. Exp. Co.*, No. 1:10-cv-4496, ECF 220-1 (Proposed Order) at 2 (E.D.N.Y. June 8, 2012)*; id.*, Minute Entry (E.D.N.Y. June 14, 2012) (ordering entry of Order).

The Court should reject Visa's gambit and confirm that time spent deposing named plaintiffs counts. Failing that, the Court should order Plaintiffs' compromise proposal, which adds to Visa's deposition hours nearly three times the hours Private Plaintiffs have for the entire case.

**The United States** takes no position on how many non-counting hours, if any, Visa should have to depose named private plaintiffs but notes that Visa's request for *over 1,000 hours* of non-counting time is neither reasonable nor proportionate to its needs. Should the Court allocate to Visa any non-counting hours, *all* Parties agree that the United States should have some non-counting time, too, and disagree only on the amount of time for each named merchant plaintiff deposition (all agree on the Government's non-counting time for deposing cardholder plaintiffs). The United States and Private Plaintiffs propose one hour, while Visa proposes 30 minutes. These cases are not consolidated, and, in its original deposition hours request, the United States did not contemplate permitting depositions from the Private Actions to be used in the DOJ Action, as the Parties now agree to allow in the proposed Deposition Protocol (*see* ¶ 16). Given this change, the United States has vital, independent interests to protect; 30 minutes of non-counting time for merchant depositions is insufficient and inequitable if Visa gets a full, free day with each. Visa is incorrect that the Government's interests are wholly aligned with those of either private plaintiff, and that any time the Government spends deposing a named plaintiff (in a case to which the United States is not a party) is somehow analogous to the time Visa has reserved for its own employees. One hour is a modest and reasonable adjustment to Visa's position, from which Visa would suffer no prejudice. Should the Court adopt Visa's proposal, the United States requests that the Court grant it one hour of non-counting time for each named merchant plaintiff deposition.

**Visa's Statement**.  Private Plaintiffs seek to set aside the Court's prior orders, agreed to by the parties, regarding deposition time.  The Court should reject this effort and adopt Visa's proposal, which maintains the deposition time allotments the parties previously negotiated and the Court approved.  Specifically, in the DOJ Action, each side received 350 hours for fact depositions (1:24-cv-07124, ECF No. 48 ¶ 9); and in the Private Actions, Private Plaintiffs received an additional 125 hours and Visa was limited to three Rule 30(b)(1) depositions and one Rule 30(b)(6) deposition of each Merchant Plaintiff.  (1:24-cv-07435, ECF No. 98 ¶ 11).  Nothing in the prior CMOs required Visa to sacrifice its right to adequately depose Private Plaintiffs in exchange for its full allotment of deposition time in the DOJ Action.  (1:24-cv-07435, ECF No. 98 ¶ 11).  Visa would never have agreed to such a penalty and Plaintiffs' effort to read that into Paragraph 13 of the CMO in the Private Actions should be summarily rejected.

US 256161703

The only relevant recent change is the addition of numerous putative class representatives in the Private Actions, increasing the number from 11 to 78 (28 merchants, 50 cardholders).  It was Private Plaintiffs' choice to increase the number of plaintiffs seven-fold, yet they now want Visa to bear its consequences.  Specifically, they ask this Court to require Visa to use its 350-hour allotment from the DOJ Action to depose *any* of the 78 Private Plaintiffs.  Or, as an alternative, they suggest Visa should have to use its time from the DOJ Action if it spends more than, on average, 6 hours deposing each Merchant Plaintiff or 3.5 hours deposing each Cardholder Plaintiff.

The Court should reject both alternatives, as both would severely prejudice Visa by forcing it to either forego full depositions of Private Plaintiffs or forego its rights to develop its defense in the DOJ Action.  This is inappropriate for several reasons.

*First*, the 78 putative class representatives seek to represent multiple classes seeking billions of dollars in damages and transformative injunctive relief.  Yet Private Plaintiffs' request does not even permit Visa to use the default seven-hour time limit allowed under the Federal Rules to depose them.  Sitting for reasonable deposition testimony is the minimum that should be expected from any plaintiff, but especially putative class representatives seeking to represent millions of absent class members in pursuit of vast damages and injunctive relief.

*Second*, nearly all the Merchant Plaintiffs are corporate entities that have accepted payment cards for over a dozen years, over which time several individuals may have held relevant roles at the companies.  It is therefore not surprising that the parties agreed, and the Court approved, that Visa could take up to three Rule 30(b)(1) depositions and one Rule 30(b)(6) deposition of each Merchant Plaintiff.  Plaintiffs' reliance on *United States v. Amex* to suggest this is unreasonable, is misplaced.  In that negotiated resolution, the parties agreed that Amex could have up to 42 hours for a single merchant plaintiff in recognition of the potential need for that time.  Here, Visa is only entitled to a maximum of 28 hours for a Merchant Plaintiff.  To be clear, Visa will be judicious in noticing depositions of the putative class representatives, but it cannot be expected to determine at this stage which witnesses it will need to depose and for how long.  The parties instead should work in good faith to address any concerns regarding specific depositions.

*Third*, the unreasonable nature of even Private Plaintiffs' alternative proposal is shown by the fact that if Visa conducted just two seven-hour depositions of each Merchant Plaintiff (half of the depositions previously agreed upon), that alone would consume two-thirds of Visa's deposition time in the DOJ Action, before considering any additional time with cardholders.

Lastly, Visa does not object to the Government being granted some additional time to examine the Private Plaintiffs now that depositions in the private litigations may be used in the DOJ Action.  But the Government seeks 1 hour per Merchant Plaintiff and 30 minutes per Cardholder Plaintiff.  Given the Government's aligned interests with Private Plaintiffs, one half hour per Private Plaintiff deposition is sufficient and fair.  That is the same amount of time Visa has to re-direct its own witnesses without it counting against Visa's 350 hours.  If the Government needs more time, it may draw on its own 350-hour allotment, just as additional time Visa spends questioning its own witnesses would count against Visa's hours.

3

Respectfully Submitted,

By: */s/ Christopher Jackson*＿＿＿＿＿＿
Christopher Jackson
UNITED STATES DEPARTMENT OF
JUSTICE, ANTITRUST DIVISION
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 894-4266
Facsimile: (202) 514-7308
christopher.jackson5@usdoj.gov

*Counsel for Plaintiff, the United States*

*/s/ Brent W. Johnson*＿＿＿＿＿＿＿
Brent W. Johnson
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com

*/s/ Christopher L. Lebsock*＿＿＿＿
Christopher L. Lebsock
HAUSFELD LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

*Co-Lead Counsel for Merchant Plaintiffs
and the Proposed Class*

*/s/ Christopher J. Cormier*＿＿＿＿＿
Christopher J. Cormier
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com

*/s/ Margaret A. Rogers*＿＿＿＿＿
Margaret A. Rogers
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-6711
Margaret.Rogers@arnoldporter.com

*/s/ Beth Wilkinson*＿＿＿＿＿＿＿
Beth Wilkinson
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com

*Counsel for Defendant Visa, Inc.*

4

*/s/ Adam J. Zapala*_____
Adam J. Zapala
COTCHETT, PITRE & McCARTHY,
LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

*Executive Committee Counsel for*
*Merchant Plaintiffs and the Proposed*
*Class*

*/s/ Richard M. Paul III*_____
Richard M. Paul III
PAUL LLP
600 Broadway Boulevard, Suite 600
Kansas City, Missouri 64105
Telephone: (816) 984-8100
Rick@PaulLLP.com

*/s/ Joseph R. Saveri*_____
Joseph R. Saveri
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com

*/s/ Jason S. Hartley*_____
Jason S. Hartley
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

*Co-Lead Counsel for Cardholder Plaintiffs*
*and the Proposed Class*