UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: VISA DEBIT CARD ANTITRUST LITIGATION | Case No.: 1:24-cv-7435-JGK-SLC |
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VISA INC.<br><br>　　　　　　　　　　　Defendant. | Case No.: 1:24-cv-7214-JGK-SLC |

**STIPULATION AND [PROPOSED] ORDER FOR FACT DEPOSITION PROTOCOL AND COORDINATION**

WHEREAS, the United States of America (the "United States" or "Government") has filed suit against Visa Inc. ("Visa") in a suit styled *United States of America v. Visa Inc.*, 1:24-cv-7214-JGK-SLC (the "DOJ Action");

WHEREAS, two putative class actions, one brought by merchants ("Merchant Plaintiffs") and one brought by cardholders ("Cardholder Plaintiffs" and, jointly, "Private Plaintiffs"), against Visa have been consolidated in this Court as *In re: Visa Debit Card Antitrust Litigation*, 1:24-cv-7435-JGK-SLC (the "Private Actions" and, together with the DOJ Action, the "Coordinated Actions");

WHEREAS, the United States, Visa, and Private Plaintiffs (together, the "Parties," and each a "Party"[1]) believe that coordination of fact discovery, particularly depositions, in the Coordinated Actions will promote efficiency, minimize expenses, and avoid duplication of effort;

---

[1] Unless otherwise stated, Private Plaintiffs are a single "Party" for the purposes of this Order.

1

WHEREAS, the Parties have met and conferred and agreed, subject to Court approval, to this Stipulation and [Proposed] Order for Deposition Protocol and Coordination (the "Order" or "Protocol") in the Coordinated Actions;

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

**I.  GENERAL PROVISIONS**

1. The Parties shall endeavor in good faith, wherever reasonably feasible, to coordinate discovery, minimize burden, encourage efficiency, and avoid unnecessary expense for all Parties and non-parties.

2. This Order shall govern all fact depositions of non-party and Party witnesses, including depositions taken pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(1) and FRCP 30(b)(6) (*i.e.*, all depositions other than expert depositions), in the Coordinated Actions.

3. This Order addresses only coordination, not consolidation. Nothing in this Order shall be construed to imply that any Party consents to additional consolidation of the Private Actions, consolidation of the DOJ Action and the Private Actions, or that such consolidation is appropriate.

4. Absent agreement of the Parties or order of the Court, any matter not expressly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Southern District of New York, and the prior orders of the Court in the Coordinated Actions.

5. The Parties will work collaboratively and in good faith to address any issues not expressly addressed by this Protocol.

6. This Order supersedes any prior conflicting provisions related to fact depositions in agreements and orders previously entered in these Coordinated Actions.

7. Absent agreement of the Parties and, if applicable, the non-party, no deposition shall be scheduled to take place less than two weeks from the date the deposition notice for that deposition is served.

8. Private Plaintiffs hereby expressly agree that the Stipulation and Order Regarding Protocol for Remote Depositions (Dkt. No. 111) (the "Remote Deposition Protocol") in the DOJ Action shall apply to the Private Actions as if stipulated to and ordered therein, except that the Parties agree (a) that AgileLaw is an acceptable "secure file sharing platform" for purposes of Paragraph 22 of the Remote Deposition Protocol so long as all Parties, upon good faith efforts, are able to access documents presented on that platform, and (b) to negotiate in good faith, when requested, alternative means for distributing printed copies of potential exhibits for remote depositions in lieu of the procedure laid out in Paragraph 23 of the Remote Deposition Protocol.

9. Except by agreement of the Parties, by leave or previous order of the Court, or as otherwise set forth herein (*see infra* Sections III, IV), each deposition shall take place during a single day and last no more than 7 hours on the record.

10. In the case of a deposition that will extend beyond 7 hours (including certain non-party depositions for up to 14 total hours under Section IV of this Protocol and certain Visa depositions for up to 10 total hours under Section III), the witness may elect to have the deposition occur over two consecutive business days (or non-consecutive business days if the Parties and/or non-party all agree).

11. The Parties may, by mutual agreement, schedule a deposition after the close of fact discovery without seeking leave of Court; if the Parties so agree, its content will not be objectionable purely on timeliness grounds.

12. All notices of depositions shall be served on all Parties whose cases have not been settled or dismissed, regardless of whether the deposition is noticed in the DOJ Action, the Private Action, or both.

13. This stipulation is without prejudice to the rights of any Party or non-Party to object to the noticing of or questioning during any particular deposition or to seek relief from or modification of this stipulation from the Court.

14. Absent agreement of all Parties and, if applicable, the non-party, or order of the Court, there shall be no more than one FRCP 30(b)(1) deposition per witness across the Coordinated Actions.

15. After a Party notices a deposition in the DOJ Action, the Private Actions, or both, any other Party may cross-notice the deposition in the actions to which they are a Party.

16. The Parties shall be able to use for all purposes, including, but not limited to, deposition designations at trial, any fact deposition testimony (including testimony taken pursuant to FRCP 30(b)(6)) taken in either of the Coordinated Actions, including transcripts and accompanying exhibits, in either the DOJ Action or Private Actions as if the deposition was taken in that case.

17. Only one attorney per Party may examine a witness during a deposition, though Private Plaintiffs may elect to have two examining attorneys, one for each of the (a) Merchant Plaintiffs and (b) Cardholder Plaintiffs.

18. Any objection by the Government or Private Plaintiffs shall be deemed to have been made on behalf of both the Government and Private Plaintiffs. Counsel need not repeat another counsel's objection to preserve that objection, and counsel shall avoid repeating objections already preserved. Speaking objections are forbidden, and counsel shall not interpose objections to

unreasonably disrupt the deposition. All objections shall be stated concisely in a non-argumentative and non-suggestive manner in compliance with the FRCP and all other applicable rules.

19. No person shall engage in a private communication, including through text message, electronic mail, handwritten notes, hand gestures, or the chat feature in the videoconferencing system, with the deponent while the deposition is on the record. If counsel intends to initiate a private communication with any deponent to determine whether a privilege should be asserted, counsel shall state their intention on the record before initiating such communication, and then the deposition shall go off the record. Nothing in this paragraph is intended to alter any local or federal rules governing communications with witnesses during a deposition.

20. In the event of a dispute during a deposition (whether noticed pursuant to FRCP 30(b)(1) or 30(b)(6)), the Parties and/or non-party shall memorialize the dispute on the record and present the dispute to the Court by motion no later than 7 business days after the dispute arose. If the Court orders a Party or non-party to provide additional testimony (*i.e.*, overrules the objection of the Party or non-party to answering a particular question), the Party or non-party shall provide the witness for deposition on the testimony in question within 10 business days of the ruling or another mutually agreeable date as determined by the Parties (and if, applicable, non-party) to the deposition.

## II.     ALLOCATION OF TIME

21. **Disputed Issue – See Proposals Below.**

22. **Disputed Issue – See Proposals Below.**

**Visa's Proposal**

21. Pursuant to the prior orders of the Court (*United States v. Visa*, Dkt. Nos. 53, 100; *In re Visa Debit Litigation*, Dkt. Nos. 98, 184), the Parties are limited to the following number of total on-the-record deposition hours:

   a. The Government is limited to a total of 350 hours;

   b. Private Plaintiffs are limited to a total of 125 hours;

   c. Visa is limited to a total of 350 hours, in addition to the depositions of Private Plaintiffs, discussed in Paragraph 22, *infra*).

22. Visa is entitled to take depositions of up to three fact witnesses pursuant to FRCP 30(b)(1) from each Merchant Plaintiff, one deposition pursuant to FRCP 30(b)(6) of each Merchant Plaintiff, and one deposition pursuant to FRCP 30(b)(1) of each Cardholder Plaintiff, and those depositions shall not count against Visa's allocated 350 hours in Paragraph 21, *supra*. For each deposition of a Private Plaintiff noticed by Visa, the Government is entitled to 30 minutes of examination time that shall not count against its allocated 350 hours in Paragraph 21, *supra*.

**Private Plaintiffs' Proposal**

21. Pursuant to the prior orders of the Court (*United States v. Visa,* Dkt. Nos. 53, 100; *In re Visa Debit Litigation*, Dkt. Nos. 98, 184), the Parties are limited to the following number of total on-the-record deposition hours:

   a. The Government is limited to a total of 350 hours;

   b. Private Plaintiffs are limited to a total of 125 hours;

   c. Visa is limited to a total of 350 hours.

22. Visa is entitled to take depositions of up to three fact witnesses pursuant to FRCP 30(b)(1) from each corporate Private Plaintiff, one deposition pursuant to FRCP 30(b)(6) of each corporate Private Plaintiff, and one deposition pursuant to FRCP 30(b)(1) of each individual Private Plaintiff. The Government shall be entitled to examine the witness at such depositions, as shall the Private Plaintiff that does not represent the witness. Each party's deposition time shall count against the hours limits established in Paragraph 21.

**Private Plaintiffs' Alternative Proposal**

21. Pursuant to the prior orders of the Court (*United States v. Visa,* Dkt. Nos. 53, 100; *In re Visa Debit Litigation*, Dkt. Nos. 98, 184), the Parties are limited to the following number of total on-the-record deposition hours:

   a. The Government is limited to a total of 350 hours;

   b. Private Plaintiffs are limited to a total of 125 hours;

   c. Visa is limited to a total of 350 hours.

22. Visa is entitled to take depositions of up to three fact witnesses pursuant to FRCP 30(b)(1) from each corporate Private Plaintiff, one deposition pursuant to FRCP 30(b)(6) of each corporate Private Plaintiff, and one deposition pursuant to FRCP 30(b)(1) of each individual Private Plaintiff. The Government shall be entitled to examine the witness at such depositions, as shall the Private Plaintiff that does not represent the witness. For purposes of such depositions only, each Party is allocated examination time that shall not count against against the limits set forth above in Paragraph 21:

   a. <u>Merchant Depositions</u>:

      i. Visa is entitled to 168 hours of non-counting time that may be used on 30(b)(1) or 30(b)(6) depositions of merchant plaintiffs.

      ii. Visa may additionally use counting hours from its budget of 350 hours should it wish to use more than 168 hours deposing merchant plaintiffs.

      iii. Visa is limited to 6 hours on the record for any single deposition.

      iv. The Government is entitled to 1 non-counting hour at every deposition taken by Visa.[2]

      v. Where Visa and the Government finish the merchant deposition in under 7 hours on the record, Cardholder Plaintiffs may use up to two hours of (counting) time to depose the witness, even where they have not noticed or cross-noticed that deposition. The use of such time may not extend the deposition over 7 hours total on the record.

      vi. If a Visa deposition is cross-noticed, the parties will discuss in good faith whether a 1-day or 2-day deposition will be required. If the parties determine that 2 days are required, the deponent has the right to insist that the days be consecutive.

   b. <u>Cardholder Depositions</u>:

---

[2] **CARDHOLDER PLAINTIFFS SPECIFIC REQUEST:** Cardholder Plaintiffs request that they be entitled to 0.5 non-counting hours at every deposition taken by Visa. Merchant Plaintiffs oppose the request.

7

> i. Visa is entitled to 3.5 non-counting hours per cardholder plaintiff.
>
> ii. Visa may additionally use its hours from its budget of 350 hours should it wish to use additional hours deposing any cardholder plaintiff.
>
> iii. The Government is entitled to 0.5 non-counting hours at every cardholder deposition taken by Visa.
>
> iv. Where Visa and the Government finish the deposition in under 7 hours on the record, Merchant Plaintiffs may use up to two hours of (counting) time to depose the witness, even where they have not noticed or cross-noticed that deposition.
>
> v. In no event will any cardholder plaintiff be subject to a deposition of more than 7 hours total on the record.
>
> c. All parties retain the right to seek changes or exceptions to these terms for good cause.

23. Each of the Government and Visa may use a maximum of 225 hours of such deposition time on the record in deposing adverse Party witnesses in the DOJ Action.

24. The Parties agree that the following depositions do not count against the deposition limits: (a) depositions of the Parties' expert witnesses; and (b) pre-complaint depositions taken in response to Civil Investigative Demands in the Government's related investigation.

25. Except to the extent the Parties agree otherwise, depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party shall count against the deposition limits set forth above.

26. Reasonable breaks will be excluded from calculation of deposition time under FRCP 30(d)(l). Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the FRCP 30(d)(l) limits. For the avoidance of doubt, this provision applies to both Party and non-party depositions.

27. The Parties reserve the right to seek from the Court, with good cause, or by agreement of the Parties, additional deposition time with a particular witness or a different allocation of time for the witness's deposition than the allocations that are set forth in this Protocol.

28. The Private Plaintiffs and the United States will confer regarding intra-plaintiff hours allocations, bringing to the Court any disputes as to default allocations or procedures.

29. Should the DOJ Action settle or otherwise terminate or if the Government has indicated that its depositions are complete before the United States has exhausted the 350 hours allotted to it for depositions, the unused balance of deposition hours will accrue to Private Plaintiffs.

30. The Designated Court Reporting Service, as that term is used in the Remote Deposition Protocol, shall officially record the hours spent by each Party on the examination of witnesses during depositions and shall provide the official time to the Parties upon request.

## III. PARTY DEPOSITIONS

31. Before a Party deposition is noticed, a Party seeking to notice such a deposition shall coordinate in good faith with the other Parties to set a mutually agreeable date and time for the deposition and, if the deposition is to proceed in-person, a location that is convenient for the witness. Remote depositions shall be otherwise governed by the Remote Deposition Protocol.

32. If a Party's former employee is sought for deposition, the noticing Party's counsel shall first ask counsel for the Party believed to have formerly employed the prospective deponent ("Employer Party") if Employer Party's counsel represents the former employee. Employer Party's counsel must inform the noticing Party's counsel whether Employer Party's counsel represents the former employee within 7 days. Employer Party's counsel must make reasonable efforts within those 7 days to contact the former employee and ask if the former employee wants

Employer Party's counsel to represent her or him. Employer Party's counsel must not condition this inquiry on the noticing Party first serving the former employee pursuant to FRCP 45. The following provisions shall also apply:

      a.      If, after Employer Party's counsel notifies the noticing Party's counsel that it does not represent the former employee, the former employee notifies Employer Party or Employer Party's counsel that the former employee wants Employer Party's counsel to represent her or him, Employer Party's counsel must notify the noticing Party within 3 days.

      b.      If Employer Party's counsel informs the noticing Party's counsel that the prospective deponent is not represented by Employer Party's counsel, Employer Party's counsel shall provide the noticing Party's counsel with the former employee's last known contact information and address, and the noticing Party may serve the former employee pursuant to FRCP 45.

33. The United States or Private Plaintiffs must serve a cross-notice of deposition of an officer or employee of Visa, if any, within 7 days of service of the original notice of deposition.

34. Parties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location (if in-person) and without unreasonable delay.

35. Each deposition of an officer or employee of a Party under FRCP 30(b)(1) shall presumptively be limited to 7 hours on the record absent agreement by the Parties or a showing of good cause to the Court. Notwithstanding this provision, for officers or employees of Visa and former officers or employees of Visa represented by counsel for Visa that have been noticed or cross-noticed by both the United States and Private Plaintiffs, the United States and Private Plaintiffs may collectively choose to examine 7 such witnesses for a maximum of 10 hours total

on-the-record deposition time, which deposition shall take place over two consecutive days, except that Visa may limit to a single 7-hour day any deposition noticed of Visa's current Chief Executive Officer and current Chief Financial Officer. For purposes of this provision, "current" means as of the date the deposition notice is served.

36. Nothing in these provisions shall limit a Party from examining during a deposition a witness it represents (*e.g.*, an officer or employee of the Party) for the purposes of the deposition; the first thirty minutes of any such examination shall not count toward that Party's allocated examination time.

## IV. NON-PARTY DEPOSITIONS

37. Before a non-party deposition is noticed (whether it is to be taken pursuant to FRCP 30(b)(1) or 30(b)(6)), a Party seeking to notice a non-party deposition shall coordinate in good faith with all of the other Parties and, where reasonably practicable, the non-party, to attempt to set a mutually agreeable date and time, as well as a location that is convenient for the witness, for the deposition. All Parties shall have the opportunity to participate in this coordination process regardless of whether the Party noticing the deposition intends to notice it for only the DOJ Action or Private Actions.

38. A Party, who in good faith indicates that it has not received requested documents or data from a non-party, may request that the deposition of that non-party or an employee of that non-party be delayed for a reasonable period of time to obtain such documents or data or, if the document discovery issue cannot be resolved consensually, to obtain resolution by the Court. Any such request shall not be unreasonably denied.

39. The noticing Party shall serve with any subpoena for a deposition of a non-party copies of this Deposition Protocol, the Remote Deposition Protocol, and the operative protective orders from both the DOJ Action and the Private Actions.

40. A Party must serve a cross-notice of deposition subpoena on a non-party, if any, within 7 days of service of the original deposition notice.

41. Absent agreement of the Parties, the Party who serves the first notice of subpoena shall examine the witness first. In the case of either the Government or Private Plaintiffs noticing the deposition first, both shall examine the witness before Visa examines the witness.

42. The following provisions shall apply for non-party depositions:

   a. A noticing Party may examine a non-party witness for up to 5.5 hours if no other Parties cross-notice the deposition, and the other Parties may examine the witness for up to 0.75 hours each, for a total of 7 hours on the record.

   b. If two Parties notice or cross-notice the deposition, then each shall be entitled to examine the witness for up to 3.25 hours, unless the two noticing Parties agree to different time allocations after conferring before the deposition, and the other Party may examine the witness for up to 0.5 hours, for a total of 7 hours on the record.

   c. If all Parties notice or cross-notice the deposition, then the United States and Private Plaintiffs shall be entitled to examine the witness for up to a combined 5 hours, and Visa may examine the witness for up to 5 hours, for a total of 10 hours on the record.

   d. If either Visa, on the one hand, or the United States and Private Plaintiffs, on the other hand, do not use the full amount of time allocated to each side, the other side may use the remaining time, with time counted against the party that used it.

43. The United States and Private Plaintiffs may collectively choose to examine 11 non-party witnesses (whether pursuant to FRCP 30(b)(1) or 30(b)(6)) for a maximum of 7 hours allotted between the United States and Private Plaintiffs. The Government and Private Plaintiffs shall confer before each deposition to allocate the examination time among themselves. Visa may also choose to examine 11 non-party witnesses for a maximum of 7 hours per deposition. For the avoidance of doubt, these additional provisions shall apply:

    a. In the event that both (a) Visa and (b) the Government and Private Plaintiffs choose to examine the same non-party witness for up to 7 hours, the deposition of such witness shall be no more than a total of 14 hours.

    b. In the event that only one Party chooses to examine the non-party witness for up to 7 hours, the time allocations for cross-noticing and non-cross-noticing Parties in Paragraph 42, *supra*, shall apply for the other Parties, except that the non-cross-noticing Party in the circumstance described in Paragraph 42(b) may examine the witness for up to 1 hour.

44. The deposition of a former Party employee that is not represented by counsel for that Party shall be considered a non-party deposition for the purposes of this Section on Non-Party Depositions.

## V.  RULE 30(b)(6) DEPOSITIONS

45. Absent agreement of the Parties or order of the Court, each Party may serve one notice pursuant to FRCP 30(b)(6) on each opposing Party. For the avoidance of doubt, Visa may serve one notice pursuant to FRCP 30(b)(6) on each corporate entity that is a Private Plaintiff in the Private Actions.

46. Absent agreement of the Parties or order of the Court, no more than one notice pursuant to FRCP 30(b)(6) shall be served on a non-party by each Party. For the avoidance of doubt, Private Plaintiffs are two Parties (Merchant Plaintiffs and Cardholder Plaintiffs) for the purposes of this provision.

47. The United States and the Private Plaintiffs shall coordinate to serve their FRCP 30(b)(6) notices on Visa on the same date and, in any event, no more than one day apart.

48. If more than one Party intends to serve a FRCP 30(b)(6) notice on a non-party, the Parties will confer in good faith and reasonably attempt to serve the notice(s) on the same date and, in any event, no more than one day apart.

49. FRCP 30(b)(6) notices may call for testimony on multiple subjects, and the responding Party or non-party may designate one or more different witnesses as to each subject matter. For those FRCP 30(b)(6) depositions for which the responding Party has designated multiple witnesses, the noticing Party may elect to have a different attorney examine each designated witness.

50. No Party shall serve a FRCP 30(b)(6) notice later than August 7, 2026. Written responses and objections to FRCP 30(b)(6) notices shall be due 21 days after service.

51. The Party or non-party shall identify the corporate representative(s) for a FRCP 30(b)(6) deposition, and the topic(s) on which each representative will testify, no later than 2 weeks before the date of the deposition.

52. FRCP 30(b)(6) deposition testimony shall be limited to 21 hours total per Party or non-party (regardless of the number of corporate designees for the Party or non-party), absent agreement by the Parties or a showing of good cause to the Court.

53. For any deponents testifying pursuant to FRCP 30(b)(1) and 30(b)(6), the Parties will endeavor in good faith to schedule the corporate representative and individual portions of those depositions on the same day or on consecutive business days when reasonably practicable (or on non-consecutive business days if that is the deponent's preference).

54. The Parties agree that time spent on a witness's FRCP 30(b)(6) testimony does not count towards the hours of on-the-record FRCP 30(b)(1) testimony for that witness, and, likewise, time spent on an individual's FRCP 30(b)(1) testimony does not count towards the hours of on-the-record FRCP 30(b)(6) testimony.

## VI. EXHIBITS AND DOCUMENTS

55. For in-person depositions, deposing counsel shall make reasonable efforts to provide one physical copy of each exhibit entered or document used at a deposition to (a) the witness, (b) counsel defending the witness, (c) the court reporter, (d) other noticing counsel, if any, and (e) each non-noticing Party present, immediately before its use unless the exhibit's or document's characteristics or other circumstances make presenting a physical copy unreasonable.

56. In-person examining counsel shall also make available electronic copies of exhibits entered or documents used, including Party and non-party counsel attending the deposition either in person or remotely.

57. Except as otherwise addressed in this order, the Remote Deposition Protocol shall govern the use of exhibits at depositions proceeding by remote means. *See* Remote Deposition Protocol § VI.

Dated: March 6, 2026                              Respectfully Submitted,

*/s/ Jason S. Hartley*

| | |
|---|---|
| Jason S. Hartley | Richard M. Paul III |
| **HARTLEY LLP** | Mary Jane Fait |
| 101 W. Broadway, Suite 820 | Laura C. Fellows |
| San Diego, California 92101 | David W. Bodenheimer |
| Telephone: (619) 400-5822 | **PAUL LLP** |
| hartley@hartleyllp.com | 600 Broadway, Suite 600 |
| lindner@hartleyllp.com | Kansas City, Missouri 64105 |
| | Telephone: (816) 984-8100 |
| Joseph R. Saveri | Rick@PaulLLP.com |
| Cadio Zirpoli | MaryJane@PaulLLP.com |
| David H. Seidel | Laura@PaulLLP.com |
| T. Brent Jordan | David@PaulLLP.com |
| **JOSEPH SAVERI LAW FIRM, LLP** | |
| 601 California Street, Suite 1505 | Christopher J. Hydal |
| San Fransico, California 94108 | **JOSEPH SAVERI LAW FIRM, LLP** |
| Telephone: (415) 500-6800 | 40 Worth Street, Suite 602 |
| jsaveri@saverilawfirm.com | New York, New York 10013 |
| czirpoli@saverilawfirm.com | Telephone: (646) 527-7310 |
| dseidel@saverilawfirm.com | chydal@saverilawfirm.com |
| tbjordan@saverilawfirm.com | |

*Interim Co-Lead Counsel for Cardholder Plaintiffs and the Cardholder Plaintiff Class*


*/s/ Daniel McCuaig*

| | |
|---|---|
| Daniel McCuaig | Daniel P. Weick |
| Brent W. Johnson | **HAUSFELD LLP** |
| Benjamin D. Brown | 33 Whitehall Street 14th Floor |
| Zachary Krowitz | New York, NY 10004 |
| Alex Bodaken | Tel: (646) 357-1100 |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | Fax: (212) 202-4322 |
| | dweick@hausfeld.com |
| 1100 New York Ave. NW ● Eighth Floor | |
| Washington, DC 20005 | Jane Shin |
| (202) 408-4600 | **HAUSFELD LLP** |
| dmccuaig@cohenmilstein.com | 1200 17th Street, NW Suite 600 |
| bjohnson@cohenmilstein.com | Washington, DC 20036 |
| bbrown@cohenmilstein.com | Tel: (202) 540-7200 |
| zkrowitz@cohenmilstein.com | Fax: (202) 540-7201 |
| abodaken@cohenmilstein.com | jshin@hausfeld.com |

16

Manuel J. Dominguez
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Blvd. ● Suite 200 Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com

Christopher J Cormier
Matt Strauser
Ian Baize
**BURNS CHAREST LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
(202) 577-3977
ccormier@burnscharest.com
mstrauser@burnscharest.com
ibaize@burnscharest.com

Matthew Tripolitsiotis
**BURNS CHAREST LLP**
757 Third Avenue, 20th Floor
New York, NY 10017
(469) 895-5269
mtripolitsiotis@burnscharest.com

Brian Danitz
Adam J. Zapala
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577
40 Worth Street, Suite 602
New York, NY 10013
T: (212) 381-6373
F: (917) 398-7753
bdanitz@cpmlegal.com
azapala@cpmlegal.com

*Interim Co-Lead and Executive Committee Counsel for Merchant Plaintiffs and the Merchant Plaintiff Class*

*/s/ Christopher Jackson*

Craig Conrath
Christopher Jackson
Bennett J. Matelson
Erin Murdock-Park
Michele Trichler
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 894-4266
Facsimile: (202) 514-7308
Craig.Conrath@usdoj.gov
Christopher.Jackson5@usdoj.gov
Bennett.Matelson@usdoj.gov

Erin.Murdock-Park@usdoj.gov
Michele.Trichler@usdoj.gov

*Counsel for Plaintiff, the United States*


/s/ Margaret A. Rogers

Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-6711
Margaret.Rogers@arnoldporter.com

Anne P. Davis
Jonathan Ian Gleklen
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com

Beth Wilkinson
Brian Stekloff
Kieran Gostin
Roxana Guidero
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

Jeremy Barber
Anthony P. Ferrara
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24

New York, NY 10036
(212) 294 8910
jbarber@wilkinsonstekloff.com
aferrara@ wilkinsonstekloff.com

*Counsel for Defendant Visa, Inc.*