**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

$\qquad\qquad$ *Plaintiff,*

$\qquad$ v.

VISA INC.,

$\qquad\qquad$ *Defendant.*

Case No. 1:24-cv-07214-JGK-SLC

**STATUS REPORT**

Pursuant to the Status Report submitted with the Court on March 13, 2026, (ECF No. 134), the parties provide the following status report on their negotiations regarding the data to be produced by Visa in discovery and appropriate deadlines for production. The parties previously provided joint status reports on the data negotiations on August 13, 2025 (ECF No. 105), September 9, 2025 (ECF No. 112), September 26, 2025 (ECF No. 114), January 16, 2026 (ECF No. 120), February 11, 2026 (ECF No. 126), and March 13, 2026 (ECF No. 134).

In prior status reports, the parties reported to the Court that they had concluded their discussions and come to agreement as to the scope and timing of productions related to Visa's debit network data underlying Visa's Global Business Intelligence ("GBI") tool (ECF No. 120), after Visa produced sample reports the data requested by Plaintiff (ECF No. 114). The parties agreed to a schedule for the production of such data, which was endorsed by the Court in the Joint Amended Scheduling and Case Management Order dated January 23, 2026 ("CMO"). (ECF No. 123 ¶ 8).

1

US 256231873

Last week, the parties informed the Court that Visa was encountering technical difficulties with respect to the collection of clearing and settlement data affecting Visa's ability to produce it. (ECF No 134). The Parties continue to work together to resolve these issues and Visa is investigating the extent to which those technical difficulties may affect the collection of other types of data (i.e., Fraud, Authorization, and Active Cards reports).  Under the CMO, those data are due by May 29, 2026.  As the Parties have not yet reached resolution, they have included their respective positions below.

To further the goal of efficiently and expeditiously resolving these data collection issues, the Parties will continue to confer and intend to update the Court by April 10, 2026. If necessary, one or both parties will seek relief from the Court.

**<u>United States' Position</u>**

Last week, Visa informed the United States that it would be unable to meet the Court-ordered March 27, 2026 deadline to produce the remaining agreed-upon Clearing & Settlement (C&S) reports due to data validation issues. Visa has proposed an alternative source for some of the agreed-upon C&S data, relying on data maintained by external data consultants. Visa's proposal does not address all the agreed-upon fields, and the parties are continuing to discuss solutions.

Earlier this week, the parties and their technical data personnel met and conferred about the production of C&S data. (*See* ECF No. 134 at 6). The United States is pleased that Visa finally consented to having both parties include technical personnel on a meet and confer call. This call was productive. On the call, the United States learned for the first time that Visa's external data consultants have maintained a database for over fifteen years that contains much of the C&S data sought by the United States in this litigation. Visa represented that it has relied on

2

its external data consultants and used this external database for a variety of litigation and regulatory purposes over the years. After the call and other meet and confers, the United States now better understands Visa's proposed solution to the data validation issues.

Following the data meet and confer, the Parties agreed that Visa will produce the C&S data maintained by its external data consultants (consistent with the data sampled provided by Visa on March 17, 2026 minus one field) by April 9, unless otherwise agreed by the parties. This production will not include over a dozen remaining agreed-upon C&S data fields which were included in the C&S data that Visa employees have already pulled. While the United States has identified two missing agreed-upon fields it is particularly concerned about to Visa, the United States is evaluating, and has asked for Visa to investigate solutions for all the missing fields.

The Parties are continuing to discuss solutions for the remaining agreed-upon C&S fields that are not maintained by Visa's external data consultants. As an initial step, the United States requested that Visa produce the C&S-Acquirer data. Visa has already pulled both C&S-Issuer and C&S-Acquirer reports, and most of the remaining agreed-upon C&S data fields are included in the Acquirer reports. Moreover, the United States understands that the data validation issues predominately occur in the C&S Issuer data and are more pronounced for data farther back in time. To the extent that the C&S Acquirer reports are incomplete, the United States can perform its own validation of the data using the C&S reports Visa produces from its external data consultants.

The United States is working with Visa to resolve the remaining issues related to C&S data. The parties are working together to understand whether other reports produced from GBI (i.e., Fraud, Authorization, and Active Cards reports) will have similar validation issues. The United States has sent Visa questions about its proposed solution. The United States is also

3

awaiting necessary assurances as to the quality of Visa's proposed solution and seeks to understand how Visa's proposed solution, drawing from an external database, relates to data that Visa may use or rely on in this case. The United States is hopeful that, if Visa provides the sought-for responses as well as produces the C&S data maintained by its external data consultants and C&S-Acquirer reports it has already pulled, the parties can resolve the outstanding issues related to the C&S reports.

**Visa's Position**

Visa continues to work diligently to collect and produce an extraordinary volume of historical transactional data in response to the government's broad data requests and generate bespoke data reports for DOJ that Visa does not generate in the ordinary course of business. As explained previously, Visa recently encountered a technical issue with its collection of older, historical clearing and settlement data that unfortunately prevents Visa from meeting the original disclosure schedule.

Visa is working cooperatively toward a solution. Visa has produced data samples, schema, and lookup tables to facilitate consideration of a proposed solution. Visa also made its external data consultant available to answer technical questions earlier this week. As Visa explained to the government and private plaintiffs, Visa's data consultant possess a narrower, external-to-Visa, static copy of much, but not all, of the clearing and settlement data underlying the reports that Visa was working to provide in the litigation. When Visa encountered technical difficulties, only then was it necessary to consider using the consultant's copy of a portion of the data as an alternative solution. Visa promptly discussed that solution with the government.

Yesterday, Plaintiff identified two fields that it is concerned about not receiving from the consultant's copy of the data and is continuing to consider the other absent fields. Visa is

4

US 256231873

investigating whether there are alternative options to provide those two fields. Visa is also considering Plaintiff's recent request that Visa produce the clearing and settlement acquirer/merchant data that were collected but are incomplete.  And Visa is working on responding to new questions from Plaintiff received last night.

In the meantime, Visa's data consultant is already starting to pull the data to resolve this issue. Visa will make best efforts to produce these data by April 9, which is only nine business days after the CMO deadline for the production of clearing and settlement data.

Dated: March 20, 2026

Respectfully submitted,

By:  /s/ *Michele Trichler*
Michele Trichler
Craig Conrath
Erin Murdock-Park
Bennett J. Matelson
Lauren Riker
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Telephone: (202) 394-5211
Facsimile: (202) 514-7308
Michele.Trichler@usdoj.gov
Craig.Conrath@usdoj.gov
Erin.Murdock-Park@usdoj.gov
Bennett.Matelson@usdoj.gov
Lauren.Riker@usdoj.gov

*Counsel for Plaintiff, the United States*

By:  /s/ *Margaret A. Rogers*
Margaret A. Rogers
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 836-7830
margaret.rogers@arnoldporter.com

Anne P. Davis (*admitted pro hac vice*)
Jonathan Ian Gleklen (*admitted pro hac vice*)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-6197
Facsimile: (202) 942-5999
anne.davis@arnoldporter.com
jonathan.gleklen@arnoldporter.com

Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Kieran Gostin (SBN NY 4847653)
Roxana Guidero (admitted *pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com

5

US 256231873

bstekloff@ wilkinsonstekloff.com
kgostin@ wilkinsonstekloff.com
rguidero@ wilkinsonstekloff.com

Jeremy Barber (SBN NY 5344304)
Anthony P. Ferrara (SBN NY 5656905)
WILKINSON STEKLOFF LLP
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910
jbarber@wilkinsonstekloff.com
aferrara@wilkinsonstekloff.com

*Counsel for Defendant Visa Inc.*

6

US 256231873