# Arnold & Porter

**Robert J. Katerberg**
+1 202.942.6289 Direct
Robert.Katerberg@arnoldporter.com

March 25, 2026

**VIA ECF**

The Honorable John G. Koeltl, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *United States v. Visa Inc.*, No. 1:24-cv-7214 (S.D.N.Y)

Dear Judge Koeltl:

Pursuant to Rule III.B of Your Honor's Individual Practices and Local Civil Rule 37.2, we request a pre-motion conference to address a discovery dispute concerning Visa's document requests to the United States. Visa seeks documents related to pay.gov, an online platform run by the U.S. Department of Treasury ("Treasury") that enables payments to federal agencies using debit cards and a range of substitute forms of payment. The United States claims that Rule 34 discovery is an inappropriate means to seek discovery from Treasury and that Visa must instead proceed through the burdensome regulatory process for obtaining Rule 45 discovery from a federal agency. But Treasury is part of the United States, participates directly in the commerce underlying the government's claim against Visa, and therefore must respond to party discovery. The parties have conferred and have been unable to resolve this dispute. Visa seeks a pre-motion conference before seeking an order compelling the United States to produce relevant documents from Treasury under Rule 34.

Visa's Second Set of Requests for Production seeks, among other things, documents relating to the acceptance and treatment of debit among various payment methods on pay.gov, a payment platform maintained by the United States. Pay.gov is a "program of the U.S. Department of the Treasury, Bureau of the Fiscal Service" and enables individuals to make online payments to the government using a variety of payment methods, including debit. *See, e.g.,* https://www.pay.gov/public/about-us/pay-gov ("Pay.gov is a website where you can . . . pay a bill to a United States government agency. Making a payment on Pay.gov is like purchasing something online[.]"). Pay.gov is a direct participant in the alleged debit markets at issue in this case because it accepts debit and other substitutable forms of payment. The United States's decision to accept debit, preferences with respect to debit routing, and acceptance of other payment substitutes is directly relevant to many issues in this case, including market definition and debit competition issues.

The United States objects that each request is "improperly propounded to Plaintiff under Rule 34 of the Federal Rules of Civil Procedure because it seeks the production of documents or materials not subject to party discovery in this government enforcement

# Arnold&Porter

March 25, 2026
Page 2

action."  Plaintiff's Resp. and Obj. to Visa's Second Set of Req. for Prod.  The United States incorrectly argues that Visa must serve a Rule 45 subpoena on Treasury and comply with *Touhy* regulations.[1]  In this civil antitrust case brought by the United States, Visa is entitled to relevant party discovery from United States's agencies involved in the very commerce at issue.  Party discovery from plaintiff is not limited to the Department of Justice's own file.

The government's position is undermined by the seminal case on this topic, *United States v. AT&T*, 461 F. Supp. 1314, 1330–37 (D.D.C. 1978).  In *AT&T*, the United States sued AT&T under Section 4 of the Sherman Act for alleged Section 2 violations, the same provision under which the United States has sued Visa.  AT&T sought to discover information from numerous agencies beyond the Department of Justice, ranging from the General Services Administration to the Central Intelligence Agency to Treasury.  After the United States objected that "only [the Department of Justice] is a party" and therefore "discovery from other government agencies and departments must proceed under the more restrictive provisions of Rule 45"—the exact position it again asserts—AT&T sought a ruling that "the plaintiff in this case is the government of the United States of America including all of the departments, agencies, bureaus, and other subdivisions thereof[.]"  461 F. Supp. at 1330.

The Court agreed with AT&T and rejected the government's position, explaining that "[c]ivil enforcement proceedings pursuant to section 4 of the Sherman Act have traditionally been so instituted" because the "breadth and significance" of the antitrust laws make them "a means for protecting the economic interests of the citizens of this country . . . on a national scale."  *Id.* at 1333.  "In the vindication of broad economic policy, it simply makes no sense to hold that the Department of Justice, which essentially is a law office, alone comprises the United States."  *Id.*  Thus, "it hardly seems reasonable to insulate the entire government, other than the Attorney General's Office, from the direct discovery process of Rule 34."  *Id.* at 1334.  Where government agencies' records bear on the issues in the case due to those agencies' participation in the relevant line of commerce, as is the case here, "fairness to [the defendant] requires" that it have access to such records "as unencumbered as the Federal Rules will allow."  *Id.*[2]

---

[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  Treasury's cumbersome *Touhy* regulations require a party seeking discovery to submit a detailed affidavit to Treasury's counsel.  31 C.F.R. § 1.11(d).  However, Treasury's *Touhy* regulations, by their own terms, only apply "in court cases in which the United States or the Department is not a party."  *Id.* § 1.11(d)(3)(i).  Because the United States is a party, Treasury's *Touhy* regulations are inapplicable.

[2] The court excluded from its ruling so-called independent agencies not "directly a part of the Executive Branch" (e.g. the United States Postal Service).  *Id.*

# Arnold&Porter

March 25, 2026
Page 3

Under *AT&T*, Treasury is subject to party discovery under Rule 34. As in *AT&T*, the United States (not the Department of Justice, which serves as counsel *representing* the United States) brings claims under Section 4 of the Sherman Act, alleging that Visa violated Section 2 of the Sherman Act, and seeks relief with national scope. It would strain credulity to suggest that Treasury is not part of the United States. Nor is Treasury an independent agency. And just as the agencies in *AT&T* were users of that defendant's services there, Treasury's pay.gov system accepts debit and pay-by-bank payment methods and is therefore a direct participant in the alleged relevant markets.

The United States's position here cannot be reconciled with its recent positions in other major Section 2 litigation. Specifically, in its monopolization suit against Google relating to advertising technology, the United States agreed that numerous "Federal Agency Advertisers" that purchased Google's advertising services "will be treated as parties for purposes of discovery in this action."[3] The United States cannot reasonably be permitted to decide anew with each antitrust case if federal-agency market participants will or will not be part of the United States for purposes of party discovery.

During the parties' communications, the United States sought to dismiss *AT&T* as out-of-circuit and outdated. But *AT&T* remains persuasive authority and, indeed, the government followed its holding just three years ago in *Google. See supra* n.3. The United States pointed to three criminal cases in which the defendants sought discovery under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*. Those cases do not discuss the bounds of Rule 34 discovery from the government in a civil antitrust case and are irrelevant. The United States's final argument—that *AT&T* does not apply because it involved discovery from numerous agencies, whereas here Visa seeks party discovery from only one agency—merely demonstrates the targeted nature of Visa's discovery requests and is not a basis to force them to be handled via Rule 45.

We appreciate the Court's time and attention in this matter, and stand ready to address any questions the Court may have at a pre-motion conference.

Respectfully Submitted,

*/s/ Robert J. Katerberg*
Robert J. Katerberg

Copies to all counsel of record (via ECF)

---

[3] Joint Proposed Discovery Plan, ECF No. 87, ¶ 6A, *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va. Mar. 28, 2023); Rule 16(B) Scheduling Order, ECF No. 94, ⁋ 5 (Mar. 31, 2023) (adopting the United States' position).