

**U.S. Department of Justice**

Antitrust Division

---

Honorable John G. Koeltl                                                                March 30, 2026
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

        Re:    *United States of America v. Visa Inc.*, Case No. 1:24-cv-07214-JGK

Dear Judge Koeltl:

        The United States respectfully submits this response to Visa's March 25, 2026 letter regarding the discovery that it seeks from the Department of the Treasury ("Treasury") (ECF No. 136). The Court scheduled a status hearing, (ECF No. 138), and the United States submits this letter to assist the Court in advance of that conference.

        Visa's arguments to the Court rest on misstatements of both the governing law and the United States' position. Rule 34 of the Federal Rules of Civil Procedure does not require the United States to collect and produce documents from an uninvolved federal agency, nor does it provide a mechanism for Visa to sidestep Treasury's *Touhy* regulations governing the disclosure of its documents in litigation. *See* 31 C.F.R. § 1.11; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).[1] Visa's attempt to compel expansive discovery on Treasury should be rejected.

        Visa contends that the Department of Justice is improperly refusing to produce discovery from Treasury. That is incorrect. The Department of Justice has not refused discovery; it has explained that any discovery from Treasury must proceed through Rule 45, not Rule 34. Visa's position would require the Department of Justice to search for and produce documents from an agency that played no investigative or litigative role in the development or prosecution of this case, instead unnecessarily treating Treasury as a party.[2]

---

[1] Visa cites to one provision of Treasury's *Touhy* regulations, 31 C.F.R. § 1.11(d)(3)(i), to support its assertion that *none* of Treasury's *Touhy* regulations apply in cases where the United States is a party. But Treasury's *Touhy* regulations contain requirements beyond the affidavit requirement described in section 1.11(d)(3)(i) that apply regardless of whether the United States is a party. *See* 31 C.F.R. §§ 1.11(a)–(c), (d)(1)–(2), (d)(3)(ii)–(iii), (d)(4), (e)–(g).

[2] The Department of Justice provided Visa with information regarding the structure and operation of Pay.gov, including two Treasury contracts that explain the agency's fiscal and financial agent relationships with the Federal Reserve and commercial banking partners. As that information reflects, core aspects of Pay.gov's processing and operations are carried out by those entities, not Treasury.

Visa's position fails as a matter of law. Courts addressing government enforcement actions have routinely confined party discovery to materials held by the agencies directly involved in the investigation or prosecution of a case, or those engaged in a joint effort with the Department of Justice. The law is clear that party discovery is limited to materials in the possession of the prosecuting agency in a particular case, or governmental agencies jointly involved in the case, and not the "government" as a whole. Rule 34 requires a party to produce materials within its "possession, custody, or control," not to collect documents from separate agencies that are not part of the litigation effort. *See United States v. UBS Sec. LLC*, No. 18-CV-6369 (RPK) (PK), 2020 WL 7062789, at *4 (E.D.N.Y. Nov. 30, 2020) (noting courts find the "United States" as a party encompasses more agencies than the Department of Justice when those agencies "are 'engaged in a joint effort' with the [Department of Justice], or 'when the other agency is so closely aligned with the Justice Department as to be part of the prosecuting team or has contributed significantly to the investigation or prosecution of the case'" (quoting *Deane v. Dynasplint Sys., Inc.*, No. 10-cv-2085, 2015 WL 1638022, at *4 (E.D. La. Apr. 13, 2015))); *see also United States v. Xlear*, No. 21-cv-640, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022). Judge Griesa applied this principle in *United States v. Prevezon Holdings Ltd.*, No. 13-cv-6326 (S.D.N.Y. Sept. 24, 2015), holding that "[a]s to the request by Defendants that the Government produce relevant documents and information responsive to Defendants interrogatories and documents requests in its possession, custody and control, the Court directs that any agency within any branch of government *that did its investigation* must produce documents. See transcript. So ordered." *Prevezon* Minute Entry, Sept. 24, 2015 (*emphasis added*). *See also*, *Prevezon* Sept. 24, 2015 Hr'g Tr. at 37:10–13 ("[A]ny branch of the government that participated in the investigation or did its investigation must produce documents. That's the ruling, no more, no less.").[3]

Treasury does not meet that heightened standard such that party discovery should apply to it in this case. Treasury did not participate in the investigation, does not administer any relevant laws at issue, and has no role in pursuing the claims asserted here. Indeed, Treasury does not have a regulatory role with respect to debit transactions. Congress has assigned regulatory authority in this area to other agencies, including the Federal Reserve and the Federal Trade Commission. Visa's incorrect theory would effectively subject every bystander federal agency to party discovery whenever the United States brings an antitrust enforcement action, a rule courts have declined to adopt.

Visa's reliance on *United States v. American Telephone & Telegraph*, 461 F. Supp. 1314 (D.D.C. 1978), is misplaced. As the *AT&T* court itself recognized, *AT&T* was "relatively unique," involving extensive, coordinated discovery across numerous agencies under case-specific circumstances. The *AT&T* court cautioned against the broad applicability of its ruling when it emphasized the "peculiar facts" driving its approach to agency discovery. *Id.* at 1330, 1334. It did not announce a general rule that Rule 34 applies across the entire executive branch whenever the United States is a party. As well, *AT&T* is distinguishable to this case on relevance grounds. In *AT&T* the requested discovery bore directly on the government's own policies and

---

[3] A copy of the *Prevezon* hearing transcript can be found on the docket for *United States vs. UBS Securities, LLC*, No. 18-cv-6369 (E.D.N.Y.) at ECF No. 69-1. The United States will bring courtesy copies of the transcript to the status hearing on April 2, 2026.

its role as a major user of the defendant's services. *Id.* at 1334. Visa has made no comparable showing here. Pay.gov is a platform that accepts government payments and serves public functions. Pay.gov is not a commercial analog to Visa's highly profitable debit business.

Visa also suggests that the Department of Justice can point only to criminal authority to support its position. Visa is again incorrect. As set forth in the cases that the Department of Justice cited to Visa, courts in civil enforcement actions apply the same possession–custody–control limitations and the same functional inquiries into agency involvement. *See Deane*, 2015 WL 1638022, at *4; *Xlear*, 2022 WL 5246717, at *2. Likewise, the same agency discovery questions arise in the criminal discovery context. In these cases, the Second Circuit and courts in this district have consistently taken a similar approach to agency party discovery. *See, e.g.*, *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (rejecting a "monolithic view of government" that would condemn prosecutions "to a state of paralysis" due to untenable discovery burdens.); *United States v. Chalmers*, 410 F. Supp. 2d 278, 287–90 (S.D.N.Y. 2006).

Visa's reliance on a discovery order in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.), is similarly unavailing. In *Google*, the United States sought damages on behalf of certain executive branch agencies that were harmed by Google's alleged conduct. Although Google sought to treat all executive branch agencies as parties for discovery, the United States sought to treat only those agencies seeking damages as parties for discovery while treating all other agencies as *non*-parties. *Id.* at Joint Proposed Discovery Plan, ECF No. 87, ¶ 6A. The Court agreed to the United States's limited approach. Rule 16(B) Scheduling Order, ECF No. 94, ¶ 5 (Mar. 31, 2023). The resulting discovery framework in *Google* thus reflected a reasonable allocation of discovery burdens on affected executive branch agencies and not a legal determination that Rule 34 governs all inter-agency discovery whenever the United States is a plaintiff.

Accepting Visa's theory would extend party discovery to any government entity that accepts debit cards, regardless of its connection to the alleged conduct, an outcome incompatible with Rule 26's relevance and proportionality limits.

The proper mechanism for obtaining discovery from Treasury is Rule 45. The United States has consistently expressed to Visa its willingness to facilitate appropriate third-party discovery on Treasury and to work with Visa to implement its requests served under Rule 45 and subject to Rule 26's proportionality requirements. Visa's attempt to pursue expansive party discovery on an uninvolved agency should be rejected.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Erin Murdock-Park*
Erin Murdock-Park
U.S. Department of Justice
Antitrust Division

</div>

cc:    All counsel via ECF