

**U.S. Department of Justice**

Antitrust Division

---

**Via ECF**

*Visa should respond to this letter by June 24, 2026.*

*So ordered,*

Honorable John G. Koeltl                                                    June 17, 2026
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007                    *U.S.D.J.*
                                                              6/17/26

Re:   *United States of America v. Visa Inc.*, Case No. 1:24-cv-07214-JGK

Dear Judge Koeltl:

The United States respectfully submits this letter regarding Visa's refusal to produce from a multi-district litigation relevant deposition transcripts and related exhibits of potential witnesses in this case. Visa's noncompliance substantially reduces discovery efficiency by burdening non-parties and hindering the United States from reviewing materials that will help streamline depositions in this case. There is no reason that Visa cannot produce such documents: Visa has possession, custody, and control of the documents; its counsel was present at these depositions; and Visa will not be prejudiced by producing these materials. The parties have met and conferred several times on this issue and, because Visa continues to refuse to produce the transcripts and exhibits, the parties are at an impasse. The United States seeks the Court's assistance in timely obtaining these materials in advance of depositions pursuant to Federal Rule of Civil Procedure 37(a).

Fact discovery in this case will close on October 16, 2026. The parties exchanged preliminary witness lists in early February and, on February 18, 2026, the United States issued Requests for Production Nos. 95 and 96 to Visa. These requests seek deposition transcripts and related exhibits from specific party and non-party depositions taken in *In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.) ("MDL 1720"), a series of private antitrust cases alleging Visa engaged in monopolistic conduct in the debit and credit markets. The requests seek transcripts and related exhibits from individuals who are either (a) listed on a party's preliminary witness list in this case or (b) employees of non-party entities currently listed on a party's witness list in this case. *See* ECF No. 123 ¶ 8 (permitting parties to identify entities on the preliminary witness list). Visa's attorneys in MDL 1720 are the same attorneys in this case.

First, as a defendant in MDL 1720, Visa has possession, custody, and control over the MDL 1720 deposition transcripts and exhibits, and Visa and its attorneys have invaluable insight into and knowledge of the factual matters discussed in the depositions in which they participated or reviewed as part of MDL 1720. The United States' requests, which have been narrowed to address Visa's purported burden, seek materials related to entities and individuals listed on the

parties' preliminary witness lists who testified previously regarding debit markets—material that pertains to a total of only 16 individuals and entities. These targeted requests attempt to level the playing field and give both parties equal knowledge of what these potential witnesses have previously said on these relevant debit matters. Visa's production of the requested materials is neither burdensome nor disproportionate to the needs of the case.

Second, the requested materials are squarely within the discovery permitted by the Federal Rules of Civil Procedure and Visa should be compelled to produce them. Fed. R. Civ. Pro. 26(b)(1); *see, e.g., HDI Glob. Specialty SE v. NBIS Constr. & Transp. Ins. Servs., Inc.*, No. 25-cv-1334 (JMF), 2026 WL 189664, at *1 (S.D.N.Y. Jan. 23, 2026) (granting motion to compel production where "[p]ut simply, the materials and information sought are indeed relevant within the broad meaning of that term in Rule 26(b)(1)"); *see also Bloomberg v. New York City Dept. of Educ.*, No. 17-cv-3136, 2026 WL 709802 (S.D.N.Y. Mar. 13, 2026) (explaining in the protective order context that "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" are required for relief from discovery obligations). In analogous situations, courts have required parties to produce party and non-party deposition transcripts from other matters where "sufficient similarity in subject matter for deposition testimony" from the other litigation "potentially bear[s] on issues in this matter." *United States v. Abbott Labs*, No. 09-cv-4264, 2016 WL 4247429, at *5 (E.D. Pa. 2016); *see also In re: OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-314, 2026 WL 1435512 (S.D.N.Y. May 21, 2026) (compelling the defendant to produce deposition transcripts from a separate case that were relevant "on their own" and "as prior inconsistent statements"). Relevance of particular depositions from a different matter can be demonstrated based on a party listing the deponent on its witness list or noticing the witness for a deposition. *Abbott Labs*, 2016 WL 4247429, at *5.

Third, Visa will not be prejudiced by producing these materials. As in this case, MDL 1720 involves allegations that Visa is a monopolist in the United States debit markets. The United States seeks deposition transcripts and exhibits from individuals who testified in MDL 1720 regarding Visa's conduct in debit markets and who are either named individually on a party's witness list or who testified on behalf of an entity appearing on a party's witness list in this case. To the extent Visa claims burden in distinguishing between individuals who testified in MDL 1720 on directly relevant debit matters versus other unrelated matters, the United States has offered that Visa may provide all transcripts requested of a non-party and the United States will review the transcripts to determine relevance. Further, in line with *Abbott Labs*, the United States has narrowed Requests for Production 95 and 96 to seek only depositions of persons identified on, or affiliated with an entity identified on, either party's preliminary witness list or noticed for a deposition in this case.

Although the United States has narrowed its requests to respond to Visa' objections, Visa has refused to produce these relevant MDL 1720 deposition transcripts and exhibits. Visa does not contend that these debit-focused transcripts are irrelevant to this case; does not claim that it lacks possession, custody, or control of the materials; and does not dispute that its attorneys have specific information that could only have been obtained from participating in the depositions or reading the transcripts and exhibits. Instead, Visa claims that complying with the document requests is unduly burdensome because it would need to provide notice to non-parties in this litigation, pursuant to the protective orders in MDL 1720. Visa's burden objection is selective;

2

Visa has already produced materials from the MDL 1720 in this litigation (and plans to produce more) and has already notified many of the implicated non-parties of these productions pursuant to the protective order. Visa also asserts that the overlap of its attorneys is minimal and that its attorneys lack "encyclopedic knowledge" of the MDL 1720 transcripts. This argument also misses the point. Several of Visa's attorneys have appeared in both cases, attended depositions in both cases, and have access to relevant facts and sworn statements that have not been produced to the United States.

Rather than comply with its obligations under the Rules, Visa attempts to shift its limited discovery burden to non-parties and the United States by asserting that the United States should negotiate separately with each non-party to obtain the relevant transcripts either by agreement or subpoena and, only if the non-party refuses to produce the materials, will Visa then *consider* producing them. Considering the narrow scope of the United States' requests, Visa's incremental burden to provide notice to other parties and non-parties in MDL 1720 is minimal. Conversely, requiring the United States to impose the burden of production on non-parties to secure materials Visa has ready access to unduly burdens both the United States and, importantly, those non-parties. Where documents are obtainable directly from a party, it is "preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Cerco Bridge Loans 6 LLC v. Schenker*, No. 23-cv-11093, 2024 WL 4165128, at *2 (S.D.N.Y. July 16, 2024) (alteration in original) (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020)).

For all the reasons provided above, Visa's burden arguments are unfounded. The United States seeks less than 100 transcripts and associated exhibits from depositions in cases in which Visa is a defendant and which relate directly to the matters in this case. The materials pertain to 16 individuals and entities listed on a party's preliminary witness list and are in Visa's possession, custody, and control. Visa has a mechanism to produce the documents and has previously provided notice to non-parties of other, similar productions.[1] Visa's purported burden of production, which it has not articulated beyond the time spent noticing the non-parties, is insufficient justification to avoid production of clearly relevant, discrete materials.

Importantly, it would prejudice the United States if Visa were permitted to refuse production of the prior sworn statements of these individuals related to the same subject matter as this case and that are already in Visa's hands. Not only does this impact the United States' ability to prepare efficiently for depositions, but it also prevents the United States from determining to what degree a witness is testifying inconsistently—something Visa will know.

Accordingly, the United States respectfully requests that the Court order Visa to produce the deposition transcripts and exhibits responsive to the United States' Requests for Production 95 and 96, as already narrowed by the United States.

> Respectfully submitted,
> */s/ Erin Murdock-Park*
> Erin Murdock-Park
> U.S. Department of Justice, Antitrust Division

---

[1] *See, e.g.*, MDL 1720, No. 05-md-1720 (E.D.N.Y.), ECF No. 293 ¶ 23 (setting forth notification process).