# Arnold & Porter

**Margaret A. Rogers**
+1 212.836.7830 Direct
margaret.rogers@arnoldporter.com

June 24, 2026

**<u>VIA ECF</u>**

The Honorable John G. Koeltl, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *United States v. Visa Inc.*, No. 1:24-cv-7214 (S.D.N.Y)

Dear Judge Koeltl:

Visa submits this response to the Government's June 17, 2026 letter (Dkt. No. 167) regarding their demand that Visa take on the burden of negotiating with more than a dozen non-parties in an effort to produce nearly 100 non-party, likely irrelevant, deposition materials from MDL 1720. The Government's request is inefficient and overreaching, and should be rejected.

As the Government is well aware, the deposition transcripts and exhibits at issue are designated as Highly Confidential under the protective order in MDL 1720. *See* Dkt. No. 1312-1, Case 1:05-md-1720-JG-JO. As such, Visa is precluded from producing them without first providing notice and obtaining consent from the designating parties. Nonetheless, Visa has agreed to provide notice for a subset of MDL 1720 depositions reasonably calculated to be relevant to the issues in this litigation because they are cited in certain portions of MDL 1720 expert reports related to debit issues. But the Government seeks the production of *all* deposition materials from MDL 1720 for any witness employed by a non-party company listed on the preliminary witness list in this case, even though the deposition is unlikely to contain information relevant to this case; and the Government wants Visa to negotiate on its behalf with non-parties who object. *See* Letter at 1.

In a final effort to reach a compromise, Visa offered to provide notice concerning the additional at-issue depositions and, if consent is provided, to produce the deposition materials. But if a non-party objects, the Government would engage with the non-party. The Government refused that compromise. They insist that Visa negotiate relevance concerns on the Government's behalf. It makes little sense for Visa to take on this burden. Indeed, if a non-party were to object on the basis of relevance, Visa would likely agree with that objection.

Until now, both Visa and the Government have engaged separately and directly with non-parties to obtain production of potentially relevant discovery from other litigations, including documents and depositions. And, at the Government's request, numerous non-parties have already directly produced relevant (or withheld irrelevant) deposition materials from other payments litigation. Having negotiated this discovery already from some non-parties, nothing prevents the Government from doing the same with the non-parties whose information is at issue in this dispute. In fact, the Government is already engaging with those non-parties to obtain document discovery.

**Arnold&Porter**

June 24, 2026
Page 2

But if the Government insists on seeking all deposition materials from those non-parties, they can and should engage directly with those non-parties who provided the testimony and exhibits, are familiar with their relevance or irrelevance, and hold the confidentiality interests at stake.

The Court should instruct the Government to engage directly with the non-parties as to the at-issue depositions, as the Government is doing for all other discovery it wants from those entities.

1. **Visa and non-parties are producing depositions from MDL 1720 that are potentially relevant to debit issues against Visa**

MDL 1720 is a sprawling litigation dating back to 2005 that is much broader than the present case, involving defendants and theories of liability not present here. Much of the discovery in that case revolved around theories of conspiracy between issuing banks affecting Visa's and Mastercard's network rules and interchange rates, none of which is at issue in this case.

While there are areas of overlap between MDL 1720 and this case related to debit theories, the government is already getting deposition testimony from MDL 1720 reasonably expected to relate to overlapping issues. For example, numerous non-parties including competing debit networks like Mastercard, Discover, Pulse, and Star, as well as merchants and processors, have already produced MDL 1720 deposition materials deemed to be relevant to the debit issues in this case. Visa also agreed to produce additional deposition transcripts from MDL 1720 that were cited in portions of expert reports from MDL 1720 discussing debit issues.

Unsatisfied, the Government now seeks to burden Visa with going through the arduous process of working with non-parties to produce nearly 100 *additional* confidential non-party depositions that are *not* cited in these MDL 1720 expert reports concerning debit issues that overlap with this case or that are otherwise produced by non-parties.

The Government's statement that the at-issue deponents "testified in MDL 1720 *regarding Visa's conduct in debit markets,*" (Letter at 2, emphasis added), is unsupported. Visa has explained to the Government that the bulk of MDL 1720 depositions in fact focused on non-debit conduct, conduct of other defendants, and issuer-conspiracy theories that are irrelevant here. Undeterred, the Government claims it is entitled to deposition transcripts of any person who was employed by any non-party company if that company is identified on the witness lists in this case. But inclusion of a non-party on the preliminary witness list does not make relevant all testimony from all individuals employed by that company.

The primary case cited by the Government, *United States v. Abbott Laboratories*, 2016 WL 4247429, at *5 (E.D. Pa. 2016), does not support the relief it seeks. There, the court emphasized that "it is incumbent on the party moving for production to show that the information sought could bear on some matter at issue in its case." *Id.* The *Abbott* court went on to analyze that question individually for each at-issue witness and found this standard met only for *one* of 13 non-party witnesses. *Id.* at *6; *see also In re OpenAI, Inc., Copyright Infringement Litig.*, 2026 WL 1435512,

**Arnold & Porter**

June 24, 2026
Page 3

at *2 (S.D.N.Y. May 21, 2026) (ordering production of just *four* deposition transcripts known to contain prior inconsistent statements).  Here, as noted, Visa and non-parties have already agreed to produce depositions from MDL 1720 that are likely to be relevant, and the Government has not yet articulated the potential relevance of the remaining depositions it seeks.

### 2.  Injecting Visa into Government-non-party negotiations creates needless burden

The Government's speculation that additional depositions possibly contain relevant testimony does not provide a sufficient basis for the burdens the Government seeks to impose on Visa.  The Government wants this Court to order Visa to take on the onus of negotiating with non-parties about the production of nearly a hundred deposition transcripts that Visa is not seeking.

These non-parties are major market participants who have demonstrated that they will wish to rigorously safeguard their confidential business information, especially where it is not relevant.  This is perhaps best reflected by the fact that it took three months to negotiate an amended protective order to address these non-parties' confidentiality concerns.  *See* Dkt No. 215, 1:24-cv-7435.  If the Government really believes that relevance can be demonstrated to non-parties (or, if unsuccessful, to the Court) simply based on a common employer, the less burdensome process for all involved is for the Government to talk directly to the non-parties about these materials—just as the Government is doing for all other discovery it seeks from those entities.  The Government has successfully done so with numerous non-parties to date—some of which produced all of their MDL 1720 deposition transcripts, others limited productions to certain witnesses, and others redacted deposition materials.  The Government does not explain why that approach is not more efficient and less burdensome than injecting Visa into what is inherently a Government dialogue.

### 3.  These depositions do not create an uneven playing field

The Government's suggestion that Visa should be forced to produce irrelevant depositions because its "attorneys in MDL 1720 are the same attorneys in this case" and have "invaluable insight into and knowledge of the factual matters discussed in the depositions" is not well taken for numerous reasons.  First, the MDL 1720 protective order prohibits Visa not only from producing these materials without notice, but also prevents Visa counsel from even reviewing the materials for purposes of this litigation.  *See* MDL 1720 Protective Order at III.12 and VI.24.  Second, the vast bulk of discovery in MDL 1720 related to credit cards, network rules, and an alleged inter-bank conspiracy.  Third, Visa's lead trial counsel here, Wilkinson Stekloff, was not counsel in MDL 1720 and does not have access to the MDL 1720 depositions.  Moreover, Arnold & Porter's counsel are generally not familiar with the details of testimony taken up to a decade ago of non-Visa witnesses and, even to the extent they might have some recollection, they would be precluded from sharing that recollection with Wilkinson Stekloff attorneys or using it for any purpose unrelated to the MDL 1720 litigation.  There is thus no real risk of an "(un)level playing field" if Visa does not produce these depositions.

We thank the Court for its attention and stand ready to address any questions.

# Arnold&Porter

June 24, 2026
Page 4

Respectfully submitted,

By:  /s/ *Margaret A. Rogers*
Margaret A. Rogers

# Arnold&Porter