2001 M Street NW, 10th Floor
Washington, DC 20036

WILKINSON STEKLOFF

WWW.WILKINSONSTEKLOFF.COM

A LIMITED LIABILITY PARTNERSHIP

August 17, 2026

**VIA ECF**
The Honorable John G. Koeltl
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 14A
New York, NY 10007-1312

**Re: *United States v. Visa*, Case No. 1:24-cv-07214-JGK-SLC**
***In re: Visa Debit Card Antitrust Litigation*, No. 1:24-cv-07435-JGK-SLC**

Dear Judge Koeltl:

All parties agree: There is good cause for an extension to allow the parties to complete depositions. The question before the Court is which of the parties' proposed schedules will most efficiently move the case forward. For the reasons explained in Visa's letter motion, Visa's phased approach best serves that objective. In fact, the Government's and Private Plaintiffs' responses further support why Visa's proposed phasing is warranted. Visa writes briefly to correct several points from the plaintiffs' responses.

*First*, the Government's proposal to move the deadline for *all* discovery to December 11, 2026, is simply not realistic. Tellingly, the Government does not offer a plan for completing all outstanding depositions by December 11—it simply tries to pin the blame on Visa. As demonstrated below, the Government's finger-pointing is baseless. And in any event, no one disputes that there are upwards of 150 depositions sought to be taken.[1] A December 11 deadline for discovery would give the parties just 116 calendar days from the date of this filing, including weekends and holidays, to complete all discovery. A proposal that requires the parties to conduct *more than one deposition every single calendar day* (and roughly 9 depositions each week) simply sets the parties up for failure.

*Second*, Visa has no interest in dragging the Court into the parties' scheduling discussions. But the Government twists itself into knots with its complaints about Visa. On the Government's telling: (1) Visa's production of more than 5.7 million documents is not sufficient, and the Government must be permitted to continue serving new document requests until depositions are completed; but (2) Visa's ongoing productions (which are overwhelmingly related to privilege

[1] In fact, Private Plaintiffs suggest there will be even more depositions, although they have never identified which or how many additional non-parties they apparently intend to depose. *See* Pls.' Resp., ECF No. 257, at 1. This emphasizes why Visa's phased approach is necessary. Numerous late-breaking non-party depositions will only serve to further threaten the case schedule by making it even harder to schedule party depositions.

review and contracts caught up in the mandatory counterparty notice process) are prejudicing the Government, because Visa made certain witnesses available for depositions in August at the Government's request; *and* (3) Visa did not make *enough* witnesses available in August, and this "dilatory behavior" is the reason depositions will not be completed by October 16. None of this is correct.

From the outset, Visa warned the Government that its document requests (along with the Private Plaintiffs') were extremely broad and burdensome given the aggressive case schedule in this matter. Visa has nevertheless worked in good faith, expeditiously, and efficiently to meet its production deadlines, and it reached substantial completion on June 30, 2026. Visa made clear to the plaintiffs on that date (and several times since) that productions—particularly those related to privilege review and contract notice—would continue for at least two months. Despite Visa's warnings, the Government requested to proceed with depositions while that work continued. The time needed to complete these workstreams is a direct result of the massive scope of the plaintiffs' document requests and the contract-heavy nature of this industry. Visa is already utilizing a team of over 150 attorneys along with advanced technology assisted review (TAR) to complete this work as quickly and efficiently as possible. And the Government's complaints about substantial compliance ring hollow, given its failure to substantially complete its own document productions (it only very recently committed to do so by the end of August, without any commitment on the timing of its privilege log and related final productions). As of this morning, the Government has produced less than 12,000 documents. If anything, the Government's concerns related to the timing of Visa's productions underscore why Visa's phased proposal makes the most sense—there is a high likelihood of further delays if the plaintiffs are permitted to continue their parade of new document requests on Visa when all parties need to be focused on completing party depositions.

*Third*, the Government's proposed restrictions on Visa's ability to schedule depositions of its own witnesses will only create problems, not fix them.[2] Scheduling depositions (not to mention preps) for dozens of busy witnesses, including Visa's senior-most executives, during a highly compressed discovery period is a complicated process. This is particularly true when the same attorneys are simultaneously conducting scores of non-party depositions all across the country, and many of the same witnesses are also preparing for a September trial in another case. But contrary to the Government's insistence, the solution to these complexities is not to further constrain an already-difficult process; it is to increase the time available for scheduling. To be clear, there has been no "gamesmanship" on Visa's part. Visa has already scheduled nearly all of the Government's original batch of 23 Visa witnesses to be deposed before the current deadline on October 16, reserving only a handful of its most-senior executives to be quickly scheduled once

[2] As an initial matter, the Government mischaracterizes the Deposition Protocol Order—it does *not* suggest that depositions must be set within two weeks of a party raising them, or that anything longer than two weeks is "unreasonable delay." It simply states that deposition *notices* must be served *at least* two weeks before the deposition, absent agreement of the parties. ECF No. 165 ¶ 7. The Order separately requires the parties to "use their best efforts to make witnesses available for deposition at a *mutually* agreeable time and location (if in-person) and without unreasonable delay," which Visa has done. *Id.* ¶ 34 (emphasis added).

this motion is resolved. Collecting availability from more than 20 (now nearly 50) current and former Visa employees, plus the defending attorneys and in-house counsel, and piecing together a deposition schedule cannot be done instantaneously. The Government seeks to exploit these complexities by asking the Court to allow the Government to unilaterally decide when Visa's witnesses must be available. This turns ordinary principles of civil litigation on its head and is ripe for abuse. For example, nothing would prevent the Government from demanding a host of Visa depositions within the same two-week time frame, leaving Visa unable to appropriately prepare and defend its witnesses.

Similarly, the Government asks the Court to revise the terms of the parties' previous agreement related to Rule 30(b)(6) witnesses. As the Government is aware, Visa agreed to offer dates for Rule 30(b)(1) witnesses who may also testify in a 30(b)(6) capacity, even before seeing the plaintiffs' 30(b)(6) topics on August 7, based on the Government's proposal that if such a witness was later designated to cover a 30(b)(6) topic, the parties could reschedule the deposition to accommodate the 30(b)(6) testimony. The Government now asks the Court to inject a contingency Visa never agreed to: that Visa must swap in a *different* Visa witness for the same date. But busy executives do not have interchangeable schedules such that a new witness could always be slotted in, and such a requirement would prejudice Visa's ability (and obligation) to adequately prepare its 30(b)(6) witnesses to speak on behalf of the company. That said, Visa will continue to work diligently to spread out the depositions of Visa witnesses across the remaining discovery period.

*Finally*, allowing depositions of the named Private Plaintiffs to continue after the close of discovery in the Government Action does not prejudice any plaintiff. Notably, the Government does not identify any reason to believe the Private Plaintiff depositions will impact its ability to meet its expert report deadline. Meanwhile, Private Plaintiffs misunderstand Visa's proposal—Visa does not suggest that the named Plaintiff depositions would not *begin* until after December 18. To the contrary, Visa has already reached out to Plaintiffs regarding scheduling these depositions. It is only the *end date* that would be staggered under Visa's proposal. There are at least 70 named merchant and cardholder plaintiffs; Visa has no intention of conducting all of these depositions between December 18 and January 22.

For these reasons, and the reasons in Visa's letter motion, Visa asks that the Court adopt the phased approach to completing discovery reflected in Visa's Proposed Revised Scheduling Order. Alternatively, if the Court prefers a unified fact discovery deadline across these Coordinated Actions, Visa asks the Court to extend the fact discovery deadline to January 22, 2027, to give the parties sufficient time to complete depositions in the Coordinated Actions.[3]

[3] Additionally, Visa has no objection to revising deadlines to accommodate Private Plaintiffs' concerns about the holidays. If the Court prefers, the Parties could submit a stipulated schedule for the remaining case deadlines that accounts for holidays once the Court determines an end date for discovery in the Private Actions.

Respectfully submitted,

*/s/ Kieran Gostin*

Kieran Gostin (SBN NY 4847653)
Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted *pro hac vice*)
Alysha Bohanon (admitted *pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
kgostin@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
abohanon@wilkinsonstekloff.com

Jeremy S. Barber (SBN NY 5344304)
WILKINSON STEKLOFF LLP
130 W 42nd Street, Floor 24
New York, NY 10036
Tel. (212) 294-8910
Fac. (202) 847-4005
jbarber@wilkinsonstekloff.com

Margaret A. Rogers (SBN NY 4647087)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel. (212) 836-8000
margaret.rogers@arnoldporter.com

Anne P. Davis (admitted *pro hac vice*)
Robert Katerberg (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Tel. (202) 942-5000
anne.davis@arnoldporter.com
robert.katerberg@arnoldporter.com

*Counsel for Defendant Visa Inc.*